Submitted by Counsel:

*Ulysses T. Ware*

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed



**PRIORITY**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 9 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**TWT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ULYSSES THOMAS WARE,<br>    PETITIONER,<br><br><br>    VS.<br><br><br>WARDEN DARLEEN DREW,<br>BUREAU OF PRISONS,<br>ATLANTA PRISON CAMP.<br>    RESPONDENTS. | :<br>:<br>:<br>:<br>:  CASE #: 12-CV-<br>:  **1:12-CV-4397**<br>:<br>:<br>:<br>:<br>: |

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

**CLAIMS IN SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS**

I

12/13/2012

SUBMITTED BY COUNSEL:

ULYSSES THOMAS WARE
REG. NO. 56218-019
ATLANTA PRISON CAMP
P.O. BOX 150160
ATLANTA, GA 30315
11/30/2012 07:34:39 A.M. PRINTED.


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ULYSSES THOMAS WARE,<br>PETITIONER,<br><br>VS.<br><br>WARDEN DARLEEN DREW (APC), AND THE<br>UNITED STATES OF AMERICA.<br>RESPONDENTS. | :<br>:<br>: CASE#: **1:12-CV-4397**<br>:<br>:<br>: **CLAIMS IN SUPPORT OF PETITION**<br>:<br>:<br>:<br>:<br>: |

**EMERGENCY PETITION FOR IMMEDIATE RELEASE (28 USC§2241)**
ACTUAL AND FACTUAL INNOCENCE, AND A MISCARRIAGE OF JUSTICE.

**I.**

**RELIEF REQUESTED**

The Petitioner is petitioning the Court pursuant to 28 USC §2241 to immediately

issue a writ of habeas corpus, because the Petitioner is presently suffering

irreparable harm, and will continue to suffer irreparable harm, until released from

custody of the Bureau of Prisons and all charges are dismissed.

As a matter of law the Petitioner is factually and actually innocent of all

counterfeit charges in the indictment (Dkt. #1: 11/17/2004) filed in U.S. v. Ware,

04-Cr-1224 (RWS)(SDNY), ("1224"), (the "Indictment"), and in U.S. v. Ware, 05-Cr-

1115 (WHP)(SDNY), ("1115").

**OPENING STATEMENT**

(1)

The bogus 1224 Indictment is fraudulent, and was fabricated by former U.S. Attorney David Kelly and District Judge Leonard B. Sand, and their proxies, surrogates, and alter-egos as a means to extort the Petitioner and the defendants in 02-CV-2219 (LBS)(SDNY), ("2219"), i.e., Group Management Corp., ("GPMT"), of (1) +$75 million in free-trading securities, and (2) +$500 million in market capitalization.

### CLAIM #1

Kelly and Sand falsified and fabricated the bogus 1224 Indictment in an execrable fraud on a federal grand jury, and committed the RICO Predicate Offenses (18 USC §§2, 241, 242, 371, 891-94, 1341, 1343, 1346, 1503, 1621-23, 1951, 1961-64, and 15 USC §§ 77d, 77e, 77x, 78j(b), 78o(a), and 78ff, and Rule 10b-5), (the "Racketeering Predicate Crimes"), to criminally violate the Petitioner's (GPMT's securities counsel) civil rights (18 USC §§241, 242).

### CLAIM #2

The fabricated and fraudulent 1224 Indictment did not charge an indictable offense against the laws of the United States: It is not an offense for the Petitioner (a securities lawyer) to not issue fraudulent and bogus Rule 144(k) (2003) legal opinions to 15 USC §77b(a)(11) judicially admitted (see 2219 complaint at ¶¶10-21) statutory underwriters of GPMT's securities. See Berckeley Investment Group, Ltd. v. Colkitt, 455 F.3d 195, 220 (3d Cir. 2006)(Section 2(a)(11) statutory underwriter must register all distribution pursuant to Section 5 of the 1933 Act).

B.  The 11/17/2004 Fraudulent 1224 Indictment.

### CLAIM #3

Sand and Kelly had the Petitioner fraudulently indicted on 11/17/2004 because the Petitioner refused to violate SEC national policy (SEC Release 33-7190 and SEC IR 5121), and federal law (15 USC §§77d, 77e, 77x, and 78j(b), 78ff, and Rule 10b-5) and allow Sand, Kelly, and the 2219 plaintiffs to extort his client (GPMT) of its free-trading securities (valued at +$75 million), i.e., Sand, Kelly, and the 2219

(2)

plaintiffs all insidiously violated the Hobbs Act. Cf. 18 USC §§2, 371, 1951; see also U.S. v. Sekhar, 683 F.3d 436 (2d Cir. 2012) (a lawyer has the intangible property right to "render sound legal advice" to his client "free of outside pressure."). (emphasis added).

## CLAIM #4

As a matter of law, according to Second Circuit binding authority, the Petitioner had an "intangible property right" to "render sound legal advice" to GPMT, advising GPMT to not violate SEC national policy and federal law and issue fraudulent and bogus Rule 144(k) (2003) legal opinions to the 2219 plaintiffs, judicially admitted 15 USC §77b(a)(11) statutory underwriters of GPMT's securities.

Therefore, the bogus 1224 indictment failed to charge an indictable offense against the laws of the United States; and the Petitioner is actually and factually innocent of the bogus charges in the 1224 Indictment.

## II.

## CLAIM #5

A.  18 USC §3231 Prohibited the 1224 District Court from Entry of Judgment.

As a matter of law, because the bogus 1224 Indictment failed to charge an indictable offense against the laws of the United States, the 1224 District Court, (Sweet, J.), lacked all Article III subject matter jurisdiction to receive any evidence in 1224; (2) lacked all subject matter jurisdiction to enter any judgment of conviction, and (3) lacked all subject matter jurisdiction and authority to enter any sentence of the Petitioner in 1224. Steel Co v. Citizen for a Better Environment, 523 U.S. 83, 94 (1995) (Scalia, J.).

## CLAIM #6

B.  28 USC §547(1) Prohibited the U.S. Attorney (SDNY) from seeking an Indictment in 1224.

Lacking an offense against the laws of the United States, the U.S. Attorney (SDNY), David Kelly, Michael J. Garcia, and Preet Bharara, all lacked lawful

(3)

authority to seek an indictment in 1224; (2) all lacked, and current lack all <u>lawful</u> authority to present any purported evidence, or make any argument in support of 1224, or in opposition to this Petition; (3) all lacked any authority to file an appeal brief in <u>U.S. v. Ware</u>, 09-0851-Cr, and 11-2151-Cr; and (4) the United States currently lacks all Article III standing and lawful authority to file <u>any</u> response in opposition to this Petition, else the United States' representative (the U.S. Attorney (NDGA)) obstructs justice, i.e., violates the Omnibus Clause of 18 USC §1503 (a corrupt endeavor to impede, delay, or obstruct the due administration of justice regarding a <u>pending</u> judicial proceeding).

CLAIM #7

C.   12/20/2007 (Dkt. #90:2219) Rule 41(a)(2) Terminated the 1224 Proceedings.

On 12/18/2007 a 2219 plaintiff (Alpha Capital, AG) moved the 2219 district court -- pursuant to Rule 41(a)(2) of the Fed. R. Civ. Proc. -- to dismiss the <u>entire</u> 2219 action without prejudice.

As a mattter of law, on 12/20/2007 (Dkt. #90:2219), District Judge Leonard B. Sand entered a final order dismissing the <u>entire</u> 2219 action without prejudice; and (2) granted the 2219 plaintiffs' implicit request to <u>annul and void</u> all orders and judgments in 2219: orders and judgments which were the factual basis for the bogus 1224 indictment, and the Rule 11 sanction imposed in 03-0831 (D. NV).

Accordingly, as a matter of law, on 12/20/2007, the 2219 District Court <u>annulled</u> and <u>voided</u> the 1224 Indictment, and annulled and voided the bogus and counterfeit conviction and sentence in 1224.

Therefore, as a matter of law the Petitioner is <u>factually</u> and <u>actually</u> innocent of all charges in the bogus 1224 Indictment; and this Court is required to <u>immediately</u> grant the requested relief. <u>Steel Co.</u>, supra.

CLAIM #8

D.   After 12/20/2007 an Article III <u>Case</u> or <u>Controversy</u> Did not Exist in 2219 or

(4)

12/13/2012

1224.

As a matter of law on 12/20/2007 (see Dkt. #90:2219) upon entry of the Rule 41(a)(2) order of dismissal of the entire 2219 action, an Article III case or controversy ceased to exist, even if a case or controversy had previously existed in 2219.

Accordingly, currently lacking an Article III live case or controversy in 2219 as of 12/20/2007, the bogus 1224 Indictment became moot on 12/20/2007, annulling and voiding all charges in the 1224 Indictment as a matter of law. Steel Co., 523 U.S. at 94 (courts lack authority to render judgment in moot case ... judgment is "advisory" lacking all vitality and effect).

Therefore, as a matter of law, District Judge Sweet lacked all authority and subject matter jurisdiction to enter any judgments of conviction and sentence in 1224 on 01/26/2009.

Thus, the bogus and fabricated judgment of conviction and sentence entered in 1224 were ultra vires, and are null and void as a matter of law, requiring this Court to immediately grant the requested relief.

## CLAIM #9

E. Edward T. M. Garland, Esq. Assisted the Prosecution during 1224 and Violated the Petitioner's Sixth Amendment Rights.

The Petitioner retained Edward T. M. Garland, Esq. (an officer of the court) to represent his interests in 1224 and U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115").

Garland, Manny Arora, Don Samuel, and David Levitt, ("GSL"), assisted the prosecution during the 1224 proceedings, and violated the Petitioner's Sixth Amendment rights to the effective assistance of counsel.

GSL violated the Petitioner's Sixth Amendment rights by not engaging in an adversarial posture against the USAO (SDNY), and laboring under an actual undisclosed conflict of interest during the 1224 and 1115 proceedings.

(5)

Garland attempted to extort the Petitioner of $1.0 million in attorneys fees -- claiming that he "could guarantee an acquittal ... [and] ... you had to pay to play up there in New York ...." (a violation of the Hobbs Act: 18 USC §1951).

GSL violated the Sixth Amendment, by which the Petitioner was prejudiced by (1) refusing to file any adverse motions, (2) refused to file any motions to dismiss the bogus 1224 Indictment which did not charge an indictable offense, or (3) to prepare for trial (as demanded by the Petitioner), and to file an motions to obtain any Brady, Giglio, or Rule 16 discovery evidence during the 1224 proceedings.

Garland and GSL's conduct execrably violated the Hobbs Act and Omnibus Clause of 18 USC §1503, and insidiously violated the Petitioner's Sixth Amendment right to the "effective assistance of counsel" as guaranteed by the United States Constitution.

Once the petitioner refused to pay Garland and GSL the $1.0 million demanded extortion, Garland laid down and completely abandoned the Petitioner, forcing the Petitioner to proceed to trial in 1224 as pro se counsel.

## CLAIM #10

F.  The Government violated the Petitioner's Due Process Clause Rights by the use at Trial of Immunized Kastigar evidence introduced through the Testimony of Former SEC lawyer Jeffrey B. Norris Who Was Terminated by his supervisor (Rose Romero) on 08/28/2009 for mental illness (AD/HD) related conditions.

On 04/29/2005 in Las Vegas, NV (during the 03-0831 proceedings) former SEC lawyer Jeffrey B. Norris, ("Norris") immunized the Petitioner pursuant to 18 USC §§6002-04; and under the pain of immediate arrest, demanded that the Petitioner waive his Fourth, Fifth, and Sixth Amendment rights.

On 04/29/2005 and thereafter, the Petitioner supplied Norris with all requested evidence regarding the 2219 proceedings, the 1224 proceedings, and the 1115 proceedings. (the "Immunized Evidence").

(6)

Norris assured the Petitioner that the Kastigar information provided to the SEC pursuant to the immunity agreement would not be used, or any information or evidence derived therefrom be used against the Petitioner in any criminal proceedings.

During the 04/29/2005 immunity session, Norris informed the Petitioner as follows: " ... Judge Sand said that you cost them a lot of money by not issuing those legal opinions ... and that you had to be insane to think they were going to let a **NIGGER** keep all that stock [$+75 million in value] ... I want you to pay me $500.00 per month [extortion] while this case is on appeal ... if you pay me I can keep Judge Sand from arresting you again ... if you don't pay me Judge Sand is going to have you indicted for securities fraud and you won't get out of jail this time." (emphasis added).

### CLAIM #11

G.   The Government collluded and conspired with the SEC, Norris, and District Judge Sweet, and violated the Petitioner's Due Process Clause Rights by the use of the 04/29/2005 Immunized Evidence in obtaining the 09/20/2005 arrest warrants in 05-MAG-1630 (SDNY), in procuring the indictment in 1115, and at trial and on the appeal of 1115.

FBI special Agent, ("SA") David Makol procured the bogus 09/20/2005 arrest warrants in 05-MAG-1630 (SDNY), ("1630") by using the Immunized Evidence obtained from Norris. Cf. Makol's 09/20/2005 perjured affidavit.

In his affidavit, Makol swore that he had talked to an SEC official who participated in the 0831 proceedings; and Norris in his 10/05/2005 (Dkt. #83) Declaration at ¶4 swore that he communicated with SA Makol and passed all information in his file to the FBI and the USAO, including the Immunized Kastigar evidence.

### CLAIM #12

H.   The SEC and USAO Bribed District Judge William H. Pauley, III for the Entry of Dkt. #35 on 01/08/2007 to Violate the Petitioner's Sixth Amendment Right of

(7)

12/13/2012

Case 1:12-cv-04397-TWT   Document 1-1   Filed 12/19/12   Page 9 of 34

P. 8

Confrontation, and Right to Present a Complete Defense in 1115 and 1224. Cf. Dkt. #84 in 1115 for details of the bribery.

During the pendency of 1115 and 1224, former SEC lawyer Spencer C. Barasch, Esq. (an alum of Duke University), the same as District Judge Pauley and magistrate judge Andrew J. Peck (cf. 1630 arrest warrants), paid a financial bribe to Judge Pauley's alma-mater (Duke School of Law) via Barasch's law firm (Andrews & Kruth, LLP which was used as a conduit to commit mail and wire fraud).

The bribe was paid to Judge Pauley (to cover up the fact that both Norris and Barasch were under investigation by the SEC for misconduct) for the entry of the 01/08/2007 Order (Dkt. #35), (the "Barasch Bribe Order").

The Barasch Bribe Order was entered by District Judge Pauley to violate the Petitioner's Fifth and Sixth Amendment rights (a violation of 18 USC §241, 242) by preventing the Petitioner any access to the SEC witnesses (Barasch, Webster, Martin, Norris, Hannan, and District Judge Kent J. Dawson) who possessed both Brady (exculpatory) and Giglio (impeachment) evidence which would have acquitted the Petitioner in 1115 and 1224.

### CLAIM #13

I.   Michael J. Garcia, Alexander H. Southwell, Steven D. Feldman, and District Judge Pauley Knowingly and Intentionally Permitted Government Witness Jeremy Jones to Commit Perjury at Trial in 1115.

Government witness Jeremy Jones knowingly and intentionally committed perjury in 1115, which was suborned by the USAO's agents,i.e., a deliberate deception on the jury in violation of both Napue and Mooney. Cf. 18 USC §§1621-23.

Jones testified that he pled guilty to securities fraud becuase he was in fact guilty of securities fraud and conspiracy to commit securities fraud; when in fact, as a matter of law, Jones could not be guilt of either securities fraud or conspiracy to commit securities fraud.

(8)

Jones could not be guilty of securities fraud because the SEC (Norris) pled the United States out of court by pleading in the 0831 complaint at ¶¶30, 31, and 33, (the "SEC Judicial Admissions"), the INZS press releases were not material as a matter of law.

Because as a matter of law, Jones could not be guilty of securities fraud, Jones could not be guilt of conspiring to commit securities fraud: an offense as a matter of law he could not be guilty of.

The USAO agents had access to the SEC's 0831 complaint and knew that the SEC pled the United States out of court on 07/14/2003 (cf., Dkt. #1:0831 at ¶¶30, 31, and 33); which is res judicata and collateral estoppel in all subsequent proceedings between the Petitioner and the United States, including this Petition.

Therefore, as a matter of law, neither Jones nor the Petitioner could be guilty of either securities fraud or conspiracy to commit securities fraud.

### CLAIMS #14

J.    On 10/12/2007 District Judge William H. Pauley, III Acquitted the Petitioner of all Charges in 1115 for Insufficient Evidence.

On 10/12/2007, District Judge Pauley during the purported sentencing hearing in 1115, (cf. Dkt. #99:1115), "resolved" (ruled) the Government's trial proof to be insufficient "concerning among other things the efficiency of the market" and decided to hold a "Fatico [evidentiary] Hearing". (Dkt. #99: S. Tr. 31 L 18-25), (the "Fatico Decision").

The Fatico Decision was a resolution, in the Petitioner's favor, on factual elements of the Government's burden of proof (jury issues not within the purview of the District), i.e., materiality, market efficiency, etc., and was "functionally equivalent to an acquittal" on all charges in the 1115 Indictment.

Therefore, as a matter of law, the Petitioner is actually and factually innocent of all charges in the 1115 indictment, and entitled to the requested relief.

(9)

## CLAIM #15

K.   On 10/26/2007 District Judge Pauley ruled as a matter of law (cf. Dkt. #99, S. Tr. 73-76), that the Government's trial proof was insufficient on market efficiency, and refused to award the Government any restitution in 1115. (the "Insufficiency Ruling").

The Insufficiency Ruling on 10/26/2007 in the Petitioner's favor, constituted an acquittal of all charges in 1115, as a matter of law, i.e., the Government's trial proof was insufficient "concerning other things market efficiency" and materiality, necessary factual elements of the Government trial burden to be proved beyond a reasonable doubt to the trial jury, and not the trial judge.

## CLAIM #16

L.   10/16/2007 (S. Tr. 77, 79); Rule 48(a) Acquitted Both Jeremy Jones and the Petitioner, as a matter of law, of all Charges in 1115.

On 10/26/2007 at 4:00 P.M. former AUSA Steven D. Feldman moved the 1115 District Court pursuant to Fed. R. Crim. Proc. 48(a), after jeopardy had attached to both Jeremy Jones and the Petitioner, to dismiss the 1115 indictment with prejudice. S. Tr. 77.

Five (5) minutes later at 4:05 P.M. District Judge Pauley (S. Tr. 79) granted the Government's Rule 48(a) motion to dismiss the indictment with prejudice, after jeopardy had attached to both Jones and the petitioner, i.e., the Executive Branch exercised an unreviewable and nonjusticiable Article II, §3 prosecutorial political decision and terminated 1115, which terminated all courts' subject matter jurisdiction over any and all issues in regard to 1115, including this Court on this Petition.

Accordingly, as a matter of law, the Petitioner is actually and factually innocent of all charges in 1115, and this Court is required to grant the requested relief.

(10)

## CLAIM #17

M.   Government Appeal at Dkt. #103 in 1115 Terminated on 11/07/2008.

AUSA Steven D. Feldman filed the Government's appeal of the 1115 District Court's adverse Insufficiency Ruling on 12/17/2007 at Dkt. #103.  See Rule 28.1

However, on 11/07/2008 the Executive Branch pursuant to federal law (28 USC §516, and 18 USC 3742(b)), and federal regulations (28 CFR §0.20 (a, b)), via the Office of the Solicitor General, (the "OSG"), issued its Art. II, §3 unreviewable and nonjusticable prosecutorial mandate to the United States Court of Appeals for the Second Circuit (Kearse, Sack, and Hall) in the United States' response brief at P. 2(*).  Cf. Fed. R. App. Proc. 28.1(c)(2).

The OSG, via the USAO, informed the Second Circuit that the "Government filed [a Rule 28.1 cross-appeal] but [has decided that it is not in the interests of the United States, and is] not filing a cross-appeal." (the "Double Jeopardy Political Decision").

On 11/07/2008 the Executive Branch via its Art. II, §3 exclusive unreviewable authority terminated 1115 -- terminated a case or controversy regarding 1115 -- and terminated the subject matter jurisdiction of all courts regarding any and all issues in 1115, i.e., 1115 became moot, and double jeopardy, collateral estoppel, and res judicata attached.

Therefore, as a matter of law, the Second Circuit's final judgment on 08/18/2009 (Dkt. #113:1115) terminated 1115 and acquitted the Petitioner, as a matter of law; and the Petitioner is factually and actually innocent of all charges in 1115, as a matter of law. Article II, §3; Double Jeopardy Clause; and Burks v. United States, 437 U.S. 1, 11, 17-18 (1981); Steel Co, 523 U.S. at 94.

## CLAIM #18

N.   Government Brady Violation and a Fraud on the Court in 1115.

Barasch (a Duke grad) bribed District Judge Pauley (a Duke grad) in 1115 to

(11)

suppressed the Brady evidence discovered in the SEC's 0831 Las Vegas proceedings: the indisputable fact that the INZS press releases were inmaterial) as a matter of law. Cf. Dkt. #1:0831 at ¶¶30, 31, and 33, the SEC's Judicial Admissions.

District Judge Pauley accepted the Barasch bribe (paid through Duke School of Law), and entered the Barasch Bribe Order on 01/08/2007 (Dkt. #35): (1) denying the Petitioner all access to the SEC's lawyers possessing the Brady evidence; (2) violating the Petitioner's Due Process Clause rights; (3) violating the Petitioner's Sixth Amendment right to confront the SEC's 0831 lawyers; and (4) to commit a criminal violations of the Due Process Clause (18 USC §§241, 242).

## CLAIM #19

O.   SEC Lawyers, Judge Pauley, and DOJ USAO's Agents Operated an Illegal Association-In-Fact as Defined in 18 USC §1961(4), a Continuing Criminal Enterprise, (the "CCE").

Alexander H. Southwell, Michael J. Garcia, Nicholas S. Goldin, Steven D. Feldman, David Kelly, Andrew L. Fish, Katherine Polk-Failla, Preet Bharara, the SEC's Lawyers, District Judges Sand, Sweet, Pauley, Dawson, Thrash, and magistrate judges Peck, Brill, and Walker are members and participants in the CCE's operations; and committed RICO Predicate Crimes which violated the Petitioner's Fourth, Fifth, Sixth, and Eighth Amendments rights in the 1115 and 1224 proceedings.

Southwell, Garcia, and Goldin used the Norris Immunized Kastigar evidence to procure the 09/20/2005 arrest warrants in 05-MAG-1630; (2) they also used the Kastigar evidence at trial in 1115 and 1224; (3) Garcia, Fish, and Goldin supplied the Second Circuit with access to the Kastigar evidence during the appeal of 07-5222-Cr (2d Cir.); (4) Fish, Douvas, Polk-Failla, and Sarah E. Paul committed a fraud on the 09-0851-Cr panel in 08/12/2010 by filing a false appeals brief.

## CLAIM #20

P.   Bharara, Polk-Failla, Douvas, and Paul, (the "USAO Agents") Filed a False and Fraudulent Appeals brief in U.S. v. Ware, 09-0851-Cr (2d Cir.) to Commit a Fraud on the Second Circuit Court of Appeals, and the Petitioner.

(12)

On 08/12/2010 the USAO Agents filed a false and fraudulent brief in 09-0851-Cr while knowing that the Government's witness in 1224 2219 plaintiffs' lawyer, Kenneth A. Zitter, Esq., had dismissed 2219 on 12/20/2007 pursuant to Rule 41(a)(2) of the Fed. R. Civ. Proc.; which as a matter of law rendered 1224 moot.

Accordingly, the Petitioner is factually and actually innocent of all charges in the 1224 indictment.

### CLAIM #21

Q.   09-0851 Cr Panel (Katzmann, J, Hall, J., and Jones, J) Committed a Fraud on the Court, and violated 18 USC §§2, 241, 242, 371, 1341, 1343, 1346, 1503, 1951, 1956-57, and 1961-64, (the "Panel's RICO Predicate Crimes").

The Panel violated federal criminal law (the Panel's RICO Predicate Crimes) by the entry of the 11/04/2010 summary order.

The Panel knew that as a matter of law 1224 was moot as of 12/20/2007 (Dkt. #90:2219 Rule 41(a)(2) order).

### CLAIM #22

R.   The Panel Violated 28 USC §1294(1) and 28 USC §1291 in Reviewing Orders of a Bankruptcy Court Sitting in the Northern District of Georgia (GX-252, 253 in 1224).

The 09-0851-Cr Panel intentionally violated federal law, to kidnap the Petitioner, (18 USC §§1201-02), by reviewing final orders and judgments of the U.S. Bankruptcy Court sitting in the Northern District of Georgia, ("NDGA"), (cf. GX-250:GPMT's Chap. 11 on 03/2003, GPMT's Chap. 7 in 12/03/2003 (GX-252), and SSSU 12/03/2003 Chap. 7, GX-253).

The 09-0851-Cr and 11-2151-Cr panels were strictly prohibited from any review (28 USC §1294(1) and Article III in pari materia with 28 USC §1291) of any order or judgment entered in  the banktuptcy cases in the NDGA (GX-250, 251, 252, and 253), (the "NDGA Bankr. Cases").

Therefore, as a matter of law, the 09-0851-Cr and 11-2151-Cr panels both lacked all subject matter jurisdiction to review, (cf. Id. §§46, 1291, and 1294), the

(13)

Government's trial exhibits entered at trial in 1224, thus the 1224 judgment of conviction and sentence are both null and void ab initio.

Accordingly, the Petitioner is factually and actually innocent of all charges in 1224, and this Court is required to grant the requested relief.

### CLAIM #23

S.    07-5222-Cr Panel Conspired to Violate Federal Law: 28 USC §§46 and Article III of the Constitution.

The 07-5222-Cr/07-5670-Cr (XAP) (2d Cir.), (Kearse, J., Sack, J., and Hall, J.), the Panel conspired, colluded, and racketeered with the U.S. Attorneys (Garcia, Kelly, and Bharara) to commit a fraud on the public, and to criminally violate federal law.

The Panel knew that the Executive Branch on 10/26/2007 (cf. USAO's Rule 48(a) motion, Dkt. #99:1115, S. Tr. 77, 79 dismissed the 1115 indictment with prejudice, after jeopardy had attached to both Jeremy Jones and the Petitioner), terminated 1115 and an Article III case or controversy did not exist after 10/26/2007.

The 10/26/2007 Rule 48(a) Executive Branch dismissal of 1115 acquitted the Petitioner of all charges: The Petitioner is actually and factually innocent of all charges in 1115.

### CLAIM #24

T.    The Panel Violated Federal Law By Judicially Prosecuting 1115 after 10/26/2007 and 11/07/2008: The Executive Branch via Rule 48(a) dismissed 1115 on 10/26/2007.

The Panel willfully violated federal law (28 USC §516) and the Constitution (Articles II, and III) by judicially prosecuting 1115 (violated 28 USC §516 impersonating the Attorney General and the Dept. of Justice by performing executive functions), after the DOJ on 10/26/2007, via Rule 48(a), terminated 1115 with prejudice; and the OSG terminated 1115 with prejudice on 11/07/2008.

The Second Circuit Court of Appeals (an Art. III court) is not authorize to prosecute (the practice of law) actions on behalf of the DOJ, i.e., all actions in 1115 after 10/26/2007 are ultra vires, and null and void ab initio.

(14)                                                    12/13/2012

Therefore the Petitioner is actually and factually innocent of all charges in 1115. And the conviction and sentence are required to be reversed and vacated.

### CLAIM #25

U.   The Panel Willfully Violated 28 USC §454 in the Practice of Law: Judicially Prosecuted 1115 After 10/26/2007 and 11/07/2008.

The Panel willfully violated federal law (28 USC §454: a high misdemeanor subjecting the Panel members to impeachment) by judicially prosecuting 1115 after the DOJ had notified the Court on 10/26/2007 (Rule 48(a) prosecutorial political decision) and on 11/07/2008 (Art. II, §3 political decision) that there was no longer a case or controversy to adjudicate in 1115, i.e., the DOJ conceded that its trial evidence was insufficient as a matter of law.

### CLAIM #26

V.   U.S. v. Ware, 577 F.3d 442 (2d Cir. 2009) Opinion violated the mail and Wire Fraud Statutes: The Opinions contained known lies and was fraud and perjury, cf. SEC 03-0831 (D. NV) complaint (Dkt. #1 at ¶¶30, 31, and 33).

The Opinion written by Circuit Judge Kearse, Id. at 444, violated both mail and wire fraud statutes, and conspiracy statute (Id. §371) by the willful publication of false and fraudulent statements in a judicial opinion. See Id. at 445 ("pump and dump" cf. with SEC judicial admission at ¶33 0831 complt.: INZS press releases had no "effect on the price of the stock."

The Opinion further lied, Id. at 445 ("artificially inflated the price of the ... shares ....") cf. ¶33: 0831 complt. ("press releases had no effect on the price of the stock."), e.g., if the press releases did not effect the stock's price, then it was not possible the press releases "inflated" the price of the stock?

The Panel conspired and colluded to cause to be published (defamation) -- while lacking all subject matter jurisdiction -- an execrable lie, mail and wire fraud, and conspiracy to violate the Petitioner's due process rights (18 USC §§241, 242) by kidnapping the Petitioner and false imprisonment of the Petitioner.

(15)

## CLAIM #27

W.   The Panel Conspired to Falsify the Background Section (Id. at 445) of the Opinion.

The Panel colluded, conspired, and racketeered to obstruct justice and violate the Hobbs Act by the willful and deliberate publication of fraudulent statements in the Opinion regarding the effect of the INZS press releases on INZS stock's price.

The Panel violated 18 USC §§2, 201, 241, 242, 371, 891-94, 1201-02, 1341, 1343, 1346, 1503, 1512, 1621-23, 1951, 1956-57, and 1961-64, (the RICO Predicate Crimes") as part of a CCE to falsely imprison the Petitioner for refusing to extort his client GPMT of +$75 million in free-trading seucrities and +$500 million in market capitalization.

## CLAIM #28

X.   The Panel in Medically Unfit to Perform Judicial Functions.

The Panel, individually, is medically unfit to perform judicial functions, i.e., each is suffering from severe schizophrenia and paranoia; and each has displayed their mental illness in written judicial opinions. Cf. the 577 F.3d 442 (2d Cir. 2009) opinion, see also Claims ##26, 27 supra.

## CLAIM #29

Y.   Jeffrey B. Norris was Incompetent to Testify in 1224: Suffering From Mental Illness (AD/HD).

Former SEC lawyer Jeffrey B. Norris testified in 1224 on behalf of the Government and knowingly committed perjury, which the Government knowingly suborned.

The Government knew that Norris was suffering from mental illness and incompetent to testify; and also knew that Norris was under investigation by the SEC for misconduct; and also knew that Norris pled the SEC and USA out of court in 03-0831, i.e., suppressed Brady and Giglio evidence.

(16)

12/13/2012

As a result of Norris pleading the USA out of court in 03-0831 (D. NV), that proceeding became moot on 07/14/2003 (cf. Dkt. #1 at ¶¶30, 31, and 33, the SEC Judicial Admissions).

Accordingly, 0831 being moot, the 0831 district court lacked all subject matter jurisdiction to adjudicate the proceedings, and accordingly Norris' perjurious FRE 404(b) testimony is required to be stricken from the record, rendering the 1224 proceedings null and void, i.e., the Petitioner is actually and factually innocent of all charges.

## CLAIM #30

Z.  The Dept. of Justice (Preet Bharara, Eric. H. Holder, Jr., Lanni Bruer, Donald Verill, and Michael J. Garcia) Conspired and Colluded with the 09-0851-Cr and 07-5222-Cr Panels to Falsely and Fraudulently Incarcerate the Petitioner: The 1224 Indictment and the 1115 Indictment Did not Charge Offenses Against the Laws of the United States (both indictmenta are presently moot, and the Petitioner is Actually and Factually Innocent of all Charges.

Preet Bharara and Michael J. Garcia committed a fraud on a federal court by signing their names, respectively, to the Government's brief filed in 09-0851-Cr: 1224 became moot on 12/20/2007 (Dkt. #90:2219) under the Rule 41(a)(2) dismissal of the 2219 entire action without prejudice by plaintiff Alpha Capital, AG; and (2) 1115 became moot on 10/12/2007 (Dkt. #99, S. Tr. 31-40; 73-76; 77, 79 (Rule 48(a) dismissal of 1115 indictment)) upon the District Court requiring a Fatico evidentiary hearing on factual elements of the Government's trial proof ("concerning among other things efficiency of the market.") (quoting Pauley, J. at S. Tr. 31).

Bharara knew that on 11/07/2008 the OSG pursuant to 18 USC §3742(b) and 28 CFR §0.20 (b) notified the Second Circuit Court of Appeals that the Executive Branch was terminating 1115 pursuant to Art. II, §3 for insufficient trial evidence.

Which as a matter of law acquitted the Petitioner of all charges in 1115.

(17)

**CLAIM #31: A LEGAL IMPOSSIBILY TO BE GUILTY OF CHARGES IN 1115 INDICTMENT.**

AA.   The Government's use of Stock Price Chart Evidence at Trial in 1115 Violated the Substantive Rights of the Petitioner, and the Use of the Stock Price Charts Were Overly Prejudicial. Cf. U.S. v. Ferguson, 653 F.3d 61, 69, 75-76 (2d Cir. 2010)(Jacobs, C.J.)(convictions and sentences reversed and vacated).

The Government entered into evidence, via FBI analyst Maria Font, stock price chart evidence (GX-92, GX-93 series, the "Charts"), to purportedly establish the materiality of the INZS and SVSY press releases, even though the Government conceded the markets for INZS and SVSY's securities were both inefficient as a matter of law and fact. Cf. Dkt. 99, S. Tr. 73-76; 11/07/2008 Art. II, §3 decision.

However, the SEC on 07/14/2003 (cf. 03-0831 complt. at ¶¶30, 31, and 33) judicially admitted and pled in the 0831 complaint, on behalf of the real party in interest and its privies (the United States, the USAO, the OSG, the FBI, the SEC, etc.), that the INZS press releases "had no effect on the stock's [INZS's] price"; which as a **matter of law** was collateral estoppel on the United States (the USAO (SDNY), and the OSG) for the purpose of all issues relating to 1115, and all its related proceedings, i.e., the 07-5222-Cr, 07-5670-Cr (XAP) appeals.

Thus, (1) even if the United States was not barred by collateral estoppel from arguing materiality with respect to the INZS press releases, the use at trial of the Charts was reversible error, Ferguson, 653 F.3d at 69; or (2) as a matter of law the Government committed prosecutorial misconduct before the 1115 grand jury, the trial jury, the Second Circuit Court of Appeals, and the U.S. Supreme Court (cf. 10-6449, petition for writ of certiorari) (18 USC §§2, 201, 241, 242, 371, 1503, 1621-23, 1951, and 1961-64) by knowingly arguing the shares of INZS and SVSY were "artificially inflated", i.e., a **legal impossibility.**

Accordingly, the Petitioner is actually and factually innocent of all charges in 1115.

The Petitioner cannot be guilty of charges for which it is legally impossible for him to commit as a matter of law.

(18)

**CLAIM #32: 1115 JURY NOT CHARGED ON MARKET EFFICIENCY; HOBBS ACT CONSPIRACY.**

**BB.** District Judge William H. Pauley, III failed to charge the 1115 jury on the Government's trial burden of proof (market efficiency), which is now res judicata and collateral estoppel given that the OSG on 11/07/2008 (see Government's Rule 28.1(c)(2) appeal brief at P. 2(*) abandoning its appeal in 07-5670-Cr (XAP) for insufficient evidence, (the "Double Jeopardy Art. II, §3 Political Decision").

In an inefficient market (cf. 10/12/2007, 10/26/2007 1115 District Court's rulings at Dkt. 99, S. Tr. 31-36; and 73-76, respectively: "I [District Judge William H. Pauley agree with the position of Mr. Ware that the government's trial proof] "concerning among other things the efficiency of the market" was insufficient "and we should have a Fatico [evidentiary] hearing"; and therefore I hereby resolve -- in Mr. Ware's favor -- that the government's proof was insufficient, and hereby implicitly acquit Mr. Ware of all charges in the 1115 indictment as a matter of law.

It is legally impossible to obtain a conviction in this criminal case, i.e., the Government cannot prove beyond a reasonable doubt the element of materiality regarding INZS and SVSY's securities' dynamics (e.g. stock prices, and volume metrics, and conclusion based on such dynamics).

District Judge Pauley failed to charge the 1115 jury on the government's trial burden of proof (market efficiency) on 04/28/2007 (the date the Gov't rested its case in chief); accordingly the 1115 trial jury did not find the government's proof beyond a reasonable doubt, and upon discharge of the jury on 04/30/2007, double jeopardy attached, and acquitted the Petitioner of all charges.

Since 04/30/2007, upon the discharge of the 1115 trial jury, District Judge Pauley (which colluding and conspiring with the USAO, the SEC, and the judges listed below) has conducted the ultra vires 1115 proceedings lacking all subject matter jurisdiction -- lacked a live case or controversy, as well as an offense

(19)

(cf. 18 USC §547(1)) -- and has violated 28 USC §516 by prosecuting 1115 on behalf of the United States (the Executive Branch), a violation of Article II, and III of the Constitution; and has violated 28 USC §454 (the practice of law while a sitting federal judge); and has politically prosecuted the Petitioner on behalf of the Judiciary to extort the Petitioner of his intangible property right to "render sound legal advice" to his client (the 2219 defendant GPMT), "free from outside pressure" , i.e., a violation of the Hobbs Act, and a conspiracy to violate the Hobbs Act by the following persons: Judges Jacobs, Kearse, Sack, Hall, Parker, Pooler, Raggi, Katzmann, Jones, Sand, and Sweet; (2) Dawson, Johnston, (D. NV); (3) Thrash, Carnes, Evans, Shoob, Brill, Walker, (NDGA); (4) Nahimas, Carley, Hunstein, Thompson, (Supreme Court of Georgia), (the "Judges"); and David Kelly, Michael J. Garcia, Preet Bharara, and Katherine Polk-Failla, a judicial and prosecutorial illegal association-in-fact, as defined at 18 USC §1961(4), conducting a pattern of racketeering activities as defined at Id. §1964(5), (the continuing criminal enterprise), (the "CCE").

**CLAIM #33: LEGAL IMPOSSIBILITY OF 1224 INDICTMENT'S ALLEGATIONS.**
DD.  The 1224 Indictment's allegations, if performed, expressly and explicitly violated federal criminal laws (15 USC §§77x, 78ff, and 18 USC §§2, 371); and SEC national policy (SEC Release 33-7190, SEC IR 5121, and Rule 144(k)(2003)), (the "Laws").

The purported orders and judgments of the 02-CV-2219 (LBS)(SDNY), ("2219") district court, (the "2219 Orders"), expressly and explicitly ordered the criminal violation of federal law and SEC national policy, cf. the Laws, supra.

Accordingly, (1) the 2219 Orders were null and void ab initio, i.e., they lacked any "lawful" method of compliance or performance; (2) the 1224 indictment thus, failed to charge an indictable "offense" against the laws of the USA; (3) the USAO (lacking an offense) was prohibited by 28 USC §547(1) from seeking, filing (Dkt. #1, 11/17/2004), and prosecuting the fabricated 1224 indictment; (4) the 1224 district court lacking an offense was prohibited by 18 USC §3231 from accepting any purported evidence (the perjurious testimony of mentally ill former SEC lawyer

(20)

Jeffrey B. Norris, etc.) in 1224; (5) the Second Circuit's 09-0851-Cr panel (Judges Parker, Pooler, and Raggi; Katzmann, Hall, and Jones)), lacking an offense (a live case or controversy) were prohibited by 28 USC §§46 (a-d) from hearing or deciding 09-0851-Cr (the 11/04/2010 judgment is null and void); (6) the 11-2151-Cr panel of the Second Circuit lacked all authority (28 USC §§46) to deny the Petitioner bail on 03/06/2012; and (7) last but not least, Justice Ruth B. Ginsburg on 07/06/2012 in Ware v. USA, 12A13 (Supreme Court of the USA) (Rule 22 application for bail in 11-2151-Cr, 09-0851-Cr, and 1224), execrably and insidiously violated her oath of office and committed a pernicious fraud (due to an insatiable avariciousness and topological insouciance).

Justice Ginsburg committed a fraud on the People of the United States when she knowingly, willfully, deliberately, and intentionally abandoned her position as an unbiased adjudicator, and knowingly joined the CCE noted in Claim #32, supra, and continued the **kidnapping** of the Petitioner while "acting under the color of official right", a Hobbs Act conspiracy predicate RICO offense.

Justice Ginsbury knew, or should have known that the 1224 and 1115 indictments were fabricated by the U.S. Attorney (SDNY), Preet Bharara, Katherine Polk-Failla, and their proxies, surrogates, and alter-egos to extort small publicly-traded companies and their shareholders of **+\$25 billion** in ill-gotten gain derived from the largest (and most lucrative) insider-trading scam of all time. (the "Insider-Trading Ponzi Scam").

The Insider-Trading Ponzi Scam is +100X larger that the current scam alleged in U.S.A. v. Matthew Martoma, 12-CR-_____ (SDNY). Note that the alleged "largest" insider-trading scams all have had as the primary defendant a person of 'color', i.e., a non-caucasian defendant, e.g., Raj Rajaratnam, (+\$75 million), (13 years), Matthew Martoma +\$276 million), Ware (\$200 thousand),(8.1 years).

Compare the Insider-Trading Ponzi Scam noted above (+\$25 billion), run by caucasian federal judges, prosecutors, and private persons, to the USAO's 1224 and

(21)

1115 <u>fabricated</u> (legal impossibility) Vendetta Prosecutions; then it is crystal clear (statistically) the U.S. Attorney (SDNY) prosecutes **racially** motivated criminal prosecutions regard securities fraud (cf. 1115 and 1224, the "Vendetta Prosecutions" (the Petitioner), and Rajaratnam and Martoma: primary defendants all persons of 'color', i.e., insidious overt "subconscious racism and prejudice").

Therefore, given the excessive amount of the loss realized by the racketeering Judges (+$25 billion) each is facing a life sentence (see USSG §2B1.1(P).

Hence note the degree of the obstruction of justice committed by District Judge William H. Pauley, III (see the 1115 docket sheet items Dkt. ##150-211; see also (Dkt. ##178 (Judge Pauley, fearing criminal prosecution, on 08/17/2011 illegally terminated the 1115 proceedings while numerous motions were in fact "pending", cf. Dkt. #161 (Rule 6(e) motion to access the 1115 grand jury minutes)).

Judge Pauley -- knowing that he <u>currently</u> lacks all subject matter jurisdiction in 1115 did not enter a Rule 55 order on Dkt. #161:1115, to violate the Petitioner's right to appeal, and to obstruct justice (an Omnibus Clause violation of 18 USC §1503); (2) see also Dkt. #211 (09/10/2012 entry) (Judge Pauley again -- a <u>pattern</u> of RICO obstruction of justice -- terminated the proceedings while motions (Dkt. ##205, and 208) were "pending" in the Court.

Again Judge Pauley has racketeered to obstruct the "due administration of justice" of a "pending" judicial proceeding in violation of 18 USC §1503, i.e., a RICO predicate offense.

See Dkt. #213 (09/26/2012) inquiry with respect to the "pending motions" in the 1115 court; there has been no response from the Court or the Office of the District Clerk addressing the irregularities (fraud) in 1115; nor will the District Clerk certify the docket sheet, after Mr. Ware (the Petitioner) has made +5 requests and has paid the fees for certification).

Moreover, District Judge Pauley notified the District Clerk not to file the Petitioner's 10/07/2010 Rule 33 motion for a new trial for newly discovered evidence.

(22)

The Rule 33 motion contained a sworn declaration alleging that Judge Pauley accepted a bribe (which he in fact did) from former SEC lawyer Spencer C. Barasch for the entry of Dkt. #35:1115, 01/08/2007 to obstruct justice, caused Judge Pauley to panic and foolishly continue to obstruct justice.

## II.

Comparing Judge Pauley's obstruction of justice in 1115 with Chief Judge Dennis G. Jacobs (Second Circuit) conduct in regard to the 04/2012 Emergency Motion to recall the mandates in 07-5222-Cr, 07-5670-Cr (XAP), and 09-0851-Cr, 11-2151-Cr, (the "Appeals"), it is crystal clear that Judges Pauley and Jacobs both are colluding and conspiring to obstruct the adjudication of pleadings submitted to the Court, in violation of the Hobbs Act and Omnibus Clause of 18 USC §1503.

**CLAIM #34: EE 1224 DISTRICT COURT (SWEET, J.) DIRECTED A VERDICT OF GUILTY ON GOVERNMENT TRIAL BURDEN OF PROOF (the element of lawful) (TR. 889 L. 1-11) IN CRIMINAL VIOLATION OF THE DUE PROCESS CLAUSE.**

On November 20, 2007 Sweet, J. purported to charge the jury in 04-Cr-1224 (RWS)(SDNY), (18 USC §401(3), criminal contempt). District Judge Sweet knowingly, willfully, deliberately, and intentionally to commit a fraud on the jury, erroneously intentionally charged the jury in such a way as to egregiously violate the Due Process Clause of the Fifth Amendment, i.e., Sweet directed a verdict of guilty on the "lawful" element of the §401(3) statute, by which the Petitioner was prejudiced. Cf. Tr. 889 L 2-11.

District Judge Sweet knowingly and intentionally to violate the Petitioner's civil right charged that jury as follows:

> ... I instruct you that as a matter of law the order was lawful and proper in every respect and did not violate any constitutional or legal rights of the defendant or anyone else, and, therefore, the first element of the offense would be satisfied.

District Judge Sweet intentionally charged the jury in such a way to violate the due process rights of the petitioner; and to violate his oath of offense, and commit

(23)

the criminal offenses of 18 USC §241, 242; and did so to aid, abet, and directly participate in the CCE ongoing in the USAO and federal courts in New York to extort small publicly-traded companies and their shareholders of their free-trading securities.

As a matter of law the trial court was prohibited from directing a verdict of guilty on any element of the Government's factual burden of proof, and the conviction must be reversed and vacated.

CLAIM #35: FF JEREMY JONES' 09/22/2006, RULE 11 PLEA, DKT. ##20, 23, AND 24:1115, LACKED A RULE 11(b)(3) FACTUAL BASIS, AND WAS NOT KNOWINGLY AND VOLUNATARILY ENTERED (JONES DID NOT HAVE A COMPLETE UNDERSTANDING OF THE OFFENSE OF

CONSPIRACY AND SECURITIES FRAUD ELEMENTS: JONES DID NOT UNDERSTAND THAT

THE GOVERNMENT COULD NOT PROVE BEYOND A REASONABLE DOUBT THAT THE INZS STOCK "PRICE" WAS "INFLATED".

Jeremy Jones, the 1115 defendant, purported to plead guilty to the superseding indictment in 1115 on 09/22/2006 before magistrate judge Michael H. Dolinger, (the "Rule 11 Plea Proceeding").

The 1115 District Court was required to give public notice of the proposed 09/22/2006 (Dkt. #20, 23, and 24) Rule 11 proceeding by entry on the 1115 docket of a Rule 55 order announcing the date and time of the Rule 11 Plea Proceeding, and the Rule 32 sentencing proceeding, Rogers v. U.S., 422 U.S. 35, 38-39 (1975); Shields v. U.S., 273 U.S. 583, 588-89 (1927) (all defendants entitled to be present at all stages of the trial from beginning to end); Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81 (1919) (a defendant in a criminal case has the right to attend all proceedings, requiring the court to give due process notice by placing on the public docket notice of all proceedings, and individually to the defendant and his counsel).

Furthermore, the District Court was required to make the documents comprising the suppressed 09/22/2006 Rule 11 proceedings available to the public, and Mr. Ware, by entry on the public docket of a notation of the proceedings. U.S. v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988)(Rule 11 proceedings are public proceedings, requiring public notice, else the First Amendment and due process are violated); U.S. v. Alcantara, 396

(24)

F.3d 189, 192 (2d Cir. 2005) ("The [defendant, the] public and the press have a right to trust the rules and procedures we have established will be followed" in regard to judicial proceedings); Rule 43(a)(1) Fed. R. Crim. Proc.

The most recent docket sheet in 1115 dated 11/07/2012 supplied by the Office of the District Clerk (SDNY), does not contain reference of any notice having been given to Mr. Ware or the public in regard to Jones' Rule 11 plea proceedings, (2) or to Jones' Rule 32 sentencing proceedings allegedly conducted on 09/11/2008 (see Dkt. #107, 108, and 109:1115).

CLAIM #36: GG THE DISTRICT COURT AND THE PROSECUTION COLLUDED, CONSPIRED AND RACKETEERED AND VIOLATED MR. WARE'S RIGHT TO ATTEND ALL PROCEEDINGS, RECEIVE NOTICE, AND ACCESS TO ALL DOCUMENTS IN REGARD TO THE 1115 PROCEEDINGS, INCLUDING A CERTIFIED DOCKET SHEET.

Mr. Ware's fundamental due process right was egregiously violated by District Judge Pauley, magistrate judge Dolinger, Michael J. Garcia, Alexander H. Southwell, and the district clerk's office (SDNY), (the "Rule 11 Unindicted Co-conspirators") by intentionally and deliberately suppressing all notice, and access to the Rule 11 Plea Proceedings (and documents of the proceedings) -- which allegedly occurred on 09/22/2006 -- until 11/30/2012, in violation of the Constitution (Fifth and Sixth Amendments), and Rule 43(a)(1).

The Rule 11 Unindicted Co-conspirators violated Mr. Ware's due process right to physically be present at Jones Rule 11 Plea Proceeding, and Jones' Rule 32 sentencing proceeding, (the "Jones Proceedings").

The Rule 11 Unindicted Co-conspirators violated Mr. Ware's Rule 43(a)(1) right to be physically present at the Jones Proceedings by not providing due process notice of the judicial proceedings, i.e., the Rule 11 Unindicted Co-conspirators deliberately and intentionally conducted illegal secret judicial proceedings to cover up the criminal frauds being committed in the secret proceedings, which prejudiced Mr. Ware's trial rights.

(25)

The secret proceedings were directly the cause of the 1115 conviction. Cf. Kentucky v. Stincer, 482 U.S. 730, 747, 749-50, 51-54 (1987)("Though 'confrontation means more than being allowed to confront the witness physically' ... it must by implication encompass     the right of physical presence at **any** testimonial proceeding [the Rule 11 and Rule 32 proceedings].").

## II.

The Rule 11 Unindicted Coconspirator knowingly, willfully, deliberately, and intentionally violated Mr. Ware's Sixth Amendment right to confront Jones at the Rule 11 Plea Proceedings (a "testimonial in nature" proceeding), (see Id., 482 U.S. at 753), and cross-examine  Jones at the Rule 11 proceedings.

## III.

The Rule 11 Unindicted Co-conspirators violated Mr. Ware's Brady, Giglio, and Jencks Act rights by intentionally suppressing the transcript of the Rule 11 Plea Proceedings, which prejudiced Mr. Ware's confrontation of the government's trial witness in the impeachment of their perjurious testimony.

## IV.

The Rule 11 Unindicted Co-conspirators fabricated venue in the SDNY, which was not proper in the Southern District of New York, (the "SDNY"), lacking proof of any press release of INZS which was the 'cause of' any "artificial inflation" of INZS stock's price being 'transmitted into' the SDNY by Mr. Ware.

Accordingly as a matter of law (cf. SEC's 0831 complt., (Dkt. #1 at ¶33)), as a matter of law, venue was a **legal** impossibility in the SDNY; and therefore, the 1115 proceedings are null and void ab initio.

CLAIM #37 HH: SPECIAL CIRCUMSTANCES EXISTED IN 03-0831 (D. NV) AND IN 1115 ONCE FBI SA DAVID MAKOL CONTACTED THE SEC IN REGARD TO THE 0831 PROCEEDINGS, REQUIRING THE SEC AND USAO (SDNY) TO NOTIFY THE 0831 DEFENDANTS AND THE 0831 DISTRICT COURT, THE 0831 PROCEEDINGS THEN BECAME CRIMINAL PROCEEDINGS OUTSIDE THE STATUTORY SUBJECT MATTER JURISDICTION OF THE 0831 DISTRICT

12/13/2012

COURT AND THE SEC, AS A MATTER OF LAW.

Once FBI SA David Makol contacted the SEC in regard to the 0831 proceedings during the initial investigation of the 1115 proceedings -- in regard to the same alleged conduct by the 0831 defendants -- "special circumstances"(possible due process implications were present) requiring the USAO (SDNY) and the SEC to notify the 0831 District Court and the 0831 defendants that the 0831 proceedings had then become criminal proceedings, (the "Kordel Notice").

Once the 0831 District Court reviewed the USAO/SEC's Kordel (U.S. v. Kordel, 397 U.S. 1, 2-13 (1970)) Notice, as a matter of law, its subject matter jurisdiction terminated over the 0831 proceedings, mooting all prior and subsequent proceedings in 0831, i.e., the 0831 District Court and the SEC lacked statutory subject matter jurisdiction unless a 18 USC §3231 "offense" exist presented by a grand jury via indictment.

Furthermore, the SEC lacked all subject matter jurisdiction to conduct criminal investigations and proceedings in the federal courts.

Accordingly, the SEC, the USAO (SDNY), and the 0831 District Court, knowingly, willfully, deliberately, and intentionally violated the 0831 defendants' due process rights (18 USC §§241, 242) and caused defendants damages, and prejudice, requiring the 0831 proceedings to be vacated and set aside, annulling all proceedings which relied on the 0831 proceedings (the 1115 and 1224 Vendetta Prosecutions).

CLAIM #38 II: THE GOVERNMENT AND SEC KNOWINGLY AND DELIBERATELY VIOLATED MR. WARE'S DUE PROCESS CLAUSE RIGHTS BY THE KNOWING USE OF KASTIGAR IMMUNIZED EVIDENCE (04/29/2005 18 USC §§6002-04) IN THE 1115 AND 1224 VENDETTA PROSECUTIONS.

The SEC's lawyer, Jeffery B. Norris, Esq., on 04/29/2005, pursuant to 18 USC §§6002-04, immunized Mr. Ware during the 0831 proceedings, and forced Mr. Ware to waive his Fourth, Fifth, and Sixth Amendment rights under the pain of immediate arrest by District Judge Kent J. Dawson at the SEC/USAO's Show Cause Contempt Hearing. Cf. Dkt. #80:0831.

(27)

12/13/2012

Norris, on behalf of the SEC immunized Mr. Ware pursuant to 18 USC §§6002-04, and obtained from Mr. Ware evidence with respect to INZS, all phases of the 02-CV-2219 (LBS)(SDNY) proceedings, all information which the USAO used to obtain the 09/20/2005 arrest warrants (cf. 05-MAG-1630 (SDNY)), (Peck, J.); all information in the 1115 indictment; all information in the 1224 indictment, and all information regarding the 2219 proceedings. (the "Kastigar Evidence").

The USAO (SDNY) knowingly, willfully, deliberately, and intentionally used the Kastigar Evidence in 1115 (to obtain the 09/20/2005 arrest warrants for Mr. Ware; used the Kastigar Evidence at trial, sentencing, and on appeal, and in post-trial proceedings) in violation of Mr. Ware's due process right, which caused Mr. Ware prejudice and damages; and was the direct cause of the convictions in 1115 and 1224.

The use of the Kastigar Evidence by the USAO violated the Constitution's Fifth Amendment Due Process Clause, requiring the 1115 and 1224 convictions and sentences to be reversed and vacated.

On 04/29/2005 after immunizing Mr. Ware, SEC lawyer Norris (who as terminated by the SEC in 2009 for mental illness and inappropriate aggressive misconduct) made the following statement to Mr. Ware:

> " ... Judge Sand said 'that [you] had to be insane to think they were going to allow a Nigger to keep all that stock [+$75 million of GPMT's free-trading stock]' ... you are going to have to issue those legal opinions to Judge Sand's people ... else Judge Sand is going to have you indicted for securities fraud, and you will not get out of jail this time ...."
> Norris then stated: "If you pay me $500.00 per month while this case is on appeal ... I can keep Judge Sand from arresting you again ... Judge Sand is very up set with you ... he said that 'you cost his people a lot of money [+$75 million] by not issuing those [Rule 144(k)] legal opinions [to the 2219 plaintiffs, judicially admitted 15 USC §§77b(a)(11, 12) statutory underwriters and dealers, respectively]' ....", (the "Sand Statements"), (emphasis added).

> Norris then stated: "Had you not told me everything I wanted to know, Judge Dawson had already agreed [via illegal ex parte communications with the SEC and USAO

(28)

>                        (SDNY)] to [violate your civil rights and] arrest you
>                        today and hold you until you told me everything I
>                        wanted to know ... you did the right thing ...."
>                        (emphasis added).

        The Sand Statements clearly establishes the illegal criminal conduct of District

Judge Sand, the United States Attorneys (David Kelly, Michael J. Garcia, Preet Bharara,

Andrew L. Fish, Katherine Polk-Failla, and their proxies, surrogates, and alter-egos;

and the Office of the Solicitor General, (the "OSG"), District Judge Dawson, and the

SEC, to commit a criminal fraud conspiracy on the federal courts.

**CLAIM #39** JJ: THE 1115 DISTRICT COURT DID NOT CHARGE THE JURY THE GOVERNMENT HAD THE
        BURDEN OF PROOF TO PROVE BEYOND A REASONABLE DOUBT MARKET EFFICIENCY FOR
        INZS AND SVSY'S SECURITIES; AND IF NOT PROVED BY THE GOVERNMENT A
        CONVICTION IN 1115 WAS A LEGAL IMPOSSIBILITY.

>               THEREFORE, THE 1115 DISTRICT COURT'S 10/26/2007 RULING, (see DKT. #99,
>        S. Tr. at 73-76), PROHIBITED ANY CONVICTION IN 1115 AS A MATTER OF LAW,
>        i.e., A LEGAL IMPOSSIBILITY. CF. DKT. #99, S. Tr. at 73-76.

        On 04/26/2007 the Government rested its case in chief, and Mr. Ware moved the

court for a Rule 29 directed verdict of acquittal because the Government did not meet

its burden of proof with respect to all elements of the charges, i.e. (i) market

efficiency, and (ii) materiality.

        The District Court reserved judgment on Mr. Ware's Rule 29 motion.

        However, as a matter of law, the 1115 indictment did not charge an indicatable

"offense" against the laws of the United States, given that the SEC on 07/14/2003 (see

03-0831  (D. NV) complt. (Dkt. #1 at ¶33)) pled the United States out of court -- as a

matter of law -- with respect to INZS press releases, i.e., the 1115 district court was

prohibited by 18 USC §3231 from accepting any "evidence" presented by the Government in

1115: There is absolutely no legal -- as a matter of law -- evidence of Mr. Ware's

guilt regarding both 1115 and 1224, lacking an offense against the laws of the United

States. (emphasis added).

                                        (29)

As a matter of law, the Government was prohibited from alleging or arguing the materiality of INZS' press release due to the SEC's 07/14/2003 (Dkt. #1 at ¶33) judicial admission.

A conviction in 1115 with respect to INZS press release was a legal impossibility, (see 28 USC §547(1) and 18 USC §3231 lacking an "offense" not subject matter jurisdiction to prosecute or adjudicate 1115), i.e., Jones' bogus 09/22/2006 (Dkt. ##20, 23, and 24:1115) Rule 11 plea is null and void; and (2) Mr. Ware's bogus and fraudulent conviction in 1115 is also ultra vires, null and void ab initio, as a matter of law.

Both Jones and Mr. Ware are actually and factually innocent of all fabricated charges in 1115 as a matter of law. (emphasis added).

**CLAIM #40** KK: DISTRICT JUDGE WILLIAM H. PAULEY, MAGISTRATE JUDGE MICHAEL H. DOLINGER, MICHAEL J. GARCIA, AND PREET BHARARA, (the "1115" or "1224" Racketeers"), COLLUDED, CONSPIRED AND RACKETEERED TO OBSTRUCT JUSTICE, VIOLATE THE HOBBS ACT, AND RACKETEERED TO VIOLATE MR. WARE'S DUE PROCESS CLAUSE, CONFRONTATION CLAUSE, AND RULE 43 RIGHTS.

The 1115 Racketeers knowingly, willfully, deliberately, and intentionally violated Mr. Ware's Due Process Clause rights by fabricating a fraudulent indictment in both 1224 and 1115: neither indictment, as a matter of law, charged an "offense" against the laws of the United States.

Accordingly, lacking an "offense" against the laws of the United States -- as a matter of law -- a conviction in 1224 or 1115 was a legal impossibility.

The 1115 Racketeers knew that on 07/14/2003 the SEC pled the United States out of court in 03-0831 (D. NV); and therefore, the United States and its privies were collaterally estopped by the SEC's judicial admissions at Dkt. #1, ¶¶30, 31, and 33; and the same were res judicata against the United States with respect to the INZS press releases in all subsequent proceedings between the parties.

The United States and its privies (the real parties in interest) strictly were prohibited from arguing the "materiality" of the INZS press releases in any subsequent proceeding (including the 1115 trial, appeal, remand, petition for cert., Rule 33

(30)

motion, and in this §2241 proceedings); and (2) as of 11/07/2008 upon the Executive Branch's Article II, §3 double jeopardy political decision abandoning its Rule 28.1(c)(2) cross-appeal in 07-5670-Cr (XAP) of the 1115 district court's 10/26/2007 ruling, Dkt. #99, S. Tr. 73-76, (the "Inefficiency Ruling"), is res judicata, collateral estoppel, double jeopardy, and the current law of the case in 1115.

The Inefficiency Ruling is binding on the OSG, USAO, the SEC, and all privies of the United States regarding all issues in 1115.

Therefore, the United States Attorney for the Northern District of Georgia, is strictly prohibited from, (i) any argument in contradiction to the Inefficiency Ruling or (ii) the SEC's 07/14/2003 judicial admissions made in 03-0831, i.e., the USAO (NDGA) lacks all Article III standing -- presently, as a matter of law, lacks an Article III live case or controversy with respect to the 1115 and 1224 proceedings, i.e., both cases are moot as a matter of law. Cf. Federated Dept. Stores, Inc. v. Moities, 452 U.S. 394, 396-400 (1981) (res judicata is binding on the parties and their privies, and all courts, there are no exceptions). (emphasis added).

Therefore, the Petitioner is actually and factually innocent of all charges in both 1224 and 1115 as a matter of law, and this Court is required to immediately issue the Show Cause Order (28 USC §2243) to the United States to state under oath and subject to the penalty of perjury the "true cause" of the Petitioner's continued detention within three (3) days.

Else this Court is required to immediate grant the requested relief, or grant the Petitioner bail on his own personal recognizance.

## II.

The USAO (SDNY) on 08/12/2010 conceded that the 1224 indictment did not charge an offense against the laws of the United States in its fraudulent appeal brief filed in U.S. v. Ware, 09-0851-Cr (2d Cir.), signed by Preet Bharara, and Katherine Polk-Failla, and others.

(31)

Moreover, the USAO was, and is currently bound by the 2219 court's law of the case, (see Dkt. #50:2219 at P. 2-6, referencing subscription agreement ¶10.1(iv)).

The 2219 Court found the 2219 plaintiffs (as the current law of the case) to in fact be 15 USC §77b(a)(11) statutory underwriters of GPMT's securities -- and conversely a fiduciary of GPMT -- prohibited from filing the 2219 complaint.

Accordingly, the 2219 plaintiffs' judicial admissions (¶¶10-21 in 2219 complt., Dkt. #1) pled themselves out of court: admitted to being statutory underwriters of GPMT (an admission of being a fiduciary ineligible for Rule 144(k)); and (2) an admission that SEC Release 33-7190 and SEC IR 5121 prohibited, as a matter of law, the issuance of any Rule 144(k) opinions to the 2219 plaintiff -- it is not an offense against the laws of the United States to not issue fraudulent Rule 144(k) legal opinions to the 2219 plaintiffs.

Hence, the 1224 indictment did not charge an "offense" against the laws of the United States.

And 28 USC §547(1) prohibited a live case or controversy over which the USAO (SDNY) could lawfully prosecute; or (2) prohibited the 1224 district court -- pursuant to 18 USC §3231 -- from accepting any "evidence" in 1224.

Therefore, as a matter of law, lacking any lawful evidence against the Petitioner -- the Petitioner is actually and factually innocent of all charges in 1224.

Requiring this Court to immediately issue the 28 USC §2243 show cause order to the United States to state under oath subject to the penalty of perjury the "true cause" of the Petitioner's detention.

Else the Court is required to immediately grant the requested relief, or grant the Petitioner bail on his personal recognizance.

Submitted by Counsel:

Ulysses J. Ware

Ulysses Thomas Ware (56218-019)
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/12 05:31:21 P.M. printed.          (32)

Certificate of Service

I Ulysses Thomas Ware, hereby state that I have this _____ day of December, 2012 deposited into the legal mail system at the Atlanta Prison Camp, with correct class postage prepaid, one copy of the Petition for a Writ of Habeas Corpus, 28 USC §2241, and attachments, addressed to:

    The Office of the District Clerk
    U.S. District Court (NDGA)
    U.S. Courthouse
    75 Spring St.
    Atlanta, GA 30303

    Warden Darleen Drew
    U.S. Penitentiary
    601 McDonough St.
    Atlanta, GA 30315

_____
Ulysses T. Ware

\*\*\*\*\*

End of Document

Mene, Mene, Thiekel, Upharsin

(33)