Submitted by Counsel:

*Ulysses D. Ware*

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed



**PRIORITY**

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

TWT

DEC 1 9 2012

**JAMES N. HATTEN, CLERK**
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ULYSSES THOMAS WARE,<br>PETITIONER,<br><br>VS.<br><br>WARDEN DARLEEN DREW,<br>BUREAU OF PRISONS,<br>ATLANTA PRISON CAMP.<br>RESPONDENTS. | :<br>:<br>:<br>:<br>:<br>:  CASE #: 12-CV-___<br>:  **1:12-CV-4397**<br>:<br>:<br>:<br>:<br>: |

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

Appendix II to 12/12/2012 Declaration of Material Fact

# 10

12/13/2012

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

| | |
|---|---|
| Docket Number(s): _____ 11-2151-Cr _____ | Caption [use short title] |
| Motion for: Emergency Motion to Vacate | USA v. Ware |

Set forth below precise, complete statement of relief sought:
To vacate the March 2, 2012 "advisory order"

and dismiss the fraudulent indictment in

04-CR-1224 (RWS)(SDNY).

_FILED U.S. DISTRICT COURT S.D. OF N.Y. '12 MAR 13 P 12: 15_

**MOVING PARTY:** Ulysses Thomas Ware           **OPPOSING PARTY:** United States
☐ Plaintiff          ☒ Defendant
☒ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Ulysses Thomas Ware          **OPPOSING ATTORNEY:** Preet Bharara

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| Reg. No. 56218-019 | One St. Andrews Plaza |
| Atlanta Prison Camp | New York, NY 10007 |
| P.O. Box 150160 | |
| Atlanta, GA 30315 | |

Court-Judge/Agency appealed from: USDC (SDNY): U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY).

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): Emergency Motion

Opposing counsel's position on motion:
☒ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☒ No ☐ Don't Know

Is oral argument on motion requested?  ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☒ No If yes, enter date: _____

Signature of Moving Attorney:  /s/ _____  Date: 03/09/2012

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?        ☒ Yes ☐ No
Has this relief been previously sought in this Court?  ☒ Yes ☐ No
Requested return date and explanation of emergency: 03/17/2012

The 1224 indictment does not charge

an "offense" against the laws of the
United States.

Has service been effected?  ☒ Yes ☐ No [Attach proof of service]

---

## ORDER

IT IS HEREBY ORDERED THAT the motion is **GRANTED DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____          By: _____

Form T-1080

S.D.N.Y.-N.Y.C.
04-cr-1224
Sweet, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand twelve.

United States of America,

*Appellee,*

v.                                                     11-2151-cr

Thomas Ware, AKA Ulysses Thomas Ware,

*Defendant-Appellant.*

Appellant, *pro se*, moves for rehearing of an order by a Circuit Judge denying his motion for leave to appeal and has also filed a "supplement" to his motion to dismiss the indictment. Upon due consideration, it is hereby ORDERED that the motion for rehearing is DENIED. *See* Fed. R. App. P. 40(a)(2) (stating that a motion for rehearing "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended"). It is further ORDERED that, in light of this Court's denial of the Appellant's motion to dismiss the indictment prior to the filing of the Appellant's motion to "supplement" his motion to dismiss the indictment, the latter document is construed as a motion to dismiss the indictment, and it is DENIED. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002); *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (stating that a party may not relitigate issues that were previously decided, expressly or impliedly, by this Court).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



SAO-MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,   :
    PLAINTIFF,                         :
                                   :
                                   :
    VS.                            :  CASE# 03-0831-KJD-RJJ (D. NV)
                                   :
                                   :
SMALL CAP RESEARCH, INC., ULYSSES THOMAS :
WARE, ET AL.,                     :
    DEFENDANTS.                   :

### EXHIBIT #23

A certified copy of Alpha Capital, AG's 12/20/2007
Rule 41(a)(2) Voluntary Dismissal from Alpha
Captial, AG, et al. v. IVG Corp., a/k/a ("GPMT"),
et al., 02-CV-2219 (LBS)(SDNY), ("2219"), annulling
and voiding all orders entered in 2219 and 03-7973-
Cv (2d Cir), nunc pro tunc, March 2, 2002.

    Voiding all orders used in the U.S. v. Ware,
04-Cr-1224(RWS)(SDNY), ("1224") fraudulent and
bogus criminal contempt (18 USC §401(3))
prosecution by the USAO-SDNY.

    Docket #90 in 2219.

Submitted by Counsel:

_Ulysses Thomas Ware_ (signature)

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
04/03/2012 07:11:44 AM

Please docket and file in 03-0831 as evidence of the criminal fraud committed by the
SEC's (Jeffrey B. Norris) by testifying in 1224 using the 0831 proceedings as the
basis for his testimony for the purpose of FRE 404(b).

United States District Court
Southern District of New York

-------------------------------------------------x

Alpha Capital Aktiengesellschaft, Amro
International, S.A., Markham Holdings, Ltd.,
and Stonestreet Limited Partnership,

Plaintiffs,

-against-

Group Management Corp., formerly known
as IVG Corp., formerly known as Internet
Venture Group, Inc., Elorian Landers and
Becky Landers,

Defendants.

-------------------------------------------------x

Order of Dismissal
Without Prejudice

02 Civ. 2219(LBS)

Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon

request of Plaintiff Alpha Capital Aktiengesellschaft, this case is dismissed without prejudice.

Dated: New York, New York
        December  , 2007

Law Offices of Kenneth A. Zitter

By:_____
        Kenneth A. Zitter, Esq.
        Attorneys for Plaintiff
        Alpha Capital Aktiengesellschaft
        260 Madison Avenue - 18th Floor
        New York, New York 10016

U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE_____

BY_____
    ( ) Clerk
    (x) Deputy

COPIES MAILED TO ALL PARTIES.
12-18-07

5/8/2012

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,           :
    PLAINTIFF-APPELLEE,              :
                        :
                        :
    VS.                             :        Case # 11-2151-Cr
                        :
                        :
ULYSSES THOMAS WARE,                :
    DEFENDANT-APPELLANT.            :
                        :    EMERGENCY MOTION TO VACATE AND SET ASIDE.

Appellant Ware's Motion to Vacate the Court's Ultra Vires "Advisory" order and judgment dated March 2, 2012 purportedly entered "by a [single] Circuit Judge [acting without a lawful quorum in violation of 28 USC §46(d)"], and (2) acting in violation of 28 USC §1294(1) (statutory territorial subject matter jurisdiction), and (3) in violation of Article III, §2 of the Constitution (in the "absence of a live case or controversy") (quoting District Judge Robert W. Sweet in the May 18, 2011 final order (Dkt. #125:04-Cr-1224 (SDNY)). (emphasis added).

SUBMITTED BY COUNSEL:

*[signature: Ulysses D. Ware]*

ULYSSES THOMAS WARE, PRO SE
Reg. No 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
03/08/2012  08:18:42 PM

CERTIFICATE OF SERVICE
I Ulysses Thomas Ware have this 9th day of March, 2012 served a true and correct copy
of this pleading on Preet Bharara at One St. Andrews Plaza, New York, NY 10007.

via certified mail #._____7003 1680 0005 1205 8035_____

## OPENING STATEMENT

The Court's ultra vires "advisory" March 2, 2012 order in regard to Appellant's December 2011 Rule 40 petition for panel rehearing with a suggestion for rehearing en banc, was not addressed by the Court's terse insidious order -- there was no mention in the order that the entire court considered the petition, or if a vote was taken on the petition.

Furthermore, the 03-7973-CV (09/10/2004) (Order) (Dismissing Appellant's appeal) is null and void ab initio via 11 USC §362 (a) -- Group Management Corp. was under the protection of Chap. 7 of the United States bankruptcy code on September 10, 2004 in Atlanta, GA.

Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) held that a bankruptcy court's order may not be collaterally attacked in the Second Circuit Court of Appeals, in 03-7973-CV, but only within "the court of first instance", the Atlanta bankruptcy court, i.e., the Second Circuit was barred by Celotex, Id. at 313, and 28 USC §1294(1) from any review of the Atlanta, GA bankruptcy court sitting within the Eleventh Judicial Circuit.

Therefore, the September 10, 2004 Order is null and void ab initio, and for the Court to rely on the Order is clear error.

(i)

THE COURT ERRED AS A MATTER OF LAW ON THE FOLLOWING INDISPUTABLE ISSUES.

1.

The Court erred in its March 2, 2012 ultra vires "advisory" order (quoting <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94, 101 (1995) (J. Scalia) where it is indisputable that District Judge Robert W. Sweet did on May 18, 2011 at Dkt. #125 in <u>U.S. v. Ware</u>, 04-CR-1224 (RWS)(SDNY), ("1224") enter the final order attached as Ex. #1, P.2, ¶2 finding: "Due to the absence of any live <u>case or controversy</u> and lacking proper **[subject matter] jurisdiction** ... the Court ORDERS ... no further action will be taken." (emphasis added).

Accordingly, this Court lacked an Article III, §3 <u>live case or controversy</u> after May 18, 2011 prohibiting it from conducting, pursuant to 28 USC §46 (a-d) (2012), any business of a federal court of appeals: Pursuant to federal law a circuit court of appeals can only review "cases or controversies" within its <u>regional</u> territorial jurisdiction, cf. 28 USC §1294(1), i.e., the Second Circuit Court of Appeals lacks all <u>subject matter jurisdiction</u> to review the final orders entered in Group Management Corp., ("GPMT") Chapter 7 bankruptcy (government trial exhibits GX 250-253 admitted in 1224) filed in Atlanta, GA on December 3, 2003 within the Eleventh Judicial Circuit. <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 313 (1995)(Bankruptcy court orders cannot be collaterally challenged in other courts, all challenges must be had in the "court of first instance", the bankruptcy court in Atlanta, GA, then to the District Court (N.D. GA), and then to the Eleventh Circuit Court of Appeals. Id. at 313.

Moreover, this Court lacked subject matter jurisdiction to review the unappealed May 18, 2011 final order (Dkt. #125) where the United States, pursuant to Art. II, §3 waived all appeal rights in regard to the May 18, 2011 order -- a decision that this court cannot review, nor is the decision justiciable pursuant to the 'separation of powers' doctrine.

As of May 18, 2011 28 USC §46 (b, c) prevented this Court from conducting any business "giving **due consideration**" to any issues in this procceding.

(1)

2.

The Court erred in regard to sentence #1 of the bogus fraudulent ultra vires "advisory" March 2, 2012 order as follows: [A] [single] Circuit Judge den[ied] [the[ motion for leave to appeal and ... [the] motion to dismiss the indictment[]" in violation of 28 USC §46(d).

Congress passed 28 USC §46 to prohibit the same conduct which occurred in this matter -- review by less that a three judge panel of issues before the Court. Congress required that all business of a circuit court of appeal be conducted before a quorum consisting of a least two (2) judges from the circuit in which the court sits, cf. Id. at 46(d).

Lacking statutory quorum as authorized by §46(d), the actions of the court are ultra vires, and null and void ab initio.

The Court judicially admitted in the bogus March 2, 2012 order, "Appellant, pro se (emphasis in original), moves for [panel rehearing with a suggestion for rehearing en banc] of an order by a [single unknown unidentified] Circuit Judge[.]" (emphasis added).

This single unknown unidentified "Circuit Judge" who remains unknown to Mr. Ware and the public in violation of the public's and Mr. Ware' First Amendment right of access to the identity of the single "Circuit Judge" acting illegally without a statutory quorum, cf. Hartford-Courant v. Pellegrino, 380 F.3d 83, 91-96 (J. Katzmann)(The First Amendment and common law secures the public a right of access to judicial records and documents in civil and criminal proceedings -- the identity of the single "Circuit Judge" violating federal law in illegal secret proceedings).

First, the proceedings of a circuit court of appeals are held in public, therefore, the documents of the proceedings are subject to public inspection, i.e., the identity of the panel members (fearing for their personal assets and penal interest in a civil action Bivens and 18 USC §1961-64 action) are subject to the First and Sixth Amendment right of access, else a constitutional tort occurs.

(2)

The Second Circuit, conducting secret proceedings, has evolved into the abolished Star Chamber, abolished by the Long Parliament in the 1600's in England; yet still in practice in the Second Circuit to hide the illegality of its racketeering criminal enterprise activities.

In Hartford, 380 F.3d at 93, commented that the First Amendment right of access was significant enough to "support the issuance of a writ [of mandamus in the United States Supreme Court] compelling access" to the identity of the **secret "Circuit Judge"**-- to reveal this masked man or woman ("silent rogue come forth and be seen.").

Imagine if the oral arguments in proceedings before the court, the litigants did not know the identities of the judges on the panel, accordingly, whether or not the panel was properly constituted in the first instance could not be determined, i.e., whether of not a majority of the panel members were judges from the circuit in which the proceedings were being held; or whether or not there was conflict of interests between the judges and the litigants could not be determined if the identities of the judges were keep in secret.

The palpable lunacy of secret proceedings of a public court of appeals run smack into the First Amendment right of access, the common law right of access, and federal law (28 USC §46(b, c).

In enacting §46(b) Congress wrote the statute to abolish the practice which some courts of appeals had followed where some matters were reviewed by less than a three judge panel. Congress specifically outlawed this practice with §46(b), relevant parts reads as follows:

> "In each circuit [including the Second Circuit] the court may authorize the hearing and determination of **cases and controversies** by separate panels, each consisting of three judges, at least a majority [(2)] of whom shall be judges of that court" unless recusal or disqualification, or an emergency situation exist as declared by the chief judge. (emphasis added).

This court ran afoul of federal law first, by "hearing" or "determin[ing] 11-2151-Cr lacking a "case[]" or "controvers[y]"; and then by porporting to review Mr. Ware's motion for **leave and motion to dismiss** "by a [single] Circuit Judge."

Exactly how would Mr. Ware determine whether or not a conflict existed between the interests of the unidentified unknown single "Circuit Judge" without knowing the identity of the person who allegedly gave **"due consideration"** to the motion for leave?

Exactly how would Mr. Ware determine whether or not federal law was complied with (§46(b, d)) where the panel was required to consist of a majority of judges from within the Second Circuit, unless the identity of the "Circuit Judge" was disclosed?

Exactly how would Mr. Ware and the public determine whether or not the "Circuit Judge" was a member of the Second Circuit, without knowing the identity of the "Circuit Judge?"

Obviously, the completely illegal procedure concocted by the Second Circuit was done for but one reason: to frustrate Mr. Ware's and the public's ability to ensure accountability of the proceedings in 11-2151-Cr (and 1224); and to cover up the crimes committed by "Circuit Judges" Pooler, Parker, and Raggi, in denying Mr. Ware's motion to dismiss the indictment in April 2009 (that panel cited Quintieri and Ben Zvi for "law of the case" in refusing to dismiss the 1224 indictment, (the "April Panel").

The April Panel's reasoning for not dismissing the indicment "after due consideration" was that a decision in 02-CV-2219 (LBS)(SDNY), ("2219"), a civil case, bound the April Panel in 1224 (a criminal case).

Let's take a looksy and determine whether or not the April Panel's reasoning can hold water, i.e., whether or not "law of the case" in a civil case can bind a court in a criminal case?

First, it is without debate and settled law that law of the case applies to subsequent proceedings, most importantly, "in the same case." (emphasis added to "same").

Thus, the April Panel's reasoning to apply "law of the case" from a purported decision in 2219 (cf. Dkt. No. 03-7973-Cv (2d Cir.) 09/10/2004 (Order) (dismissing Appellant's appeal), e.g., see also July 21, 2009 Order 09-0851-Cr (2d Cir.), and November 13, 2009 (09-0851-Cr (2d Cir.) (order clarifying July 21, 2009 order)

(4)

breaks down, and becomes one of if not the most foolish and incomprehensible rulings ever entered by a United States court of appeals.

First, when the Second Circuit has nothing to rely on, its runs to U.S. v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) and U.S. v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) in a futile attempt, the same as in the July 21, 2009 and November 13, 2009 orders: total madness by the April Panel, and "a [single] Circuit Judge." (emphasis added).

Remembering that "law of the case" only applies to subsequent proceedings in the same case, for the 2219 (03-7973-CV - 09/10/2004) ruling to apply to 1224 requires the mind boggling proposition and legal conclusion that '2219 (a civil case) is the same case as 1224 (a criminal case)', i.e., the plaintiff in 1224 (the United States) were the same plaintiffs in 2219 (Alpha Capital, AG, et al); (2) the defendants in 1224 (Mr. Ware) was the same defendants in 2219 (GPMT); (3) the burden of proof in 1224 (beyond a reasonable doubt) was the same in 2219 (preponderance of the evidence); (4) the judge in 2219 (District Judge Sand) was the same judge as in 1224 (District Judge Sweet -- even though they do resemble in a sneaky kind of way); and (5) the complaint in 2219 was the same as the indictment in 1224.

The Second Circuit's metaphysical reasoning utilizing nonlinear parabolic logic is the only method by which a sane person could come to the highly irrational conclusion that 1224 was the same case as 2219: shear lunacy by Circuit Judges Pooler, Parker, Raggi, and "a [single] Circuit Judge." (emphasis added).

However, giving the Second Circuit's April Panel and "a [single[ Circuit Judge" the benefit of the doubt (a very big doubt, but nevertheless giving the Panel some deference) a holding that "law of the case" applied in the March 2, 2012 order necessarily implies that double jeopardy attached to the 2219 proceedings if indeed "law of the case" applied.

To reiterate, for "law of the case" to apply according to both Quintieri, supra; and Ben Zvi, supra, across two different cases requires the case (1224 and 2219) to be the same case -- which necessarily implies in pari materia with the double jeopardy

(5)

clause of the Fifth Amendment, that jeopardy attached to Mr. Ware in 2219, prohibiting the prosecution in 1224, if 2219 and 1224 are the same case.

Therefore, the Court made a judicial admission and once again pled itself out of court by holding that 1224 and 2219 as a matter of law were subject to the "law of the case" as defined in the law of the circuit, Quintieri, and Ben Zvi, supra. A holding in the March 2, 2012 order that clearly was an acquittal of Mr. Ware since Mr. Ware was not found guilty in 2219.

Now if you think that's confusing, try this for size: Since 2219 was resolved via a default, purportedly, against GPMT, a corporation, by Judge Sand on November 25, 2002 (Dkt. 50, 54 in 2219), by what authority did the USAO prosecute Mr. Ware in 2007 (way past the statute of limitations) on the 2219 complaint which by the way was drafted by Kenneth A. Zitter, Esq. (not a United States attorney), unless of course, the USAO specially appointed Mr. Zitter (SAUSA) to file a civil complaint in 2219 disguised as an indictment?

Never mind the palpable fact for 2219 and 1224 to be the same case (for "law of the case" to apply to the 11-2151-Cr motion for leave and to the motion to dismiss the indictment in 1224, the Second Circuit would have had to suspend the Double Jeopardy Clause to retry Mr. Ware again in 1224, for the Court to be bound by a ruling in a different civil case (2219).

However, the Second Circuit is not out of the woods just yet, recalling that Mr. Zitter in the 2219 complaint (Dkt. #1) at ¶¶10-21 pled the 2219 plaintiffs out of court by pleading the 2219 plaintiffs were in fact 15 USC §77b(a)(11) statutory underwriters ineligible for Rule 144(k) (2002), for "law of the case" to apply to 11-2151-Cr, the appeal in 2219 (11-4181-Cv) is the same as 11-2151-Cr (1224): if the 2219 were pled out of court in 2219, then the USAO was pled out of court in 1224 by incorporating the judicial admissions from the 2219 complaint (¶¶10-21) into the 1224 indictment -- game, set, match (checkmate against the Second Circuit).

I could go on for another 25 pages on the futility of the Second Circuit

in attempting to salvage a hopeless and fatally flawed prosecution where the 2219 complaint (Dkt. #1 at ¶¶ 10-21) pled the 2219 plaintiffs out of court; and Judge Sand ruled the same by incorporating the binding judicial admissions into Dkt. #54 (the Order and Memorandum Opinion -- which by the way is one of the most risible legal documents ever filed in a federal court by a senior district court judge: Judge Sand spent 30 pages attempting to be scholarly, when Mr. Ware demolished the opinion in three paragraphs (cf. April 2009 motion to dismiss filed in 09-0851-Cr).

The Second Circuit in the July 21, 2009, November 13, 2009, and March 2, 2012 _※_ ___ . orders attempted to get cute and become scholarly, and missed the basic issue: whether or not the court possessed subject matter jurisdiction to conduct any proceedings in regard to 09-0851-Cr or 11-2151-Cr?

The Second Circuit, again, tied the ball around its own neck and jumped off the Empire State Building, and again crashed landed -- saved on by the unabated frauds practiced on the public and Mr. Ware.

However, even a court as fraudulent as the Second Circuit's judges (Pooler, Raggi, Parker, Hall, Katzmann, and Barbara S. Jones) whom all ostensibly appear to suffer from some sort of maddening hubris, as if only they can comprehend the law (simple rules of law, even a first year law student would understand regarding the "law of the case"), the time had come to shut down this foolishness which has gone on now since 2003 (cf. 03-7973-Cv (2d Cir.).

Finally, one last reason why the Second Circuit Court of Appeals take the grand prize as the most fraudulent court of appeals in history: On 09/10/2004 GPMT had filed Chapter 7 bankruptcy in Atlanta, GA within the Eleventh Judicial Circuit (cf. GX 250-253 in 1224); therefore, 28 USC §1294(1) prohibited the 03-7379-CV panel from reviewing any order of the Atlanta, GA bankruptcy court, cf. Celotex, 514 U.S. at 313.

Accordingly, the very order relied upon in the March 2, 2012, November 13, 2009, and July 21, 2009 orders was null and void ab initio (11 USC §362(a) and 11 USC §365 (c)(2)); thus the March 2, 2012 order is null and void ab initio lacking all preclusive effect, a complete sham and nullity.

(7)

I am sure this brief is going to hurt the Second Circuit's feelings -- a rather sensitive bunch -- however, rather than attempting to cover up Judge Sand's mistakes and the mistakes of the USAO in prosecuting a case which the indictment failed to charge an indictable "offense" against the laws of the Untied States (prosecuted in violation of 28 USC §547(1) and 18 USC §3231), to earn the respect of the public, the Court should just own up to its mistake. After all "to err is human."

However, "a little knowledge is a dangerous thing" in the area of securities laws; and "absolute power corrupts absolutely.".

I am sure the Second Circuit will deny this motion, but I felt compelled to comment on what is without any doubt the most ignorant bunch of corrupt persons ever assembled on one court in the history of the United States (a court which will live in infamy) and each judge's picture placed on the "Wall of Shame."

## Relief Requested

Whatever the Court, in its infinite wisdom thinks, under the circumstances, is just and proper to compensate Mr. Ware for the crimes committed against him, the public, and the law.

SUBMITTED BY COUNSEL

ULYSSES THOMAS WARE, PRO SE
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
March 8, 2012
11:54:32 PM

(8)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| ALPHA CAPITAL, AG., ET AL. | : | |
|     PLAINTIFFS-APPELLEES, | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | CASE #03-7973-CV, 11-2151-Cr, 09-0851-Cr, |
| | : | 07-5670-Cr, 07-5222-Cr. |
| GROUP MANAGEMENT CORP., ULYSSES THOMAS | : | |
| WARE, | : | |
|     APPELLANTS. | : | |
| | : | |

SUPPLEMENT #2.0 TO MOTION FOR BAIL AND MOTION TO VACATE 09/10/04 ORDER,
AND MOTION TO VACATE MARCH 2, 2012 ORDER AND DISMISS THE 1224 INDICTMENT
WITH PREJUDICE.

Submitted by Counsel:

Ulysses Thomas Ware, pro se
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
03/14/2012 08:12:29 AM

U.S. COURT OF APPEALS
SECOND CIRCUIT
12 MAR 22 AM 9: 38
RECEIVED

3/14/2012

MEMORANDUM OF LAW
March 14, 2012

I.

The Second Circuit in its risible March 2, 2012 "advisory" null and void order, entered in violation of 28 USC §46 (a–d), i.e., lacking an Art. III, §2 "case" or "controversy" as found by District Judge Robert W. Sweet in the May 18, 2011 final order (Dkt. #125); and (2) lacking a Id. §46(d) statutory quorum to conduct the "official" business of a federal court of appeals, as authority for the "Risible Order" U.S. v. Quintieri, 306 F.3d 1217 (2d Cir. 2002) is void.

First, Quintieri, supra, is clearly inapposite to the indisputable facts that U.S. v. Ware, 09-0851-Cr (2d Cir.) on appeal from U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224"), was a **criminal** case, where 02-CV-2219 (LBS)(SDNY), ("2219") was a **civil** case, i.e., not the "identical" same case (quoting Milgard Tempering v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1989) (Law of the case applies to later stages of the "identical" case).

b.        The Second Circuit in Crane Co. v. Am. Stand., Inc., 603 F.2d 244, 248 (2d Cir. 1978) noted, "This Court [of appeals] is not bound by its own decision in the prior [03-7973-Cv] appeal" citing Calif. Prune & Apricot Growers, Inc., 3 F.2d 896, 898 (2d Cir. 1924) ("the law of the case does not rigidly bind a court [of appeals] to its former decision [made in 03-7379-CV], but is only addressed to its good sense. To be sure, under most circumstances it makes good sense to hold ourselves, for the remainder of a **particular** case, to rulings made at an earlier stage of that [same] case." (emphasis added).

c.        To see the futility of the Second Circuit's Risible Order, one need look no further than Quintieri, Id. at 1230, where the court citing U.S. v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991) (citations omitted) ("when a court has ruled on an issue, that decision should generally [(there are exceptions)] be adhered to by that court in subsequent stages in the same case."). (emphasis added).

(1)

II.

## SUPREME COURT AUTHORITY

a.         The Supreme Court visited the law of the case issue in Christianson v. Colt
Industries, 486 U.S. 800 (1988). The Court explained: "As most commonly defined,
the doctrine of the law of the case posits that when a court decides upon a rule
of law, that decision should continue to govern the same issues in subsequent
stages in the same case." (emphasis added), citing Arizona v. california, 460 U.S.
605, 618 (1983) (dictum). Id. at 816.

Therefore, there is not debate on the issue, according to Supreme Court
precedent, "law of the case" only applies in subsequent stages in the same case",
i.e., law of the case was not available to the Second Circuit as authority to not
dismiss the 1224 indictment based on the 09/10/2004 Order entered in 03-7973-Cv,
a different civil case, between different parties, with a different standard of
proof (not beyond a reasonable doubt). Cf. U.S. v. Meza-Soria, 935 F.2 166, 168-
69 (9th Cir. 1991).

In Meza-Soria, the Ninth Circuit was faced with a similar situation, in the
context of a civil deportation proceeding, and a subsequent criminal prosecution
persuant to 8 USC §1326, Id. at 168.

The government's position was that the factual elements established in the
civil deportation proceeding (equivalent to the 2219 proceeding) collaterally
estopped the defendant from offering any evidence on the same issue in the
subsequent criminal proceeding — where the burden of proof was beyond a reasonable
doubt. Id. at 169.

The Court rejected the government's contentions and argument, and reversed
and vacated the defendant's conviction, explaining that a defendant in a criminal
case is "entitled to contest the issue ... nothing seems more obvious." (emphasis
added).

The Court commented in regard to the government's burden of proof in a

(2)

criminal case, the government must prove in the case at trial each factual element of the offense (in 1224 the alleged orders Mr. Ware violated were in fact "lawful" order entered by a court with subject matter jurisdiction over the proceedings) "beyond a reasonable doubt" citing In re Winship, 397 U.S. 358, 361-64 (1970). Id. at 168.

The Court further explained, Id. at 169, that the collateral estoppel doctrine, a stricter form of the law of the case doctrine, which the court noted that the government, citing U.S. v. Bejar-Matrecios, 618 F.2d 81, 83 (9th Cir. 1980), could collaterally estop a defendant in a subsequent criminal trial between the same parties from challenging factual issues decided in the prior criminal trial.

Conversely, then, Mr. Ware can collaterally estop the government based on the judicial admissions made by the United States' SEC in 03-0831-KJD-RJJ (D. NV) complaint (Dkt. #1 at ¶¶30, 31, and 33) where the SEC judicially admitted the press releases of INZS had no effect on the stock price of INZS -- the press releases were immaterial and not actionable, as a matter of law.

However, the Court noted in the case at bar, the deportation proceedings were civil in nature and employed a lower burden of proof, rather than "beyond a reasonable doubt", and accordingly, the facts established in the civil proceedings did not collaterally estop the defendant from presenting evidence on the same facts in the subsequent criminal proceeding -- due process required nothing less, i.e., shocking to the conscience. Ibid.

The Court in rejecting the government's contention, explained, Id. at 169, "The difference in burden of proofs [between 2219 (civil) and 1224 (criminal)] alone should demonstrate that it would be quite improper to establish the [factual] element of [] the offense through the use of factual findings in the [civil] proceeding.

One might as well collaterally estop [Mr. Ware in 1224] by using facts determined in any other civil proceeding [2219 appeal - 03-7973-CV]." (emphasis

(3)                                     3/14/2012

added). That would be a rather surprising proposition [to anyone but Circuit Judges Pooler, Parker, Raggi, Hall, Katzmann, Jones, and ¹a [single] Circuit Judge' in regard to the motion to leave filed in 11-2151-Cr"); one which is decidedly bereft of legal support ... [and] [b]y parity of reasoning, the difference in standards of proof must preclude the use of civil proceedings [03-7973—CV (2d Cir.) 09/10/2004 Order] findings to establish facts in a criminal case.]" (emphasis added) citing U.S. v. Konovshy, 202 F.2d 721, 726-27 (7th Cir. 1953); Restatement (Second) of Judgments §28(4).

Accordingly, the Second Circuit's risible use of purported facts established in the 03-7973—CV (2d Cir.) 09/10/2004 Order in regard to a civil case (2219) execrably violated the Due Procees Clause rights (intentionally) of Mr. Ware, as acts in furtherance of the racketeering criminal enterprise, (the "CCE") in operation in the federal courts in New York, Nevada, and Georgia, an illegal association-in-fact as defined in 18 USC §1961.

The Second Circuit's horrendous misuse of Quintieri, and Ben Zvi, as a pretext to not dismiss the 1224 indictment, which, by the way, failed to charge an indictable offense: It is not a violation of 18 USC §401(3) to not issue unlawful fraudulent Rule 144(k) legal opinions to the 2219 plaintiffs, admitted (cf. Dkt. #1 at ¶¶10-21, and Dkt. #50 (Nov. 25, 2002 Memorandum Opinion at P. 2-5),(the law of the case)) -- 15 USC §77b(a)(11) statutory underwriters ineligible for any exemption from 15 USC §77e(a, c), SEC Release 33-7190: Was an intentional and deliberate fraud on the court, by the aforementioned Circuit Judges, to cover up the crimes committed by the 2219 plaintiffs, Kenneth A. Zitter, Ari Rabinowitz, Judge Sand, Judge Sweet, Edward Grushko, Barbara R. Mittman, David Kelly, and others known and unknown, (the "Unindicted Coconspirator" or "Racketeers").

## CONCLUSION

Mr. Ware has shown through the memorandum of law that the Second Circuit's March 2, 2012 order is insupportable in law or fact -- a laughable ultra vires

(4)

order lacking in all preclusive effect, as well as entered while lacking all subject matter jurisdiction (GPMT filed Chap. 7 on Dec. 3, 2003 in Atlanta, GA invoking 11 USC §§362(a) and 365(c)(2) staying all proccedings in 03-7973-CV)) barring the entry of the 09/10/04 03-7973-CV Order, other than to dismiss the appeal (without any adjudication on the merits).

Thus, 11 USC §362(a) (entered on Dec. 3, 2003, cf. GX-252, GX-253 in 1224) barred the Second Circuit from any review of 03-7973-CV other than to dismiss the appeal due to the Chap. 7 filing of GPMT in Atlanta, GA. Cf. Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (Atlanta bankruptcy court's Dec. 3, 2003 automatic stay could only be challenged in the Eleventh Circuit, rather than the Second Circuit in 03-7973-CV).

Furthermore, on December 20, 2007 in 2219, initiating plaintiff (Alpha Capital, AG), through its counsel (government witness in 1224 Kenneth A. Zitter, Esq.), moved the 2219 court pursuant to Fed. R. Civ. Proc. 41(a)(2) to be voluntarily dismissed from 2219, and for the 2219 court to annul and void all orders entered on Alpha's behalf (i.e., the 03-7973-Cv 09/10/2004 Order), as well as the purported final judgment (Dkt. #54 entered in 2219), and the Orders Mr. Ware was alleged to have willfully violated that formed the factual basis of the fraudulent 1224 indictment. Cf. Dkt. #90 in 2219 for order dismissing Alpha in 2219.

Therefore, whether of not the 03-7973-CV 09/10/2004 Order is voided by 11 USC §362(a), or by Alpha's December 20, 2007 (Dkt. #90:2219) order of dismissal without prejudice in 2219, the ultimate result is the same: The 09/10/2004 Order (entered in a civil case) cannot be used as proof beyond a reasonable doubt in the criminal 1224 case, i.e., law of the case did not preclude Circuit Judges Parker, Pooler, Raggi, Hall, Katzmann, Jones, and "a [single] Circuit Judge" from dismissing the 1224 indictment, with prejudice in April 2009, and again in 2010, 2011, and 2012.

Moreover, the December 20, 2007 Dkt. #90 voluntary dismissal of Alpha from

(5)

3/14/2012

2219, "new evidence" which was not available on 09/10/2004, an exception to the law of the case's application, "'cogent'" and "'compelling'" reasons, <u>Quintieri</u>, 306 F.3d at 1230, "or the need to correct a clear error"(the 2219 plaintiffs' judicial admissions (Dkt. #1 at ¶¶10-21) adopted into the "law of the case" the November 25, 2002 Memorandum Opinion (Dkt. #50 at P. 2-5 which pled the 2210 plaintiffs out of court); and furthermore, is res judicata and collateral estoppel against the 2219 plaintiffs, the 1224 court, the 11-2151-Cr court, the 09-0851-Cr court, and the 11-4181-CV court.

The Second Circuit had "new evidence" (the Dec. 20, 2007 Rule 41(a)(2) voluntary dismissal without prejudice of 2219 plaintiff Alpha Capital) which <u>voided and annulled all orders entered in 2219</u>, which were used in the 1224 criminal prosecution -- 1224 lacks a factual basis as a result of Alpha's Rule 41(a)(2) dismissal, even assuming, arguendo, the Second Circuit had jurisdiction to enter the 09/10/2004 Order.

Additionally, the law of the case did not preclude the Second Circuit from correcting a "clear error" or to "prevent manifest injustice" perpetrated against Mr. Ware by the United States Attorney (SDNY), David Kelly, Michael J. Garcia, and Preet Bharara, and their proxies, surrogates and alter-egos, including District Judges Sand, and Sweet, in prosecuting an indictment that did not charge an **offense** against the laws of the United States: Prohibiting the USAO (28 USC §547(1), and the 1224 district court (18 USC §3231)) from exercising any subject matter jurisdiction over the 1224 proceedings, as well as the 09-0851-Cr and 11-2151-Cr courts, lacking a "case" or "controversy" in 1224. Cf. 28 USC §§46 (a-d) (2012). <u>Quintieri</u>, Id. at 1230.

The Second Circuit's Risible Orders (the March 2, 2012 order the July 21, 2009, and November 13, 2009 orders) were entered while the court knew that the 1224 indictment was null and void (did not charge an <u>offense</u>). Nevertheless, the court adamantly refused all applications by Mr. Ware to dismiss the 1224 indictment, even after the USAO on August 12, 2010 conceded in the USA's response

brief filed in 09-0851-Cr (2d. Cir.).

And most recently, in the March 2, 2012 Risible Order, the court has again violated federal law (28 USC §46), and the Constitution (Art. III, §2) after District Judge Sweet on May 18, 2011 agreed with Mr. Ware's contentions and arguments, and rejected the USAO's laughable contentions and arguments, and ruled the "absence of any live case or controversy" in 1224, and (2) the 1224 court lacked subject matter "jurisdiction" over the proceedings. Cf. Dkt. #125 at P. 2.

Significantly, the USAO did not appeal the May 18, 2011 (Dkt.# 125) final order terminating 1224 in Mr. Ware's favor, i.e., Mr. Ware was the prevailing party in the May 18, 2011 order.

All issues in 1224 are res judicata, collateral estoppel, and double jeopardy attached to Mr. Ware on May 18, 2011 prohibiting any further adjudication in or pertaining to 1224, i.e., 1224 is moot. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94, 101 (1995) (courts lack jurisdiction to adjudicate a moot case -- a case lacking a "case" or "controversy").

Circuit Judges Pooler, Parker, Raggi, Hall, Katzmann, Jones, and the unidentified "Circuit Judge" who entered the March 2, 2012 order lacking a 28 USC §46(d) statutory quorum, all acted in their personal capacity, along with District Judge Sweet, and United States Attorneys David Kelly, Michael J. Garcia, and Preet Bharara; and all have personal civil monetary liability ( a Bivens action) estimated conservatively at +$5.0 billion in compensatory damges, and +$5.0 billion (USD) in punitive damages.

As well as the judges and prosecutors will be named as defendants in a civil racketeering suit pursuant to 18 USC §1961-64 for racketeering to obstruct justice, bribery, perjury, conspiracy, false arrest, malicious prosecution, kidnapping, conspiracy to kidnap, wire fraud, mail fraud, securities fraud, honest services fraud, and other offenses.

The evidence is overwhelming that the Second Circuit's judges all are criminals and conspired to violate the Constitution.

(7)

    The evidence is overwhelming that the federal prosecutors in 1224 and the related appeals all violated federal law (28 USC §547(1)) while prosecuting 1224 while lacking an **offense** against the laws of the United States, i.e., the USAO lacked probable cause to seek an indictment in 1224 knowing that District Judge Sand on November 25, 2002 (Dkt. #50) adopted as the **"law of the case"**, the judicial admissions made by the 2219 plaintiffs in their own complaint (Dkt. #1 at ¶¶10-21), i.e., the 2219 plaintiffs pled themselves out of court on March 20, 2002, as a matter of law.

SUBMITTED BY COUNSEL.

Ulysses Thomas Ware, pro se
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
03/14/2012 01:17:39 PM


                    Certificate of Service

I Ulysses Thomas Ware have this 14th day of March, 2012 served a copy of this memorandum on Preet Bharara at One St. Andrews Plaza, New York, NY 10007.

3/14/2012

Ulysses T. Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Legal Mail

March 14, 2012
Ex. #19
03-0831-KJD-RJJ



USM SDNY

&56218-019&
Circuit Clerk
U.S. Court of Appeals
500 Pearl ST
NEW YORK, NY - 10007
United States

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Legal Mail

March 9, 2012
Exhibit #16
03-0831-KJD



<>56218-019<>
Circuit Clerk
U.S. Court of Appeals
500 Pearl ST
NEW YORK, NY 10007
United States