Submitted by Counsel:

Ulysses J. Ware

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed

**PRIORITY**



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 9 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ULYSSES THOMAS WARE,<br>    PETITIONER, | : |
| VS. | :   CASE #: 12-CV-_____ |
|  | **1: 12-CV-4397** |
| WARDEN DARLEEN DREW,<br>BUREAU OF PRISONS,<br>ATLANTA PRISON CAMP.<br>    RESPONDENTS. | : |

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

**#4**

12/12/2012 Memorandum of Law in Support of Claims Regarding:
U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224").

Criminal Frauds Committed by the Judges Named at P. 2.

1224 Proceedings Moot as a Matter of Law as of 12/20/2007 (cf. Dkt. #90:1224).

**16**

IN THE UNITED STATES SUPREME COURT

CASE NO. _____

ULYSSES THOMAS WARE,
PETITIONER,

VS.

UNITED STATES OF AMERICA,
RESPONDENT.,

THE SECOND CIRCUIT COURT OF APPEALS,
CIRCUIT JUDGES B.D. PARKER, ROSEMARY S. POOLER, RENNA REGGI,
RESPONDENTS,

CHIEF JUDGE DENNIS G. JACOBS,

AND

CIRCUIT JUDGES PETER W. HALL, ROBERT A. KATZMANN,
RESPONDENTS,

AND

DISTRICT JUDGES LEONARD B. SAND, ROBERT W. SWEET, AND BARBARA S. JONES,

AND

DISTRICT JUDGE THOMAS W. THRASH, JR., AND MAGISTRATE JUDGE LINDA T. WALKER,
RESPONDENTS,

UNINDICTED CO-CONSPIRATORS.

PETITION FOR A WRIT OF MANDAMUS, PROHIBITION, AND EXTRAORDINARY WRIT
PURSUANT TO 28 U.S.C. §1651(a)

Ulysses/Thomas Ware, pro se
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
07/16/2012

## ISSUE PRESENTED FOR REVIEW

1.   Whether this Court: and the courts below (the Second Circuit Court of Appeals in United States v. Ware, 11-2151-Cr, and the District Court (SDNY) in United States v. Ware, 04-Cr-1224) had subject matter jurisdiction over the indictment in 04-Cr-1224 where the indictment failed to charge an **offense** against the laws of the United States: It is not an offense against the laws of the United States to not issue fraudulent and bogus 17 CFR §230.144(k) (2003), ("Rule 144(k)") legal opinions to the plaintiffs in 02-CV-2219 (LBS)(SDNY), admitted 15 USC §77b(a)(11) statutory underwriters?

2.   Whether lacking an indictment which charged an **offense** rendered the 04-CR-1224 proceedings null and void and conducted in violation of the Due Process Clause of the United States, rendering the conviction null and void ab initio?

3.   Whether if the United States' judicial admission made in its response brief filed in United States v. Ware, 09-0851-Cr (Appx. I at 45, ¶3), that the plaintiffs in the underlying proceeding (02-CV-2219) (LBS)(SDNY)) were in fact 15 USC §77b(a)(11) statutory underwriters operating in criminal violation of the federal securities laws (15 USC §78o(a) - operating an unregistered broker-dealer) prohibits the United States from arguing the petitioner's guilt in this proceeding rendering this proceeding moot for lack of an Article III "case" or "controversy"?

4.   Whether the 12/20/2007 final judgment of the 02-CV-2219 court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure annulled and voided the indictment in United States v. Ware, 04-Cr-1224 (three counts of criminal contempt of the orders in 02-CV-2219)?

(A)

12/13/2012

## WHY THE EXTRAORDINARY WRITS SHOULD ISSUE BY THIS COURT

### 1. THE WRITS WILL AID THE COURT'S APPELLATE JURISDICTION.

This Court has appellate jurisdiction (28 U.S.C. §1254(1)) over final orders and judgments of a federal court of appeal (which had jurisdiction over the subject matter over the proceedings in that court).

However, in the case sub judice (United States v. Ware, 11-2151-Cr), the Second Circuit lacked jurisdiction (28 U.S.C. §46(a-d)) to review the issues presented to that court because the indictment (Appx. I at 46-56) failed to charge an **offense** against the laws of the United States; and (2) on 12/20/2007 (Appx. I at 34) the court in 02-CV-2219 (LBS)(SDNY) pursuant to Rule 41(a)(2) of the Fed. R. Civ. Proc. dismissed 02-CV-2219 without prejudice (Appx. at Id.), annulling and voiding all orders and judgments entered in 02-CV-2219, which in turn mooted the criminal prosecution in 04-Cr-1224, also null and void.

Therefore, no other court has competent jurisdiction over the subject matter to review the issues presented, other than this Court pursuant to 28 U.S.C. §1651(a).

### 2. EXCEPTIONAL CIRCUMSTANCES WARRANT THE EXERCISE OF THE COURT'S DISCRETIONARY POWER.

The petitioner is current suffering irreparable harm (since 11/26/2007 the date of the petitioner's illegal detention), and will continue to suffer irreparable harm of illegal and fraudulent detention by the Bureau of Prisons where the petitioner is factually and actually innocent of the charges in the 04-CR-1224 indictment (Appx. I at 46-56, i.e., the indictment failed to charge an offense: It is not an offense against the laws of the United States for the petitioner (a securities lawyer) to not violate SEC national policy (SEC Release 33-7190 and SEC IR 5121) and issue fraudulent and bogus 17 C.F.R. §230.144(k), ("Rule 144(k)"), (2003) legal opinions to the 02-CV-2219 plaintiffs (admitted 15 U.S.C. §77b(a)(11)) statutory underwriters.

(B)

3. **ADEQUATE RELIEF CANNOT BE OBTAINED IN ANY OTHER FORM FROM ANY OTHER COURT.**

This Court is the only court which an grant the petitioner the requested relief of ordering the Second Circuit Court of Appeals in United States v. Ware, 11-2151-Cr to dismiss the underlying indictment where the petitioner is factually and actually innocent: A miscarriage of justice currently exist by the illegal incarceration of the petitioner based on the criminal prosecution of the bogus charges in the 04-CR-1224 indictment (Appx. I at 46-56) -- alleged charges which are not **offenses**, i.e., SEC national policy (SEC Release 33-7190 and SEC IR 5121) prohibit the statutory underwriters from conducting unregistered public offering of securities.

The Second Circuit Court of Appeals, the court from which the record comes, lacked all jurisdiction over the subject matter of United States v. Ware, 11-2151-Cr and 09-0851-Cr, respectively, i.e., lacking an offense -- a live "case" or "controversy" the Second Circuit pursuant to 28 U.S.C. §46 (a-d) lacks all authority to review or grant any relief to the petitioner regarding the issues presented for review.

Furthermore, given that the Second Circuit lacked a live Article III "case" or "controversy" with respect to the 11-2151-CR and 09-0851-Cr proceedings, then this Court also lacks an Article III "case" or "controversy" after 12/20/2007 (see Appx. I at 34 -- the date the 02-CV-2219 dismissed without prejudice 02-CV-2219 pursuant to Rule 41(a)(2)).    Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94, 101 (J. Scalia) (lacking a case or controversy federal court lack authority to announce the law, any judgment entered therein would be a hypothetical judgment, an "advisory judgment" disfavored by the Court from the beginning."). (emphasis added).

The petitioner has satisfied the conditions precedent for this Court to grant the writs and order the Second Circuit Court of Appeals to immediately reverse and vacate the petitioner's illegal conviction and sentence; and conduct fraud on the court proceedings with respect to the proceedings below in the District Courts and Courts of Appeals; and to hold the Second Circuit in **criminal contempt** of the 12/20/2012 judgment (Appx. I at 34).

(C)

4. **PERSONS AGAINST WHOM RELIEF IS SOUGHT.**

1. Eric H. Holder, Jr. (Attorney General of the United States).

2. Judge Barrington D. Parker, Jr. (Circuit Judge Second Circuit).

3. Judge Rosemary S. Pooler (Circuit Judge Second Circuit).

4. Judge Renna Raggi (Circuit Judge Second Circuit).

5. Judge Peter W. Hall (Circuit Judge Second Circuit).

6. Judge Robert A. Katzmann (Circuit Judge Second Circuit).

7. Judge Robert W. Sweet (District Judge (SDNY)).

8. Judge Leonard B. Sand (District Judge (SDNY)).

9. Judge Barbara S. Jones (District Judge (SDNY)).

10. Judge Thomas W. Thrash, Jr. (District Judge (ND GA)).

11. Judge Linda T. Walker (Magistrate Judge (ND GA).

12. Judge Dennis G. Jacobs (Chief Judge Second Circuit).

(D)

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| 1. | Issues Presented for Review | . . . . . . . . . . . . . . | A |
| 2. | Why the Extraordinary Writs Should Issue | . . . . . . . . . . . . | B |
| | ° The Writ Will Aid in the Court's Appellate Jurisdiction . | | B |
| | ° Exceptional Circumstances Warrant the Exercise of the Court's Discretionary Power. | | B |
| | ° Adequate Relief Cannot Be Obtained in Any Other Form From Any Other Court. | | C |
| 3. | List of Parties and Corporate Disclosure Statement . . . . . . . . . | i |
| 4. | Citations to the Opinions Below | . . . . . . . . . . . . . . | vi |
| 5. | Constitution, Statutes, Rules, and Regulations | . . . . . . . . . . . | ix |
| 6. | Statement of the Case - Statement of Facts | . . . . . . . . . . . . . | 1 |
| 7. | Procedural History of the Proceedings Below | . . . . . . . . . . . . . | 6 |
| 8. | Argument - Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 9 |
| 9. | Additional Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 11 |
| 10. | Additional Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 14 |
| 11. | Policy Reasons Why the Writ Should Issue | . . . . . . . . . . . . . | 24 |
| 12. | Request for Relief - Signature of Counsel | . . . . . . . . . . . . . | 25 |

**TABLE OF CITED AUTHORITIES**

| | | | |
|---|---|---|---|
| 1. | Alpha Capital, AG., et al v. IVG Corp., a/k/a GPMT, et al. 02-CV-2219 (LBS)(SDNY) | | 1, 14 |
| 2. | Auer v. Robbins, 519 U.S. 452 (1997) | . . . . . . . . . . . . . . | 11 |
| 3. | Baker v. Carr, 369 U.S. 186 (1962) | . . . . . . . . . . . . . . | 15 |
| 4. | Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195 (3d Cir. 2006) | . . . . . . . . . . . . . . | 11, 19 |
| 5. | Celotex Corp. v. Edwards, 514 U.S. 300 (1995) | . . . . . . . . . . . . . . | 10 |
| 6. | Chrysler Corp. Brown, 441 U.S.281 (1979) | . . . . . . . . . . . . . . | 11 |
| 7. | Hazel Atlas-Glass Co. v. Hartford Empire Co. 322 U.S. 238 (1944) | . . . . . . . . . . . . . . | 16 |
| 8. | Federated Dept. Stores v. Moitie 452 U.S. 394 (1981) | . . . . . . . . . . . . . . | 15, 18, 22 |
| 9. | SEC v. Small Cap Research, Inc. 03-0831-KJD-RJJ (D. NV) | . . . . . . . . . . . . . . | 7, 17, 20 |
| 10. | Steel Co. v. Citizens for a Better Environment 523 U.S. 83 (1995) | . . . . . . . . . . . . | vii, viii, 9, 10, 13, 15, 16, 18, 19, 21 . |
| 11. | Stinson v. United States 113 S. Ct. 1913 (1993) | . . . . . . . . . . . . . . | 11 |

## LIST OF PARTIES AND CORPORATE DISCLOSURE STATEMENT

1. Ulysses Thomas Ware · is the petitioner.

2. The United States of America is the respondent.

   Group Management Corp., a/k/a Silver Screen Studio Group, Inc., a/k/a Global One Investment Corp., the defendant in the underlying proceedings in the District Court (02-CV-2219 (LBS)(SDNY)) was a publicly trading company trading on the Over-the-Counter Bulletin Board under the symbol GPMT, SSSU, and GOIH, respectively.

3. Circuit Judges B.D. Parker, Rosemary S. Pooler, Renna Raggi, Peter W. Hall, Robert A. Katzmann, District Judges Leonard B. Sand, Robert W. Sweet, Barbara S. Jones, Thomas W. Thrash, Jr., and Magistrate Judge Linda T. Walker, in their individual and personal capacity, respondents.

4. Eric H. Holder, Jr. in his individual and personal capcity, respondent.

5. Chief Judge Dennis G. Jacobs (Second Circuit)

6. The United States Court of Appeals for the Second Circuit.

(i)

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| 1. | Issues Presented for Review | . . . . . . . . . . . . . . | A |
| 2. | List of Parties and Corporate Disclosure Statement . . . . . . . . . | | i |
| 3. | Citations to the Opinions Below | . . . . . . . . . . . . . . | vi |
| 4. | Jurisdictional Statement | . . . . . . . . . . . . . . | vii |
| 5. | Amendments, Statutes, Rules, and Regulations . . . . . . . . . . . . . . . | | ix |
| 6. | Statement of the Case – Statement of Facts . . . . . . . . . . . . . . | | 1 |
| 7. | Procedural History of the Proceedings Below . . . . . . . . . . . . . . | | 6 |
| 8. | Argument – Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 9 |
| 9. | Additional Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 11 |
| 10. | Additional Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 14 |
| 11. | Policy Reasons Why the Writ Should Issue . . . . . . . . . . . . . . | | 24 |
| 12. | Request for Relief – Signature of Counsel . . . . . . . . . . . . . . | | 25 |

## TABLE OF CITED AUTHORITIES

| | | | |
|---|---|---|---|
| 1. | Alpha Capital, AG., et al v. IVG Corp., a/k/a GPMT, et al. 02-CV-2219 (LBS)(SDNY) | | 1, 14 |
| 2. | Auer v. Robbins, 519 U.S. 452 (1997) | . . . . . . . . . . . . . . | 11 |
| 3. | Baker v. Carr, 369 U.S. 186 (1962) | . . . . . . . . . . . . . . | 15 |
| 4. | Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195 (3d Cir. 2006) | . . . . . . . . . . . . . . | 11, 19 |
| 5. | Celotex Corp. v. Edwards, 514 U.S. 300 (1995) | . . . . . . . . . . . . . . | 10 |
| 6. | Chrysler Corp. Brown, 441 U.S.281 (1979) | . . . . . . . . . . . . . . | 11 |
| 7. | Hazel Atlas-Glass Co. v. Hartford Empire Co. 322 U.S. 238 (1944) | . . . . . . . . . . . . . . | 16 |
| 8. | Federated Dept. Stores v. Moitie 452 U.S. 394 (1981) | . . . . . . . . . . . . . . | 15, 18, 22 |
| 9. | SEC v. Small Cap Research, Inc. 03-0831-KJD-RJJ (D. NV) | . . . . . . . . . . . . . . | 7, 17, 20 |
| 10. | Steel Co. v. Citizens for a Better Environment 523 U.S. 83 (1995) | . . . . . . . . . . . | vii, viii, 9, 10, 13, 15, 16, 18, 19, 21 |
| 11. | Stinson v. United States 113 S. Ct. 1913 (1993) | . . . . . . . . . . . . . . | 11 |

12.  Universal Oil Products Co. v. Root Refining Co.    . . . . . . . . . . . .        16
     328 U.S. 575 (1946)

13.  United States v. Alaska                   . . . . . . . . . . . . . . . . . . .     16, 20, 21
     253 U.S. 113 (1920)

14.  United States v. Nixon                    . . . . . . . . . . . . . . . . . . .        15
     418 U.S. 683 (1974)

15.  United States v. Ware, 09-0851-Cr, 11-2151-Cr  . . . . . . . . . . . . . . . . . .   vii, 1, 2, 4, 6,
     Second Circuit Court of Appeals                                                      8, 9, 13, 14, 25

16.  Ware v. United States                     . . . . . . . . . . . . . . . . . . .      14, 15
     App. 12A13 (Supreme Court) (2012)

## AMENDMENTS, STATUTES, RULES, AND REGULATIONS

1.   U.S. Const., Amend V               . . . . . . . . . . . . . . . . . . .          9

2.   U.S. Const., Article II, §3        . . . . . . . . . . . . . . . . . . .         15

3.   U.S. Const., Article III           . . . . . . . . . . . . . . . . . . .   11, 14, 15, 17

4.   U.S. Const., Article IV            . . . . . . . . . . . . . . . . . . .         22

5.   11 U.S.C. §362(a)                  . . . . . . . . . . . . . . . . . . .         10

6.   11 U.S.C. §365(c)(2)               . . . . . . . . . . . . . . . . . . .         10

7.   15 U.S.C. §77b(a)(11)              . . . . . . . . . . . . . . . . . . .   2, 4, 6, 9, 11,
                                                                                14, 17, 19

8.   15 U.S.C. §77e(a)                  . . . . . . . . . . . . . . . . . . .         11

9.   15 U.S.C. §77x                     . . . . . . . . . . . . . . . . . . .          6

10.  15 U.S.C. §78ff                    . . . . . . . . . . . . . . . . . . .          6

11.  18 U.S.C. §241                     . . . . . . . . . . . . . . . . . . .   5, 20, 23

12.  18 U.S.C. §242                     . . . . . . . . . . . . . . . . . . .   5, 20, 23

13.  18 U.S.C. §371                     . . . . . . . . . . . . . . . . . . .      5, 23

14.  18 U.S.C. §401(3)                  . . . . . . . . . . . . . . . . . . .   6, 12, 22, 23

15.  18 U.S.C. §891-94                  . . . . . . . . . . . . . . . . . . .          6

16.  18 U.S.C. §1201-02                 . . . . . . . . . . . . . . . . . . .      5, 23

17.  18 U.S.C. §1341                    . . . . . . . . . . . . . . . . . . .          6

18.  18 U.S.C. §1346                    . . . . . . . . . . . . . . . . . . .          6

19. 18 U.S.C. §1505 ..................... 6

20. 18 U.S.C. §1509 ..................... 6

21. 18 U.S.C. §1510 ..................... 6

22. 18 U.S.C. §1621 ..................... 22, 23

23. 18 U.S.C. §1622 ..................... 22, 23

24. 18 U.S.C. §1623 ..................... 22, 23

25. 18 U.S.C. §1956 ..................... 22, 23

26. 18 U.S.C. §1957 ..................... 22, 23

27. 18 U.S.C. §1961 ..................... 5, 14, 17, 23

28. 18 U.S.C. §1962 ..................... 5, 14, 17, 23

29. 18 U.S.C. §1963 ..................... 5, 14, 17, 23

30. 18 U.S.C. §1964 ..................... 5, 14, 17, 23

31. 18 U.S.C. §3231 ..................... vii, 5, 14, 22

32. 28 U.S.C. §46 ..................... vii, 10, 13

33. 28 U.S.C. §516 ..................... 14

34. 28 U.S.C. §547(1) ..................... 21, 23

35. 28 U.S.C. §1254(1) ..................... viii

36. 28 U.S.C. §1294(1) ..................... vii, 10

37. 28 U.S.C. §1738 ..................... 22

38. Fed. Rule Civ. Proc. 60(b) ..................... vii, 4

39. Fed. Rule Civ. Proc. 60(d) ..................... vii, 4

40. Fed. Rule Crim. Proc. 29 ..................... 7

41. Fed. Rule Crim. Proc. 33 ..................... 3, 8

42. Supreme Court Rule 22 ..................... 14, 22

43. 17 C.F.R. §230.144(k) (2002) ..................... 6, 11, 12, 21, 22

44. N.Y. CPLR 213(2) ..................... 1

45. SEC Release 33-7190 ..................... 6, 11, 12, 19, 21, 22, 23

(iv)

46. SEC Interpretive Release (IR) 5121          ...................  6, 11, 12, 19, 21
                                                                    22, 23

## APPENDICES

1.  Appendix A: 03/02/2012 order of Second Circuit denying .........      1 - 2
               petitioner right to appeal in United States v.
               Ware, 11-2151-Cr.

               05/31/2012 order of Justice Ginsburg granting ......         2
               until July 30, 2012 to file petition for cert.

2.  Appendix B: 11/04/2012 opinion in United States v. Ware  ......      1 - 6
               in 09-0851-Cr affirming conviction and sentence.

3.  Appendix C: 01/19/2011 District Court's denial of Rule 33 ......     1 - 2
               motion for new trial in United States v. Ware,
               04-Cr-1224 (RWS)(SDNY).

4.  Appendices D, E, F, G, and H, omitted.

5.  Appendix I: Constitution, Statutes, Rules, and Regulations ....      1 - 56

6.  Appendix J: Excerpts of the record below          ............       1 - 63

7.  Appendix K: Denial by Warden J.A. Keller, and counselor   ....       1 - 2
               Thurman of the petitioner's request to leave to
               prepare petition for certiorari.

8.  Appendix L: Emails between the United States attorney's office ..     1 - 5
               (SDNY) and SEC counsel Jeffrey B. Norris, Esq (an
               officer of the court) confirming that the petitioner
               was falsely and fraudulently arrested  on 09/01/2004
               in Atlanta, GA on fraudulent and bogus orders (Dkt.
               ## 80, and 83 in 02-CV-2219, cf. Appx. I at 7-9,
               orders were null and void ab initio -- 11 USC §362(a)
               and 11 USC §365(c)(2)).

## OTHER MATERIAL RELEVANT TO THIS PETITION

47. 18 U.S.C. §201                            ..................      14

## CITATIONS TO THE OPINIONS BELOW.

1.      The original conviction of the petitioner in the United States District Court for the Southern District of New York is reported at United States v. Ware, 2008 U.S. Dist. LX 101537 (SDNY Dec. 9, 2008).

2.   The original conviction of the petitioner to the United States Court of Appeals for the Second Circuit, which affirmed the conviction in all respects in its opinion is reported at United States v. Ware, 399 Fed. Appx. 659 (2d Cir. 2010).

3.   The decision of the United States District Court for the Southern District of New York on petitioner's Rule 33 motion for a new trial is reported at United States v. Ware, 2011 U.S. Dist. LX 5143 (SDNY Jan. 19, 2011).

## JURISDICTIONAL STATEMENT

The petitioner asserts that the Court does not currently have jurisdiction over the subject matter of these proceedings: The Second Circuit (from which the record comes in this proceeding) lacked all Article III, 28 USC §§46, and 28 USC §1294(1) jurisdiction over the subject matter to review the proceedings in United States v. Ware, 11-2151-Cr, 09-0851-Cr, and 11-4181-CV (motion for leave pending since 10/2011 in Second Circuit with respect to Rule 60(d)(3), and Rule 60(b)(4, 6) motions filed in the 02-CV-2219 court); and (2) the 04-CR-1224 court lacked jurisdiction over the subject matter (18 USC §3231: 04-Cr-1224 indictment failed to charge an offense).

The United States in its response brief filed in 09-0851-Cr (Appx. I at 45), and in the 04-CR-1224 indictment at ¶12 (Appx. I at 49) judicially admitted that the 02-CV-2219 Plaintiffs were in fact statutory underwriters of GPMT's securities, i.e., the United States pled itself out of court in its own bogus and fraudulent indictment which accordingly, failed to charge an **offense** against the laws of the United States.

The United States' judicial admissions (which cannot be controverted by the United States' or its privies with respect to this proceeding)-- the United States is prohibited from arguing the guilt of the petitioner regarding the 04-CR-124 proceedings, the 04-CR-1224 proceedings are moot.

The United States' judicial admission judicially estops the United States from changing its argument in this Court -- judicial admissions which are res judicata and collateral estoppel on all courts. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 396-400 (1981) (res judicata binding on the parties and their privies (the Solicitor General of the United States), and all courts, and there are no exceptions).

Given there are not exceptions to the res judicata and estoppel ‾ effect of the United States' admissions  (Appx. I at 49), and 08/12/2010 (Appx. I at 45) the underlying proceedings in the Court of Appeals and the District Court are all moot: The 02-CV-2219 proceedings are moot; the 04-CR-1224 proceedings are moot; the 09-0851-Cr proceedings are moot; the 11-2151-Cr proceedings are moot; and this Court lacks all jurisdiction over the subject matter of **moot** proceedings. Steel Co. v. Citizens

for a Better Environment, 523 U.S. 83, 101 (1995)(Courts lack Article III authority to adjudicate moot proceedings; any judgment entered would be an advisory judgment lacking all vitality "which have been disapproved from the beginning").

Therefore, there is not rational debate once 02-CV-2219 became **moot** on 12/20/2007 (Appx. I at 34), the Second Circuit's 11/04/2010 judgment was an "advisory" judgment lacking all legal force and effect, i.e., a nullity void ab initio. (Appx. B).

Moreover, the Second Circuit's 03/02/2012 order (Appx. A) is therefore, also, an "advisory" order devoid of all legal effect, null and void ab initio. Steel Co., Id.

Accordingly, this Court lacks all jurisdiction over the subject matter of the "advisory" 03/02/2012 order of the Second Circuit -- these proceedings are moot.

And this Court is required according to the mandate of Steel Co, 523 U. S. at 94, "to announce the fact" the Court lacks jurisdiction over the "advisory" 03/02/2012 order of the Second Circuit, and "dismiss the [11-2151-Cr] cause" with a mandate to the Second Circuit to reverse and vacate the conviction and sentence in United States v. Ware, 04-Cr-1224 (RWS)(SDNY), with prejudice, and order the petitioner immediately released from custody of the Bureau of Prisons; and recommend to the Attorney General the criminal prosecution of the persons named in section 3 of the Statement of Facts.

Consequently this Court lacks jurisdiction over the subject matter to review the proceedings below pursuant to 28 USC §1254(1), i.e., the proceedings are moot.

## RELEVANT CONSTITUTIONAL, STATUTORY, AND REGULATORY PROVISIONS.

The relevant Amendments, Statutes, Rules, and Regulations have been reproduced in heac verba at Appendix J, infra.

**STATEMENT OF FACTS.**

On 12/20/2007 (Appx. I at 34) Kenneth A. Zitter, Esq., plaintiffs' counsel in Alpha Capital, AG., et al. v. IVG Corp., a/k/a GPMT, et al., 02-CV-2219 (LBS)(SDNY), ("2219"), moved the District Court to dismiss 2219 -- pursuant to Fed. R. Civ. Proc. 41(a)(2) -- without prejudice.

The District Court (Appx. Id.) entered a final order on 12/20/2007 (Dkt. #90) granting the Rule 41(a)(2) dismissal of 2219 without prejudice, annulling and voiding all orders and judgments entered in 2219, nunc pro tunc, 03/20/2002 (the filing date of the 2219 complaint) (Appx. I at 15).

The District Court's grant of the 12/20/2007 Rule 41(a)(2) motion by the 2219 plaintiffs annulled and voided the orders and judgments the petitioner was accused of willfully violating in the criminal contempt prosecution United States v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224").

The 2219 plaintiffs did not refile their complaint on or before 03/20/2008; therefore the New York six (6) year statute of limitations (N.Y CPLR 213(2), cf. Appx. I at 9(3)) ran on the 2219 plaintiffs' claims, meaning the 12/20/2007 Rule 41(a)(2) dismissal without prejudice is now a **dismissal with prejudice.**

The **dismissal with prejudice** is res judicata and collateral estoppel on the 2219 plaintiffs' claims meaning that the defendant GPMT was the prevailing party in 2219.

Thus, lacking any **lawful** orders or judgments of record with respect to 2219 in favor of the 2219 plaintiffs, the United States' indictment in 04-Cr-1224 failed to charge an **offense** against the laws of the United States -- the 04-Cr-1224 indictment is null and void ab initio; and the petitioner's conviction and sentence in 04-Cr-1224 is required to be reversed and vacated, and the 04-Cr-1224 indictment dismissed with prejudice.

On 11/25/2002 (Appx. I at 13-17), the 02-CV-2219 District Court (Dkt. #50) entered its opinion (the law of the case) reported at 2002 U.S. Dist. LX 22803 (SDNY 2002).

The findings made by the District Court were not appealed by the 2219 plaintiffs. The District Court found (Id. at 15) that "on February 2, 2001, each of the four Plaintiffs entered into separate loan agreements with the Defendant" GPMT.

Critical to this matter on petition for the writ is the indisputable facts also found by the District Court which conferred 15 USC §77b(a)(11) statutory underwriter status on the four 02-CV-2219 Plaintiffs at Appx. I at 16.

The District Court found as the 'law of the case' the following:

> Third, the agreement required Defendant [GPMT] to 'use its reasonable commercial efforts' to register with the Securities and Exchange Commission ("SEC") [for a public offering] 200% of [GPMT's] [] stock subject to conversion. Defendant [GPMT] was required to file for registration [on Form SB-2] **by May 3, 2001** [about 90 days from the date of purchase of the securities], and registration was **required** to be effective by June 17, 2001. See Subscription Agreement [¶] 10.1(iv). (Emphasis added). (the "Statutory Underwriter Finding").

It is indisputable that the District Court found that the 2219 plaintiffs "comtemplated" a 'public offering' of GPMT's securities from the date of purchase -- the 2219 plaintiffs were not **bona fide** investors, but rather underwriters and dealers of GPMT's securities (cf. 15 USC §77b(a)(11), Appx. I at 32 for definition of statutory underwriters and dealer).

It is indisputable that the 02-CV-2219 plaintiffs "purchased [GPMT's securities on 02/02/2001] from an issuer [GPMT] with a view to ... the distribution [('public offering')] of [GPMT's] securit[ies]." (emphasis added).

Therefore, the District Court found as the 'law of the case' that the 2219 plaintiffs were in fact statutory underwriters, which the District Court adopted the language in the Statutory Underwriter Finding directly from ¶10.1(iv) of the Plaintiffs' Subscription Agreement, and ¶13 of the Plaintiffs' complaint (Appx. I at 21-22).

More importantly, on 08/12/2010 (Appx. I at 33, 36-37, 41-45, ¶3), Preet Bharara (the United States attorney for the Southern District of New York),(the "USAO") judicially admitted in the United States' response brief filed in United States v.

Ware, 09-0851-Cr at page 5, ¶3 (Appx. I at 45), the following which admitted and conceded that the 2219 Plaintiffs were in fact statutory underwriters pleading the United States out of court:

> Specifically, the Civil Plaintiffs alleged [at ¶13 of the 2219 complaint based on the language from ¶10.1(iv) of the Subscription Agreement] that [GPMT] had failed **to register the stock** underlying the Loan Agreements [GX 1-4 and GX-5 government trial exhibits in 04-CR-1224] with the United States Securities and Exchange Commission (the "SEC"), as **required** by the Loan Agreements. (emphasis added). (the "USA's Judicial Admission").

On 08/12/2010 the United States' Department of Justice, (the "DOJ") judicially admitted in its statement of facts in its response brief (binding on the USAO and the Office of the Solicitor General, (the "OSG") in this proceeding, was binding on the Second Circuit in 11-2151-Cr and 09-0851-Cr, and the 04-Cr-1224 District Court in the Rule 33 motion for a new trial, (Appx. I at 45, ¶3), the USA's Judicial Admission.

The United States' Judicial Admission judicially estopped the United States from arguing contrary to its admission in the Court of Appeals in 09-0851-Cr and 11-2151-Cr, i.e., the reason that the Second Circuit committed a fraud on the court and did not allow an appeal in 11-2151-Cr knowing that in its response brief the United States could not argue against its own Judicial Admission -- the fraudulent factual basis for the 03/02/2012 order (Appx. A).

Furthermore, on 08/12/2010 (the filing date of the United States' fraudulent response brief signed by officers of the court Preet Bharara, Katherine Polk-Failla, Sarah E. Paul, and Maria E. Douvas), (the "DOJ Agents"), the United States knew that their trial witness Kenneth A. Zitter, Esq. (an officer of the court) had on 12/18/2007 (Dkt. #90; Appx. I at 34) moved the 02-CV-2219 court: "Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon request of Plaintiff Alpha Capital [AG], this case is dismissed without prejudice." (emphasis added).

Therefore, two years and eight months before the United States filed its fraudulent and bogus response brief in 09-0851-Cr Preet Bharara knew that 02-CV-2219

had been dismissed without prejudice on 12/20/2007 (Appx. Id.), **annulling and voiding** the 04-Cr-1224 indictment.

Preet Bharara (the United States attorney) also knew on 08/12/2010 the date he filed his fraudulent and bogus response brief on behalf of the United States to commit a fraud on the Second Circuit, that the 2219 Plaintiffs never refiled their complaint before 03/20/2008 (the statute of limitation ran on the Plaintiffs' bogus claims in 02-CV-2219) indisputably voiding ab initio the 04-Cr-1224 indictment -- which the Second Circuit also knew because the petitioner informed the Second Circuit in his motion for leave to appeal in United States v. Ware, 11-2151-Cr and in 11-4181-CV (an appeal of the denial of the Rule 60(b)(4, 6) and Rule 60(d)(3) motions filed by the petitioner -- which the Second Circuit has sat on for more than nine months). (Id. at 9(3)).

2.

On 11/17/2004 the United States (U.S. attorney David Kelly) procured a fraudulent indictment (Appx. I at 46-56), committing a fraud on a federal grand jury (18 USC §1621-23)) by submitting fabricated evidence that the petitioner had violated "lawful" orders of the 02-CV-2219 court -- orders (Appx. I at 18-19) Kelly knew were unlawful.

On 11/17/2004 United States attorney David Kelly, AUSAs Alexander H. Southwell, and Nicholas S. Goldin, committed a fraud on a federal grand jury by presenting the following fraudulent and fabricated evidence to procure the 04-Cr-1224 indictment: ¶12 of the 04-Cr-1224 indictment (Appx. I at 49) pled the United States out of court by admitting the 02-CV-2219 Plaintiffs were in fact 15 USC §77b(a)(11) statutory underwriters of GPMT's securities:

> In or around February 2002, the Civil Plaintiffs declared [GPMT] in default of the Loan Agreements based on [GPMT's] failure to fulfill certain of its obligations under the Loan Agreement [¶10.1(iv) of the Subscription Agreement] related to having the **stock underlying the Loan Agreement registered with the United States [SEC].** (emphasis added). (the "Indictment Judicial Admission").

The United States pled itself out of court by pleading the Indictment Judicial Admission: for the United States to admit and prove at trial ¶12 required the District

Court to enter a directed verdict of acquittal upon swearing of the jury in 04-Cr-1224.

United States attorney Michael J. Garcia in collusion and conspiring with District Judge Robert W. Sweet, and Edward T. M. Garland, Esq. (petitioner's retained counsel prior to firing Garland who refused to file a motion to dismiss the indictment or challenge the indictment in any way -- petitioner conducted the 04-Cr-1224 trial as pro se counsel and on appeal in 09-0851-Cr and 11-2151-Cr, and 11-4181-CV) forced 04-CR-1224 to trial, and had District Judge Robert W. Sweet criminally violate the petitioner's civil rights by accepting evidence in 04-CR-1224 in violation of 18 USC §3231 (the 1224 indictment failed to charge an **offense** against the laws of the United States).

District Judge Sweet and Michael J. Garcia both criminally violated 18 USC §§241, 242, 371, 1201-02 (kidnapping the petitioner on 02/03/2005 and again on 11/26/2007 by the U.S. Marshals), and 1961-64 by adjudicating 04-Cr-1224 and entering a fraudulent judgment of conviction and sentence; and Garcia, and Bharara colluded with the Second Circuit in 09-0851-Cr and 11-2151-Cr to have that Court enter fraudulent and bogus judicial orders and judgments while knowing that 02-CV-2219 was dismissed on 12/20/2007 (Appx. at I at 34), (2) while knowing that the 04-Cr-1224 indictment (¶12, Appx. I at 49) pled the United States out of court acquitting the petitioner of all fraudulent and bogus charges in the 04-CR-1224 indictment.

**3.**

This entire fiasco was orchestrated by District Judge Leonard B. Sand, Kenneth A. Zitter, Esq. (an officer of the court), government trial witness Ari Rabinowitz, Circuit Judge Peter W. Hall, Chief Judge Dennis G. Jacobs, District Judge William H. Pauley, III, Circuit Judge Amalya L. Kearse, Circuit Judge Robert A. Katzmann, District Judge Barbara S. Jones, the 02-CV-2219 Plaintiffs, Dennis S. Meir, Thomas V. Sjoblom, Esq., Proskauer & Rose, LLP, Edward T. M. Garland, Esq., District Judge Robert W. Sweet, Circuit Judge B.D. Parker, Circuit Judge Rosemary S. Pooler, Circuit Judge Renna Raggi, David Kelly, Michael J. Garcia, Preet Bharara, District Judge

Thomas W. Thrash, Jr. (ND GA), Magistrate Judge Linda T. Walker (ND GA), Nathan Ladenburg, Ladenburg Thalmann & Co., Inc., Thomas J. McCarthy, Lisa Scolari, James H. Roth, Alexander H. Southwell, Nicholas S. Goldin, Maria E. Douvas, Alexander J. Wilson, Sarah E. Paul, Katherine Polk-Failla (a purported genius), SEC counsel Jeffrey B. Norris, Spencer C. Barasch, District Judge Kent J. Dawson (D. NV), Magistrate Judge Robert J. Johnston, Manny Arora, Esq., David Levitt, Esq., John W. Mills, III, Kilpatrick, Townsend, & Stockton, LLP (ATL), Bankr. Judge Margaret H. Murphy, James Morewitz (ND GA Trustee's office), Kelly Quinn, all officers of the court and all committed a **fraud** on the federal courts of the United States in colluding, conspiring, and racketeering with federal prosecutors of the Department of Justice, and federal judges to extort GPMT of +$18 million in free trading securities, and more than +$500 million in market capitalization. (18 USC §§201, 241-42, 371, 891-94, 1201-02, and 1343, 1346, 1505, 1509, 1510, 1621-23, 1956-57, and 1961-64; and 15 USC §§77x, and 78ff).

**PROCEDURAL HISTORY OF THE PROCEEDINGS BELOW.**

On 11/17/2004 (Appx. I at 46-56) the United States purportedly procured an indictment in United States v. Ware, 04-CR-1224 (RWS)(SDNY), ("1224") charging the petitioner with three counts of violation of 18 USC §401(3) -- criminal contempt.

At that time petitioner was a licensed attorney in the state of Georgia (a securities lawyer) and counsel to the defendant in 02-CV-2219 GPMT.

However, in the same indictment the United States judicially admitted and pled itself out of court in ¶12 (Appx. I at 49) -- the United States judicially admitted that the Plaintiffs in 02-CV-2219 were in fact 15 USC §77b(a)(11) statutory underwriters of GPMT's securities, rendering the indictment null and void ab initio: It is not an **offense** against the laws of the United States for a securities lawyer to not issue fraudulent and bogus Rule 144(k) (2004) legal opinions to the 02-CV-2219 Plaintiffs admitted statutory underwriters (Appx. I at 22). SEC Release 33-7190 and SEC IR 5121 (statutory underwriter must register all distributions of securities).

On November 13, 2007 (as pro se counsel) petitioner proceeded to trial in 04-Cr-1224 before District Judge Robert W. Sweet in New York, NY (SDNY). A mistrial was

declared by District Judge Sweet who sustained the petitioner's Batson challenge to the United States attempt to cleanse the jury of African Americans. (Tr. 81-90).

On November 14, 2007 a new jury was picked and the trial proceeded with the United States calling as witnesses 02-CV-2219 Plaintiffs' counsel Kenneth A. Zitter, Esq., 02-CV-2219 Plaintiffs' agent Ari Rabinowitz, 03-0831-KJD-RJJ (D. NV) SEC counsel Jeffrey B. Norris, Esq., and Kelly Quinn, (the "USA Witnesses").

At the swearing of the jury the petitioner moved the District Court to dismiss the indictment for failure to charge an offense against the laws of the United States. The District Court denied the motion to dismiss the indictment.

At the close of the United States' case in chief the petitioner made a Rule 29 motion for a directed verdict of acquittal. That motion was also denied by the District Court. The petitioner rested his case without calling any witnesses, and again moved for a Rule 29 directed verdict of acquittal, which was again denied by the District Court.

On 11/21/2007 the jury purported to return a verdict of guilty, however, there was no actual finding of guilt by the jury on the jury form -- District Judge Sweet declared the petitioner guilty (petitioner has attempted to obtain a copy of the jury form but has been refused attempts to obtain a copy by the District Clerk's Office (SDNY)).

On 11/26/2007 on motion by United States attorney Michael J. Garcia, the petitioner was detained where Garcia asserted to the District Court that petitioner was eligible for a life sentence and therefore, criminal contempt was not a bailable offense while the petitioner appealed the conviction and sentence.

On 01/27/2009 the District Court sentenced the petitioner to 97 months in prison, a fine of $12,500, and $300 special assessment.

On or about 02/24/2010 the petitioner file his opening brief in United States v. Ware, 09-0851-Cr appealing his conviction and sentence in 04-Cr-1224.

The United States filed its fraudulent response brief on 08/12/2010 in 09-0851-Cr.

On 11/04/2010 reported at <u>United States v. Ware</u>, 399 Fed. Appx. 659 (2d Cir. 2010), (Appx. B) the Second Circuit affirmed petitioner's conviction and sentence in 04-Cr-1224.

On 11/24/2010 (Dkt. #24) petitioner filed a Rule 33 motion for a new trial in the District Court with respect to the 12/20/2007 Rule 41(a)(2) voluntary dismissal of 02-CV-2219, which the District Court reported at <u>United States v. Ware</u>, 2011 U.S. Dist. LX 5143 (SDNY 01/19/2011) denied on 01/19/2011. (Appx. C).

On 03/18/2011 (Dkt. #118) the District Court denied the petitioner's Rule 59(e) motion for reconsideration of the denial of the Rule 33 motion for a new trial.

On 04/14/2011 petitioner filed his notice of appeal from Dkt. #118 in the District Court -- assigned the case file # <u>United States v. Ware</u>, 11-2151-Cr (2d Cir.).

On 03/02/2012 the Second Circuit purported to deny the petitioner's motion for leave to file an appeal in a <u>criminal</u> case in violation of the Due Process Clause. (Appx. A).

On 05/31/2012 Justice Ginsburg extended until July 30, 2012 for petitioner to file a petition for certiorari with respect to the 03/02/2012 order of the Second Circuit. (Appx. A at 2).

The District Clerk has refused attempts by the petitioner to obtain a <u>certified</u> copy of the 04-CR-1224 and 02-CV-2219 docket sheets, as well as a copy of the jury verdict form in 04-CR-1224.

Warden J.A. Keller and counselor Thurman both denied the petitioner's request for time away from work to prepare this petition which severally and irreparably prejudiced petitioner's preparation of this petition. (Appx. K at 1-2).

**REASONS WHY THE WRIT SHOULD ISSUE.**

First, the writ should issue, which is more fully explained in §§ II - VI, infra, for the indisputable reason that the United States on 08/12/2010 in its response brief filed in United States v. Ware, 09-0851-Cr (2d Cir.), (Appx. I at 33, 36-37, 41-45, ¶3) judicially admitted, which is binding on this Court and all courts, and cannot be controverted by the United States -- preventing the United States from arguing the guilt of the petitioner -- that in fact the 02-CV-2219 plaintiffs were 15 USC §77b(a)(11) statutory underwriters of 02-CV-2219 defendant (GPMT's) securities. (the "USA's Judicial Admission").

The USA's Judicial Admission made on 08/12/2010 (Appx. I at 45, ¶3) pled the United States (the real party in interest) out of court, i.e., the Judicial Admission terminated any live "case" or "controversy" with respect to the underwriter status of the 02-CV-2219 plaintiffs rendering the criminal prosecution in 04-CR-1224 null and void ab initio, requiring the 04-CR-1224 indictment to be dismissed with prejudice.

Second, the 03/02/2012 decision by the Second Circuit (Appx. A) denying the petitioner's motion for leave to appeal from the 04-Cr-1224 proceedings, violated the petitioner's statutory right to appeal and also violated the petitioner's Fifth Amendment Due Process Clause rights where the Second Circuit's 11-2151-Cr panel (Circuit Judges Hall, Katzmann, and District Judge Jones (SDNY)) all knew the 04-CR-1224 indictment failed to charge an **offense** against the laws of the United States; and therefore, the Second Circuit lacked all subject matter jurisdiction over the proceedings to enter the 03/02/2012 order. (Appx. I at 28-30).

The Second Circuit's 03/02/2012 decision (Appx. A) clearly conflicts with this Court's decision in Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 94 (1995) (J. Scalia) (First, as a threshold issue, this court must, sua sponte, determine its subject matter jurisdiction, and then determine the subject matter jurisdiction of the court from which the record came before proceeding to the merits of the claim).

Mr. Justice Scalia in writing for the Court explained the concept that "jurisdiction" is the authority to announce the law; and lacking jurisdiction over the proceedings a court can proceed no further and is required to "announce the fact and dismiss the cause." (Id. at 94).

The Second Circuit, before entering the 03/02/2012 order (Appx. A), as a threshold matter, was "first" required to, sua sponte, determine its subject matter jurisdiction over the 11-2151-Cr proceedings, and then (2) determine the 04-Cr-1224 (RWS)(SDNY) court's jurisdiction of those proceedings -- that was not done by this Court by Justice Ginsburg with respect to the 07/06/2012 denial of a bail application (12A13), nor done by the Second Circuit prior to entry of the 03/02/2012 order (Appx. A). Cf. Appx. I at 28-30.

The Second Circuit's 03/02/2012 decision, furthermore, conflicts with this Court's decision in Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (United States prohibited from collateral attack of final orders and judgments entered in U.S. Bankruptcy Court entered on 12/03/2003 in GPMT's Chap. 7 pursuant to 11 USC $§362(a) and 365(c)(2)) sitting in Northern District of Georgia (within the Eleventh Judicial Circuit). 28 USC §1294(1).

Furthermore, reading Celotex,, 514 U.S. at 313 in pari materia with 28 USC §1294(1), the Second Circuit lacked territorial subject matter jurisdiction to review final orders entered in a bankruptcy court sitting in the Eleventh Judicial Circuit, cf. with 28 USC §§46(a-d) (2012). (Appx. I at 28-29); 28 USC §1294(1).

Applying the reasoning in Steel Co., 523 U.S. at 94 in pari materia with 28 USC §§46 (a-d) and 28 USC 1294(1) in pari materia with Celotex, 514 U.S. at 313, it is indisputble that the Second Circuit lacked all subject matter jurisdiction over the 11-2151-Cr proceedings; and accordingly this Court currently lacks subject matter jurisdiction over this proceeding: the issues are moot. Id.

Steel Co., Id. taught that this Court is prohibited from reaching the merits of the issues presented for review and is required to "announce the fact" it lacks subject matter jurisdiction over the proceedings and "dismiss the cause." Id. at 94. (emphasis added).

**ADDITIONAL REASONS WHY THE WRIT SHOULD ISSUE.**

First and foremost, an Article III court is of limited jurisdiction requiring a live "case" or "controversy" to be present in the claims of the party invoking the court's jurisdiction (the United States in 04-CR-1224).

The United States' 08/12/2010 (Appx. I at 45, ¶3) judicial admission that the 02-CV-2219 plaintiffs were in fact 15 USC §77b(a)(11) statutory underwriters of 02-CV-2219 defendant (GPMT's) securities, rendered 04-CR-1224 moot: terminated any "controversy" with respect to the requirement to issue 17 CFR §230.144(k) (2003), ("Rule 144(k)") legal opinions to the 02-CV-2219 plaintiffs -- underwriters ineligible for Rule 144(k).

The Second Circuit's 03/02/2012 (Appx. A) decision conflicts with Securities and Exchange Commission, (the "SEC") national policy -- SEC Release 33-7190 and SEC IR 5121. Cf. Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 220 (3d Cir. 2006) (Discussing SEC Release 33-7190: Section 2(a)(11) statutory underwriter must register all distributions pursuant to Section 5 of the 1933 Act: ineligible for Rule 144(k)).

SEC Release 33-7190 and SEC IR 5121 agency interpretation of federal statutes are accorded and "have the force of law" (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 303 (1979)). Furthermore, precedents of this Court Auer v. Robbins, 519 U.S. 452, 461 (1997)(an agency's published interpretation of its own regulation will be treated as controlling if it is not plainly erroneous or inconsistent with the regulation); Stinson v. United States, 113 S. Ct. 1913, 1919 (1993) (same), conflict with the 3/2/12 ruling.

Therefore, the Second Circuit's 03/02/2012 decision is in clear conflict with decisions of this Court explaining that the SEC's interpretation of a statutory underwriter's obligation to register all distributions (public offerings), the SEC policy determinations "have the force of law" and are "controlling" on this Court and the Second Circuit, and the 02-CV-2219 and 04-CR-1224 district courts.

The Second Circuit erred as a matter of law in completely (intentionally) ignoring the indisputable "law of the case" (the 02-CV-2219 court's 11/25/2002 opinion (Appx. I at 13-17)) at Appx. 16 referencing the plaintiffs' own "Loan Agreements" (¶10.1(iv) of the Subscription Agreement) which conferred statutory underwriter status on the 02-

CV-2219 plaintiffs -- which SEC national policy (Release 33-7190 and SEC IR 5121) both required the 02-CV-2219 plaintiffs to register GPMT's securities **prior to** any sale.

However, the 02-CV-2219 District Court found as the law of the case (Appx. I at 16) finding:" ... but there is no dispute that the [GPMT] shares remain unregistered to this date" 11/25/2002. (emphasis added).

The above determination that the GPMT securities were never registered, which was not appealed by the 02-CV-2219 plaintiffs, is the indisputable law of the case during this proceeding, and before the Second Circuit in 09-0851-Cr and 11-2151-Cr.

Accordingly, lacking an effective registration statement in effect, the 02-CV-2219 plaintiffs (judicially admitted statutory underwriters) (Appx. I at 16), according to SEC national policy (SEC Release 33-7190 and SEC IR 5121) prohibited the issuance of any Rule 144(k) legal opinions to the 02-CV-2219 plaintiffs to conduct a 'public offering' of GPMT's securities: Federal law prohibited the issuance of the opinions.

Therefore, the 02-CV-2219 orders the petitioner (a securities lawyer) was accused of willfully violating were in fact not "lawful" orders within the scope of 18 USC §401(3), criminal contempt, (Appx. I at 20-23): there was no criminal contempt of any "lawful" orders entered by a court with subject matter jurisdiction over the proceedings. (Cf. Appx. I at 18-19 the District Court found there was no contempt).

Any order entered by the 02-CV-2219 court purporting to order the issuance of Rule 144(k) legal opinions to the 02-CV-2219 plaintiffs, the same party the 02-CV-2219 court found in the law of the case (Appx. I at 16), who (from the date of purchase of GPMT's notes) "required" GPMT to file "on Form SB-2" for "registration with the [SEC]" "200% of the stock potentially subject to conversion" "by May 3, 2001" less than 90 days from the date of purchase pursuant to "Subscription Agreement [¶]10.1(iv)", (emphasis added), was not a "lawful" order within the scope of 18 USC §401(3). (Appx. I at 20-24).

As a matter of law the petitioner is entitled to the requested relief of reversing and vacating the 04-Cr-1224 conviction and sentence, and therefore the writ should issue to correct a grave manifest injustice where the petitioner is factually and actually

innocent of the charges in the 04-CR-1224 indictment, notwithstanding the indisputable fact the 04-Cr-1224 indictment did not charge an **offense** against the laws of the United States.

Hence there was never a "case" or "controversy" or "probable cause" in either 04-Cr-1224 or 02-CV-2219 prohibiting the Second Circuit in 09-0851-Cr or 11-2151-Cr, pursuant to 28 USC §§46(a-d) (2010), from conducting any review, i.e., 11-2151-CR is moot. Steel Co., 523 U.S. at 94.

The Second Circuit in both 09-0851-Cr and 11-2151-Cr did exactly what Steel Co., Id. at 101 outlawed "hypothetical jurisdiction" over the proceedings in that court, rather than "first" sua sponte determining its jurisdiction, and "then" (second) determining the jurisdiction of the "courts from which the record c[a]me", i.e., the 04-Cr-1224- and 02-CV-2219 District Courts.

The Second Circuit's "hypothetical jurisdiction" produced no more than a "hypothetical judgment" -- an "advisory judgment" -- "disapproved by the Court from the beginning", Id. at 101, and null and void ab initio (a nullity).

The petitioner respectfully requests that this Court grant the issuance of the writ to the Second Circuit Court of Appeals and reverse and vacate both the conviction and sentence in United States v. Ware, 11-2151-Cr, and order the petitioner immediately released from custody of the Bureau of prisons; and order an immediately fraud on the court investigation of the proceedings in the courts below, and of the individuals involved in the criminal frauds on this Court, the Court of Appeals, and the District Courts to wit: Circuit Judges Kearse, Sack, Hall, Parker, Pooler, Raggi, Katzmann, Jacobs, Straub; District Judges Jones, Sweet, Sand, Pauley, Dawson, Thrash, Evans, Carnes, Magistrate Judges Walker (ND GA), Johnston (D. NV); and Attorney General Eric H. Holder, Jr., United States attorney Preet Bharara, David Kelly, and Michael J. Garcia, and **Justice Ginsburg,** Kenneth A. Zitter, Esq., Ari Rabinowitz, the 2219 plaintiffs, and others known and unknown must be held accountable for their crimes.

**ADDITIONAL REASONS WHY THE WRIT SHOULD ISSUE.**

I.

OPENING STATEMENT

A.

In U.S. v. Ware, 09-0851-Cr (2d Cir.), ("0851"), the Department of Justice (the "DOJ") pursuant to 28 USC §516, on behalf of the United States did in fact make a binding judicial admission (which is not disputable or controvertible by the DOJ or United States, and is res judicata and collateral estoppel), at page 5 ¶3 of its response brief that there is no "case" or "controversy" with respect to the 15 USC §77b(a)(11) statutory underwriter status of the plaintiffs in Alpha Capital, AG, et al. v. IVG Corp., a/k/a, "GPMT", et al., 02-CV-2219 (LBS)(SDNY), ("2219"), i.e., the District Court in U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224"), lacked 18 USC §3231 and Art. III subject matter jurisdiction to enter a judgment of conviction or sentence in 1224, and the criminal prosecution in 1224 is null and void ab initio, (the "Judicial Admission"). (Appx. I at 45, ¶3).

II.

A.

First, all due respect to the United States Supreme Court and its Article III authority to interpret the law. However, I would be negligently remiss if I did not bring to the Court's attention a very serious unexplainable error of law -- perhaps made with conviction -- but, nevertheless, a very serious error of law regarding Justice Ginsburg's 07/06/2012 decision entered in Ware v. United States, App. No. 12A13 in denying the Rule 22 application for bail with respect to 09-0851-Cr (2d Cir.) 03/02/2012 order (Appx. A at 1 and 2): A serious criminal fraud on the Court designed to affect the functioning of the judicial machinery and constituted obstruction of justice and mail fraud (two predicate offenses to establish racketeering as defined at 18 USC §1961-64).

In the following discussion I shall prove beyond any doubt that Justice Ginsburg erred as a matter of law and committed a fraud on the Court to cover up the crimes committed by judges of the Second Circuit to wit: Kearse, Pooler, Parker, Raggi, Hall,

Katzmann, Jacobs; and District Judges to wit: Jones, Sand, Sweet, and Pauley; and DOJ officials United States attorneys to wit: David Kelly, Michael J. Garcia, Eric H. Holder, Jr., Lanni Bruer, and Donald Verilli, (the "Judges") and (the "DOJ Officials"), respectively.

B.

I shall also prove beyond any doubt Justice Ginsburg's erroneous 07/06/2012 decision conflicts with numerous decisions of this Court in particular: U.S v. Nixon, 418 U.S. 683, 693-94 (1974) (Executive Branch's Article II, §3 prosecutorial political decisions are unreviewable and nonjusticiable by the judiciary, and the Executive Branch has absolute discretion); Baker v. Carr, 369 U.S. 186, 217 (1962) (Article III courts lack constitutional authority to review Article II, §3 decision of the Executive Branch pursuant to the 'separation of powers' doctrine -- the decision is not within the Article III purview of a federal court); Federated Department Stores, Inc. v. Moitie , 452 U.S. 394, 396-400 (1981) read in pari materia with Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1995) (J. Scalia) res judicata and collateral estoppel effect of Article II, §3 political decision (the Judicial Admission, see Appx. I at 45) terminated the Court's Article III, §2 subject matter jurisdiction to review the question presented in the 12A13 application for bail.

Justice Ginsburg's 07/06/2012 decision also conflicted with the Court's decision in Steel Co., 523 U.S. at 94:

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation omitted).

Mr. Justice Scalia further explained with respect to the jurisdiction requirement of a court, Ibid:

> "On every writ of error or appeal, the first and fundamental [threshold] question is that of jurisdiction, first, of this court, and then of the court [the Second Circuit (11-2151-Cr) and District Court (04-CR-1224)(SDNY)] from which the record comes. This [threshold] question [of subject matter jurisdiction] the court is bound to answer [sua sponte] even when not otherwise suggested [by] the parties." (emphasis added) (citation omitted).

Justice Ginsburg's 07/06/2012 decision also conflicts with Federal Rule of Civil Procedure 41(a)(2) and a decision of this Court, United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920) ("Where by an act of the parties [Rule 41(a)(2) 12/18/2007 motion by 02-CV-2219 plaintiff Alpha Capital, AG, (cf. Appx. I at 34) to voluntary dismiss 2219 without prejudice] ... the existing [Article III] controversy has come to an end, the existing case[s] [02-CV-2219, 04-CR-1224, and 11-2151] becomes moot, and should be treated accordingly.") (emphasis added).

Alpha Capital, AG voluntarily dismissed, pursuant to Rule 41(a)(2), 02-CV-2219 on 12/18/2007 (Dkt. #90), and the 02-CV-2219 court entered its final order dismissing 02-CV-2219 on 12/20/2007 **mooting 02-CV-2219** according to Supreme Court precedent. Alaska, Id. at 116. (Appx. I at 34).

Where the "court from which the record comes" (quoting Steel Co, 523 U.S. at 94), according to Justice Scalia's reasoning in which Justice Ginsburg joined in the judgment, lacked jurisdiction (after 12/18/2007), the Second Circuit (the court from which the record came) lacked jurisdiction to enter the 03/02/2012 order, and accordingly, this Court lacked jurisdiction over the merits and "the only function remaining [was] that of announcing the fact [the Court lacked subject matter jurisdiction] ... and [remanding to the 11-2151-Cr Second Circuit panel with instructions to issue a mandate to the 04-Cr-1224 district court to] dismiss[] the cause" with prejudice. (emphasis added), i.e., 11-2151-Cr, 04-CR-1224-Cr, and 02-CV-2219 are all moot.

Justice Ginsburg's 07/06/2012 decision also conflicts with Hazel Atlas-Glass Co., 232 U.S. 238 (1944) (fraud on the court, by an officer of the court or the court itself contaminates the judicial integrity of the proceedings and the judgment entered is required to be vitiated and voided); Universal Oil Products Co. v. Root Refining Co., 238 U.S. 575, 580 (1938) (same).

Rather than honor her oath of office and uphold the law fairly and impartially, Justice Ginsburg joined the ongoing criminal enterprise run from within the DOJ, the

Securities and Exchange Commission, (the "SEC"), and the federal courts in New York, (the Second Circuit in 07-5222-Cr, 07-5670-Cr, 09-0851-Cr, 11-2151-Cr, 11-4181-Cv, and 03-7973-CV; the District Court (SDNY) in 02-CV-2219, 04-Cr-1224, and 05-CR-1115-Cr), in Atlanta, GA (12-CV-1671) (ND GA); in Las Vegas, NV (03-0831-KJD-RJJ (D. NV)), the association-in-fact, (the "CCE") as defined in 18 USC §1961(4), committed a fraud on the court, and obstructed justice in entering the bogus and fraudulent 07/06/2012 order which indisputably conflicted with the referenced precedents of the Supreme Court of the United States and the Federal Rules of Civil Procedures. (Appx. A at 2: the bail order).

Due to an unprecedented criminal fraud committed by a Justice of the Supreme Court to cover-up crimes committed by the Executive Branch and the lower federal courts, the very integrity of the Supreme Court as an institution hangs in the balance, and public confidence and respect for its decisions hinges on how the Court handles this very serious matter: fraud by a sitting Justice to obstruct justice and cover-up a crime.

## III.

### A.

Furthermore, the intensity of the fraud committed in this case by a Justice of the Supreme Court (unprecedented in his egregiousness and insidiousness) is further magnified by the judicial admission made by the DOJ in its response brief filed in 09-0851-Cr on 08/12/2010, which also terminated an Article III, §2 "case" or "controversy" with respect to the 15 USC §77b(a)(11) statutory underwriter status of the plaintiffs in 02-CV-2219. (Appx. I at 45, ¶3).

On 08/12/2010 (Appx. I at 33, 41-45), the United States attorney for the Southern District of New York, (the "USAO"), Preet Bharara, and his chief of appeals (AUSA Katherine Polk-Failla, a purported "genius"), on behalf of the real party in interest (the United States), in fact judicially admitted that the plaintiffs in 02-CV-2219 were in fact 15 USC §77b(a)(11) (see Appx. I at 32 for statutory definition of underwriter) statutory underwriter of 02-CV-2219 defendant GPMT's securities.

Therefore, judicially admitting (which was binding on the Second Circuit in 11-2151-CR, and cannot be controverted by the United States in any future proceedings that

occur in this Court, the 04-Cr-1224, the 02-CV-2219 court, or the 11-2151-CR court, i.e., the statutory underwriter issue is no longer a "case" or "controversy" over which this Court, or any court has any jurisdiction over, the issue is moot. Cf. Steel Co., 523 U.S. at 94; Federated Dept. Stores, 452 U.S. at 394-400 (res judicata and collateral estoppel binds this Court and all courts and there are no exceptions).

B.

The DOJ's judicial admission (Appx. I at 45, ¶3) confirmed that the 02-CV-2219 plaintiffs' "loan Agreements" (the Subscription Agreement) (goverment trial exhibit in 04-CR-1224 GX-5, ¶10.1(iv)), and the 02-CV-2219 court's law of the case (Appx. I at 16) required (from the date of purchase ("02/02/2001"), see Appx. I at 15, that GPMT was "required by the Loan Agreements" "to register [its] stock underlying the Loan Agreements with the [SEC on Form SB-2 for a public offering]", (Id. at 45, ¶3), thus, confirming the 02-CV-2219 plaintiffs intended from the date of purchase (02/02/2001) to conduct a 'public offering' of GPMT's securities. Cf. definition of statutory underwriter at Appx. I at 32: 2219 plaintiffs "purchased from an issuer [(GPMT)] with a view to ... the distribution [(public offering)] of [GPMT's] securiti[es]." (emphasis added). Cf. Appx. I at 21-24.

The DOJ's (08/12/2010) pled the United States out of court in 11-2151-CR -- the DOJ's judicial admission terminated a live "case" or "controversy" with respect to a material issue of fact and law regarding the legality of the 02-CV-2219 plaintiffs' "Loan Agreements", which was resolved in favor of GPMT by the DOJ (Appx. I at 45), and the 02-CV-2219 court (Appx. Id. at 15-16), and which the 02-CV-2219 plaintiffs judicially admitted in their own complaint at ¶13 (see Appx. Id. at 21-22 for ¶13 of the 2219 complaint's language which pled the 2219 plaintiffs out of court on 03/20/2002 (the date of filing of the 2219 complaint (Appx. Id. at 15)).

Therefore, it is indisputable all parties agreed there was no "case" or "controversy" with respect to the statutory underwriter status of the 02-CV-2219 plaintiff, an issue which is collateral estoppel on the United States, the Second Circuit, the 2219 and 1224 courts, i.e., 02-CV-2219, 04-Cr-1224, 11-2151-Cr, are all

**moot.** . Steel Co., 523 U.S. at 94.

## IV.

### A.

Once this matter arrived in the Court via Rule 22 application for bail (12A13, Appx. A at 2), "first" as a threshold matter, Steel Co., 523 U.S. at 94, this Court was required (sua sponte) to confirm its "jurisdiction", Ibid, "and then of the court from which the record c[ame]" -- the Second Circuit in 11-2151-CR and the District Court in 04-CR-1224 (which originated from purportedly "lawful" orders entered in 02-CV-2219 (SDNY)).

Had Justice Ginsburg followed the mandate of the Court's decision in Steel Co, Justice Ginsburg "first" would have confirmed the Court's subject matter jurisdiction to adjudicate the merits of the questions presented in the bail application. And would have subjected the record to a thorough and sifting analysis with respect to records in 11-2151-CR, 09-0852-Cr, 04-Cr-1224-CR, and 02-CV-2219; and would have concluded the 02-CV-2219 plaintiffs pled themselves out of court on 03/20/2002 (Appx. I at 22-24, cf. ¶13 language and the definition of a 15 USC §77b(a)(11) statutory underwriter (Id. at 32): SEC national policy at SEC Release 33-7190 (see also Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 220 (3d Cir. 2006) (Discussing SEC Release 33-7190 -- Section 2(a)(11) statutory underwriters must register all distributions (public offerings) pursuant to Section 5 of the 1933 Act). (Appx. I at 21-24).

Had Justice Ginsburg followed the mandate of Steel Co, supra, rather than attempting to cover-up the crimes committed by the Judges of the Second Circuit and District Courts (SDNY), and thoroughly reviewed the above referenced portions of the indisputable record (see ¶13 of the 02-CV-2219 complaint (Appx. I at 22)) Justice Ginsburg would have "announced the fact" the Court lacked subject matter jurisdiction and remanded to the Second Circuit with a mandate to "dismiss the cause" (the 1224 indictment) with prejudice, and ordered Mr. Ware (the petitioner) immediately released from custody of the Bureau of Prisons -- that did not occur.

Rather instead Justice Ginsburg joined the CCE and continue the cover-up of the

CCE run from within the DOJ, the SEC, and the federal courts in New York, Atlanta, GA, and Las Vegas, and elsewhere.

B.

The "record" of the proceedings in 11-2151-Cr (which the petitioner was not allowed to file an appeal in a criminal matter in violation of his statutory right to appeal, and due process right to appeal the proceedings in 04-Cr-1224), the record indisputably revealed that on 12/20/2007 (Appx. I at 34) the 02-CV-2219 court, pursuant to Rule 41(a)(2) the 2219 court, on motion of plaintiff Alpha Capital, AG, dismissed 02-CV-2219 without prejudice annulling all orders and judgments.

Applying the reasoning in Alaska S.S. Co., 253 U.S. at 116, to the above indisputable fact, 02-CV-2219 became "moot" on 12/20/2007, i.e., more than 2.5 years before the USAO-SDNY filed the fraudulent and bogus appeal brief on 08/12/2010 in 09-0851-Cr; filed to obstruct justice, filed to commit a fraud on the Second Circuit, filed to criminally violate the petitioner's civil rights (18 USC §§241 and 242), and filed to cover-up the fact that Circuit Judges Parker, Pooler, and Raggi, on three occasions, committed a fraud on the court by not dismissing the 04-Cr-1224 indictment while knowing that the 04-CR-1224 indictment did not charge an "offense against the laws of the United States" claiming "law of the case" in 03-7973-Cv (2d Cir.), a civil case, prevented the 09-0851-Cr panel from dismissing the 04-Cr-1224 indictment.     Cf. Appx. I at 28-30 for a detailed analysis on why the 09-0851-Cr panel lacked all subject matter jurisdiction to enter any order in 09-0851-Cr.

However, a threshold issue which must be addressed is: Did the 04-Cr-1224-Cr indictment charge an **offense** against the laws of the Unites States? If not, the United States attorney (SDNY), David Kelly, Michael J. Garcia, and Preet Bharara all committed crimes by prosecuting 04-Cr-1224 (SDNY).

V.

THE 04-CR-1224 (SDNY) INDICTMENT FAILED TO CHARGE AN OFFENSE.

A.

The United States attorney knew on 11/17/2004 when the fraudulent and bogus 1224

indictment was allegedly returned (Appx. I at 3), that United States attorney David Kelly, and his surrogates AUSAs Alexander H. Southwell, and Nicholas S. Goldin, all knew that the 04-CR-1224 indictment did not charge an **offense** against the laws of the United States, which is required to establish 'probable cause' to seek an indictment pursuant to 28 USC §547(1).

It is not an **offense** against the laws of the United States for the petitioner (a securities lawyer) to not issue fraudulent and bogus 17 CFR §230.144(k) (2003), ("Rule 144(k)") legal opinions to the 02-CV-2219 plaintiffs, admitted statutory underwriters (Appx. I at 22 cf. ¶13 in 2219 complaint which pled the 2219 plaintiffs out of court by the judicial admission made in their own complaint).

SEC national policy (P. 19 §IV (a), supra; Appx. I at 20-24), SEC Release 33-7190 prohibited any Rule 144(k) exemption to the 02-CV-2219 plaintiffs to conduct a public offering of GPMT's securities, i.e., the alledged 02-CV-2219 orders which the petitioner was charged with violating, notwithstanding the indisputable fact the 2219 plaintiffs pled themselves out of court terminating the subject matter jurisdiction of the 2219 court to enter any orders, therefore were not "lawful" orders of a court having subject matter jurisdiction over the 02-CV-2219 proceedings, i.e., the orders were moot.

However, on 12/20/2007 (Appx. I at 34) the 02-CV-2219 plaintiffs dismissed, pursuant to Rule 41(a)(2), 02-CV-2219 **annulling and void** all orders and judgments entered in 02-CV-2219; also mooting and voiding the 04-CR-1224 indictment ab initio, even assuming, arguendo, the 1224 indictment actually charged an offense in the first instance. (Appx. I at 24-30).

Once 02-CV-2219 was dismissed on 12/20/2007 a live "case" or "controversy" no longer existed in 02-CV-2219, Alaska S.S. Co., 253 U.S. at 116, and 02-CV-2219 became moot: Mooting and voiding the 04-Cr-1224 indictment ab initio, voiding 09-0851-Cr, and voiding 11-2151-Cr, requiring the 04-Cr-1224 indictment to be dismissed with prejudice. Steel Co., 523 U.S. at 94.

B.

Lacking an offense the United States attorney lacked any basis to establish probable cause (to establish probable cause first requires an offense against the laws of the United States) -- United States attorney David Kelly committed a fraud on a federal grand jury (18 USC §1621-23) in presenting fraudulent information to the 04-CR-1224 grand jury (this Court is required to exercise its supervisory authority over government agents who practice before this Court (the Solicitor General) to dismiss the indictment in 04-Cr-1224).

Furthermore, lacking an offense the 04-Cr-1224 district court lacked authority and 18 USC §3231 subject matter jurisdiction to accept any evidence in 04-Cr-1224; and furthermore, lacked all authority to enter the judgment of conviction and sentence, both are null and void ab initio.

C.

The 02-CV-2219 court undoubtly on 12/20/2007 (Appx. I at 34) did in fact enter its final judgment dismissing 02-CV-2219 without prejudice **annulling and voiding** all orders and judgments entered in 02-CV-2219: The United States is currently in criminal contempt of the 12/20/2007 final judgment by continuing to prosecute 04-Cr-1224; and the Second Circuit is also in criminal contempt (18 USC §401(3)) of the 12/20/2007 final judgment by continuing to give effect to the null and void 04-Cr-1224 judgment of conviction -- this Court and all courts must accord full faith and credit (Article IV, §1) to the 02-CV-2219 court's final judgment (Appx. Id.), and dismiss the indictment with prejudice. Federated Dept. Stores, 452 U.S. at 396-400.

D.

Furthermore, a reason that the writ would issue is that the United States is prohibited from arguing in contradiction to its judicial admission made on 08/12/2010 (Appx. I at 45, ¶3) admitting that the 02-CV-2219 plaintiffs were in fact statutory underwriters of the defendant in 02-CV-2219 (GPMT's) securities: SEC national policy -- SEC Release 33-7190 and SEC Interpretive Release 5121 both prohibited the issuance of Rule 144(k) legal opinions to the 02-CV-2219 plaintiffs as a matter of law.

Therefore, accordingly, the 04-CR-1224 indictment failed to charge an offense -- the 02-Cv-2219 orders which the petitioner was accused of willfully violating, were not "lawful" orders within the scope of the statute (18 USC §401(3)) to punish for criminal contempt. (Appx. I at 20-23).

The United States attorney (SDNY) pursuant to federal law (28 USC §547(1)) was prohibited from seeking any indictment in 04-Cr-1224; and (2) the 04-Cr-1224 district court pursuant to 18 USC §3231 was prohibited from accepting any evidence in 1224 lacking an **offense** against the laws of the United States.

The indictment and the judgment of conviction are both null and void ab initio; and the DOJ officials who pursued the fraudulent indictment (United States attorneys David Kelly, Michael J. Garcia, and Preet Bharara) are all guilty of obstruction of justice and a criminal violation of 18 USC §241, 242, 371, 1201-02, 1621-23, and 1961-64, (the "Racketeering Offenses").

## VI.

### A.

The writ should issue for the reason that officials of the United States' Executive Branch, members of the DOJ knowingly, willingly, deliberately, and intentionally procured a fraudulent indictment (Appx. I at 3 Dkt. #1) in 04-CR-1224 to cover-up the crimes of the 02-CV-2219 plaintiffs' attempt to extort the defendant in 2219 (GPMT) and conduct an unregistered 'public offering' of its securities without SEC registration, and in violation of SEC national policy SEC Release 33-7190. (Appx. I at 20-31); criminal extortion by officials of the Judiciary and Executive Branches.

And criminally prosecuted the petitioner soley because the petitioner refused to join the CCE and assist in the criminal extortion of his client (GPMT) and issue the fraudulent Rule 144(k) legal opinions to the admitted statutory underwriters, the 02-CV-2219 plainitffs.

### B.

Justice Ginsburg for some unexplainable reason threw everything away and joined in the CCE's crimial activities to obstruct justice and commit a fraud on the Court

P. 40

on 07/06/2012 (Appx. A) knowingly, willfully, deliberately, and intentionally to commit a fraud on the court and to obstruct justice denying the petitioner relief, and refused to dismiss the 04-Cr-1224 indictment (Appx. I at 3) while knowing the indictment failed to charge an **offense** against the laws of the United States; and while knowing the 04-Cr-1224 indictment was null and void ab initio.after 12/20/2007 (Appx. I at 34).

The orchestration of this fraud on the highest court of the United States by members of the federal judiciary and members (former and current) of the Executive Branch, clearly and indisputably confirms that criminal forces control the government of the United States and have colluded to extort the public of more than \$25 billion in ill-gotten gains, conspiring with members of the SEC and private persons to wit: **fugitive** Thomas Badian and **convicted felon** Edward D. Grushko, Esq. in the systematic extortion of small publicly traded companies and their shareholders of their securities.

**POLICY REASONS WHY THE WRIT SHOULD ISSUE.**

The writ should issue for the salutary policy reason that no person is presumed to be above the law -- yet operate with impunity -- as members of the judiciary and Executive Branches of the United States Government.

This Court should grant the writ to send a stern message to Justice Ginsburg, Eric H. Holder, Jr., (the Attorney General); Donald Verilli (the Solicitor General); the Second Circuit Court of Appeals; the District Courts (SDNY), and the United States attorney (SDNY), that fraud and criminality will not be tolerated by this Court in no form or fashion, and the perpetrators will be swiftly dealt with to the fullest extent of the law, and criminally prosecuted and sentenced to harsh and severe sentences.

Nothing less than the criminal prosecution of the above named persons will instill in the public confidence in this Court's decisions, and confidence in the rule of law; rather than the criminals currently in control of the DOJ and the federal courts in New York, Atlanta, GA, Las Vegas, NV, and elsewhere.

The proceedings in the lowers courts are similar to the proceeding involving the Nixon administration regarding the ITT - Hartford scandal where two attorneys

generals were criminally prosecuted (Mitchell and Kliendiest) for obstruction of justice, which ultimately led to the Watergate scandal and the resignation of Richard M. Nixon.

The facts in the courts belows are indisputable: (1) On 12/20/2007 (Appx. I at 34) the 02-CV-2219 court did in fact, pursuant to Rule 41(a)(2) of the Fed. R. Civ. Proc., on motion of the initiating plaintiff (Alpha Capital, AG), dismiss 02-CV-2219 without prejudice **annulling and voiding** all orders and judgments in 02-CV-2219, as a matter of law.

It is further indisputable that the 02-CV-2219 plaintiffs did not refile the dismissed 02-CV-2219 complaint on or before 03/20/2008 (the New York six (6) statute of limitation for contract claims N.Y. CPLR 213(3)), therefore, accordingly, it is also indisputable that 02-CV-2219 is a nullity; and the alleged "lawful" orders and judgments the petitioner was purported convicted of violating on 11/21/2007 in United States v. Ware, 04-CR-1224 (RWS)(SDNY) (criminal contempt prosecution, see 1224 indictment at Appx. I at 46-56) is therefore null and void, and is required to be immediately dismissed with prejudice.

Furthermore, as of 12/20/2007 (Appx. I at 34), upon the dismissal of 02-CV-2219, the 02-CV-2219 court, the 04-Cr-1224 court, the Second Circuit's 09-0851-Cr, 11-2151-Cr, and 11-4181-CV panels, have all been in **criminal contempts** of the 12/20/2007 judgment dismissing 02-CV-2219 without prejudice.

And this Court is also in **criminal contempt** of the 12/20/2007 final judgment (Appx. I at 34) when on 07/06/2012 (Appx. A at 2) Circuit Justice Ginsburg denied the petitioner's bail application (App. No. 12A13).

The criminals which initiated and organized this criminal conspiracy have assiduously obstructed any impartial review of the indisputable fact that 02-CV-2219 is **moot**, and has been moot since 12/20/2007, almost five (5) the criminals on the Second Circuit Court of Appeals (Circuit Judges Parker, Pooler, Raggi, Hall, Katzmann, Kearse, Jacobs, Straub), and the District Court judges (Sand, Sweet, Jones, and

Pauley) have all known, and have criminally covered up the indisputable fact that 02-CV-2219 is moot, and the criminal prosecution in 04-CR-1224 is null and void -- the 04-Cr-1224 indictment (Appx. I at 46-56) did not charge an **offense** against the laws of the United States, and therefore the criminal prosecution of the petitioner was done illegally (for an improper purpose) to punish the petitioner for not joining the CCE and issuing fraudulent Rule 144(k) (2003) legal opinions to the admitted statutory underwriters (the 02-CV-2219 plaintiffs). Cf. Appx. L emails between SEC counsel Jeffrey B, Norris, Esq. (an officer of the court) and former AUSA Alexander H. Southwell and other SEC employees stating that the petitioner was "improperly" arrested on 09/01/2004 in Atlanta, GA regarding 02-CV-2219; and that the SEC is filing frivolous pleadings in the 03-0831-KJD-RJJ (D. NV) litigation to "punish" the petitioner "for questioning our judgment."

## CONCLUSION

Based on the forgoing indisputable fact that 02-CV-2219 is moot, the petitioner respectfully requests that this Court issue the writ to the respondent, Second Circuit Court of Appeals in United States v. Ware, 11-2151-CR with a mandate to immediately dismiss 04-CR-1224 with prejudice, and reverse and vacate the sentence entered therein; and instruct the Second Circuit to remand to the District Court with a mandate to conduct a fraud on the court proceeding, where the Office of the Solicitor General shall act as amicus to this Court and make a complete and thorough report to this Court of the findings in the fraud on the court proceedings.

Respectfully submitted by Counsel:

Ulysses Thomas Ware, pro se
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
07/23/2012 08:09:39 AM printed