Submitted by Counsel:

*Ulysses O. Ware* (signature)

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed

TWT

**PRIORITY**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

... 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

ULYSSES THOMAS WARE,
    PETITIONER,

VS.

WARDEN DARLEEN DREW,
BUREAU OF PRISONS,
ATLANTA PRISON CAMP.
    RESPONDENTS.

CASE #: 12-CV-
**1:12-CV-4397**

---

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

#5

12/12/2012 Memorandum of Law in Support of Claims Regarding:
U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224").

Criminal Frauds Committed by the Judges and Federal Prosecutors

1224 Proceedings Moot as a Matter of Law as of 12/20/2007 (cf. Dkt. #90:1224).
1115 Moot as a Matter of Law as of 11/07/2008, i.e., Executive Branch's
Article II, §3 Double Jeopardy Prosecutorial Political Decision.

FROM: 56218019
TO:
SUBJECT: Frauds of Second Circuit and Dist. Court Judges
DATE: 02/21/2012 12:39:17 PM

IN THE UNITED STATES COURT OF APPEALS3
FOR THE SECOND CIRCUIT

USA,
   PLAINTIFF- APPELLEE,

V.                                  CASE ##: 11-2151, 07-5222-CR, 07-5670(XAP), 09-0851-CR

ULYSSES THOMAS WARE,
   DEFENDANT- APPELLANT.

             Appellant Ware's 06/17/11 letter to the U.S. Senate Judiciary Committee: Senator Charles Grassley

via certified mail #: 7003 1680 0005 1205 2620
Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

                                      June 17, 2011

The Honorable Charles Grassley
Senate Judiciary Committee
United States Senate
Washington, D.C. 20510

RE: Alpha Capital, AG, Stonestreet, L.P., Amro International, S.A., Markham Holdings, Ltd., Thomas Badian, Edward Grushko, Esq., Ari Rabinowitz, Kenneth A. Zitter, Esq., Barbara R. Mittman, Esq., Nathan Landenburg, Esq., LH Financial, Circuit Judge Peter W. Hall, Dennis S. Meir, Esq., John W. Mills, III, Esq., Kilpatrick, Townsend, & Stockton, LLP (ATL), and Thomas V. Sjoblom, Esq., collectively (the "Racketeers"), regarding the largest insider-trading scam in U.S. history.

I. INTRODUCTION.

    Senator Grassley, this letter is in regard to the Racketeers listed above and their operations in the U.S. capital markets scamming more than 300-400 small publicly traded companies of free-trading securities using an illegal debt instrument charging usurious interest rate in violation of the loan sharking and RICO statutes: 18 USC 891-94 and 1962 (a)-(d), respectively.

    I recently read where you inquired of the SEC in particular and Director Robert Khuzami refused to disclose information you requested regarding referrals to the SEC concerning insider-trading at a large hedge fund.

    The Racketeers have been since 2001 and are currently conducting (cf. Pet Quarters, Inc., infra) the largest insider-trading scam in U.S. history according to the sworn testimony of Ari Rabinowitz in November 2007 in U.S. v. Ware, 04-Cr-1224(RWS) (SDNY) at Tr. 199-238, Rabinowitz testified and knowingly and willfully committed perjury on behalf of the United States stated that he, LH Financial, and Alpha Capital, AG had scammed (Tr. 204-06) "a good few hundred" companies using the convertible debenture usurious interest rate device in violation of 18 USC 891-94 and 18 USC 1961, i.e., loan sharking and extortion.

    Perhaps if you were to contact SEC Director of Enforcement, Khuzami and inquire as to how may referrals or complaints the

SEC has received regarding the Racketeers and what has been the SEC's response, maybe the full scope of the extortion will be revealed.

It is unusual in the least that the SEC has not initiated an enforcement action against Alpha Capital, AG, LH Financial, Ari Rabinowitz, Edward Grushko, Esq., Barbara R. Mittman, Esq., Kenneth A. Zitter, Dennis S. Meir, Esq., Kilpatrick, Townsend, & Stockton, LLP, and John W. Mills, Esq., who provide the legal machinery necessary for the inside trading and extortion to occur.

II. JUDICIAL EXTORTION SCHEME RUN FROM WITHIN THE COURTS AND THE UNITED STATES ATTORNEYS OFFICE-SDNY.

It is estimated the Racketeers have sucked out more than $25 billion in ill-gotten gain from the small investor and placed a large portion of the same in the pockets of judges -- who aid and abet the extortion by referring any party who will not pay the extortion for criminal prosecution in the SDNY -- sitting on the District Courts of the Southern District of New York and on the Second Circuit Court of Appeals to wit: Circuit Judges Peter W. Hall, Robert A. Katzmann, Amayla L. Kearse, Robert D. Sack, Reena Raggi, Rosemary S. Pooler, B.D. Parker, Dennis G. Jacobs, Robert W. Sweet, Leonard B. Sand, William H. Pauley, III, and Barbara S. Jones.

Senator Grassley, as the ranking republican on the Senate Judiciary Committee, the oversight responsibilities to make certain the judiciary and the executive branch do not become involved in criminal activities in violation of the constitution are in jeopardy in the Southern District of New York and on the Second Circuit Court of Appeals where several decisions cast doubt on the integrity of the Court and its members' objectives.

A. In particular Circuit Judge Peter W. Hall's relationship with LH Financial, Ari Rabinowitz, and the fugitive Thomas Badian must be vigorously investigated to ensure the public of the prerogative of judicial integrity in decisions made by Article III judicial officers on the merits rather than for hire.

In fact Circuit Judge Hall has sat on the panel in every case where both LH Financial and Ari Rabinowitz have appeared, and in each case the Second Circuit's panel rendered a highly suspicious and indefensible decision favoring the debenture holders which included LH Financial and Ari Rabinowitz, fugitive Thomas Badian and convicted felon Edward Grushko, Esq.: (1) Esquire Trade and Finance Co, Inc. v, CBQ, Inc., 562 F.3d 512 (2d Cir. 2009); (2) U.S. v. Ware, 2010 U.S. App. LX 22956 (2d Cir. 2010); Esquire Trade and Finance, Inc. v. CBQ, Inc., 2009 U.S. LX 105417 (November 5, 2009 SDNY 2009) cf. part III(A) Breach of Contract (the District Court noted regarding Ari Rabinowitz: "Plaintiffs' second witness, Ari Rabinowitz, provided mere approximations concerning Plaintiffs' alleged damages" in ruling against Esquire which the Hall panel overruled.)

In U.S. v. Ware, supra, Circuit Judge Hall, Katzmann, and District Judge Barbara S. Jones (SDNY) entered a decision on November 4, 2010 so far from reasonable their mental sanity must be questioned which favored LH Financial, Ari Rabinowitz and the Racketeers.

Exactly, the panel, notwithstanding the indisputable fact the United States made a "political decision" and decided to conceded the fact that the plaintiffs in 02-CV-2219(LBS)(SDNY), ("2219") were in fact 15 USC 77b(a)(11) statutory underwriters and dealers and therefore ineligible for Rule 144(k) (2002), the panel nevertheless ruled the 2219 plaintiffs were eligible for Rule 144(k) despite SEC Release 33-7190, SEC IR 5121, and the holding in Berckley Investment Group, Ltd. v. Colkitt, 455 F.3d 195, 220 (2d Cir. 2006)(the Court noted that SEC Release 33-7190 requires all distributions by statutory underwriters be registered pursuant to Section 5 of the 1933 Act).

B. The Hall panel's decision in Ware, supra, was similar to the decision in Esquire, supra, where Esquire's counsel, Id. at 520 conceded the issue, yet the panel purportedly combed the record and found a reason to overrule the concession: in Ware, supra, the United States conceded points 1, 2, 3, 4, 5, and 9 presented for review to the court by Ware on appeal (09-0851-Cr (2d Cir.), i.e., the Executive Branch made an unreviewable nonjusticiable Article II, Section 3 "political decision", which the Article III court lacked any authority to disregard and overrule, yet the panel again overruled and disregarded an Executive Branch Article II, Section 3 prerogative.

Which is to say the least very suspicious that an appeals court after counsel conceded an issue would disregard the concession especially when made by the Executive Branch: the panel's action was in violation of the separation of powers and the Fifth Amendment Due Process Clause.

CONCESSIONS BY USAO AND OSG IN 09-0851-CR.

C. In U.S. v. Ware, 09-0851-Cr the USAO and OSG both conceded the fact in their appeals brief filed in 09-0851-Cr pursuant

to 28 CFR 0.20 (a, b) that the 2219 plaintiffs were statutory underwriters and dealers and therefore ineligible for Rule 144(k); and yet the Hall panel of the Second Circuit again disregarded an unreviewable nonjusticiable "political decision" by the Executive Branch exercising Article II, Section 3 prerogatives and overruled the OSG's mandate that the United States conceded the issue which terminated an Article III, Section live case or controversy in 04-Cr-1224(RWS)(SDNY).

Once the Executive Branch conceded the fact the 2219 plaintiffs were statutory underwriters (point 1) and further conceded the indictment failed to charge an indictable "offense" (point 3) the Hall panel lost all subject matter jurisdiction to adjudicate 09-0851-Cr lacking a live case or controversy, i.e., the United States' abandoned the issue whether or not the 2219 plaintiffs were statutory underwriters and dealers; and abandoned the issue that the indictment in 1224 did not charge an "offense."

D. Another recent case involving the Racketeers is Pet Quarters, Inc. v. Landenburg Thalmann & Co., Inc., 2011 U.S. Dist. LX 33912 (March 28, 2011 E.D. Ark.) there the plaintiff is suing fugitive Thomas Badian and Landenburg Thalmann for inducing the company to accept "toxic" financing from the Badian Gang involving the illegal debt instrument (the usurious convertible debenture) purchased pursuant to an illegal subscription agreement which by its terms prohibits Badian and the Racketeers from trading in the shares of the financing company due to the dealer status and insiders status resulting from the purported "investors" being insiders.

Actually, the purported "investors" are not investors at all, rather are "dealers" because the Racketeers intend from the date of purchase to immediately "resale" the securities, and therefore are not bona fide "investors"; and fraudulently induce the issuer to seek an exemption from the securities laws to issue the restricted securities (Section 4 of the 1933 Act) while knowing an exemption from Section 5 requirements is not available, i.e., a violation of 15 USC 77e(a), 77x, 78j(b), 78ff, Rule 10b-5, and criminal violation 18 USC 2, 371, 891-94, 1343, 1956-57, and 1962 (a)-(d).

III. District Judge William H. Pauley, III Frauds.

Senator Grassley if you will have one of your staffer access docket ## 31, 32, 40, 84, and 88 in 05-Cr-1115(WHP)(SDNY) then you will have definitive proof of the lies told by former AUSA Alexander H. Southwell, Steven D. Feldman and Nicholas S. Goldin with the implied consent of former U.S. Attorney Michel J. Garcia.

Southwell stated in open court on May 19, 2006 (Dkt. # 17) and again on January 5, 2007 (Dkt. #44) that he did not have any email correspondence with SEC counsel Jeffrey B. Norris, Esq., which was a flat out lie: Southwell and Norris had extensive email communications where Southwell supplied Norris with the fraudulent December 22, 2003 bogus referral order of Judge Sand purporting to refer Ware to the USAO-SDNY for contempt of court of the bogus orders entered in 2219 authorizing the fraudulent Ponzi scam run by the Racketeers. (Dkt. ## 50, 54, and 65).

Norris presented the bogus 2219 order of Judge Sand to District Judge Kent J. Dawson in the SEC's bogus Las Vegas litigation (03-0831-KJD-RJJ (D. NV), ("0831") as a plan and scheme to fabricate fraudulent evidence that was used in 0831 and in 1115 and to gather evidence using the Federal Rules of Civil Procedure -- rather than the restrictive Fed. Rules of Criminal Procedure.

Senator Grassley the record is indisputable and has yet to be disputed by District Judge Pauley or Sand in regard to the bogus orders entered by Judge Sand in 2219 which were null and void ab initio.

If you would please conduct an investigation and seek the Department of Justice to appoint a Special Prosecutor to criminally investigate the suspicious activities of Judges Peter W. Hall, Robert A. Katzmann, William H. Pauley, III, Robert W. Sweet, Robert D. Sack, Reena Raggi, Rosemary S. Pooler, Barbara S. Jones, B.D. Parker, Amalya L. Kearse, Kent J. Dawson (D,. NV), David Kelly, Michael J. Garcia, Preet Bharara, Katherine Polk-Failla, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Alexander J. Wilson, Neal K. Katyal, and the Racketeers, as well as officials of the SEC for potential impropriety regarding the obvious racketeering conduct of the Badian Gang for criminal activities.

The public will be assured that justice is not for sale to the highest bidder in the Southern District of New York and on the Second Circuit Court of Appeals if a thorough "public" investigation is conducted.

Sincerely,

Ulysses Thomas Ware

cc: Circuit Clerk's Office for filing in 11-2151, 07-5222-Cr.
District Clerk's Office for filing in 1224, and 1115.
SEC Director of Enforcement Robert Khuzami, Esq.

CERTIFICATE OF SERVICE
I Ulysses Thomas Ware have this 20th day of June, 2011 served Preet Bharara with a copy of this pleading at One St. andrews Plaza, NY, NY 10007.

---

FROM: 56218019
TO:
SUBJECT: 06/29/11 Letter of inquiry
DATE: 02/21/2012 10:45:38 AM

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
Atlanta, GA 30315

June 29, 2011

Catherine O'Hagan-Wolfe
Circuit Clerk's Office
U.S. Court of Appeals
For the Second Circuit
U.S. Courthouse
500 Pearl St.
New York, NY 10007

RE: U.S. v. Ware, 11-2151-Cr (Motion to Dismiss the Indictment filed on June 13, 2011, "pleading #1"); 07-5222-Cr, 07-5670 (XAP) (Fraud on the Court filed on May 9, 2011, "pleading #2").

Ms. O'Hagan-Wolfe:

    This letter of inquiry is in regard to the matters referenced above which your office has not confirmed receipt or filing and docketing of the dispositive pleadings in the official record as requested by appellant Ware.

    Accordingly, this letter is a request for the Office of the Circuit Clerk for the Second Circuit Court of Appeals to confirm or deny in writing under penalty of perjury whether or not the above referenced pleadings were docketed within three (3) days of receipt and filed in the official records of the Court; and (2) what is the expected course of action in regard to the fraud on the court pleading?

    In particular when will the issues in the fraud on the court pleading #1 be addressed and in what manner and format will the required independent adversarial proceedings be conducted according to the Supreme Court's rule of law in Hazel Atlas-Glass?

    Moreover, a dispositive pleading #2 was filed in the Court via certified mail # 7003 1680 0005 1205 2811 on 06/13/11 with a request for confirmation where a SASE envelop and a duplicate pleading were provided which has yet to be returned to appellant Ware confirming the pleading has been docketed and filed into the official records for adjudication by the Court.

    Ms. O'Hagan-Wolfe currently you are named in a fraud on the court obstruction of justice action and will also be named as a defendant in the civil litigation to follow the resolution of these matters, where you and deputy clerk Margaret Lain have obstructed justice in refusing to file pleadings into the official record of the Court in a futile and risible attempt to cover up the continuing criminal enterprise run by Circuit Judges Kearse, Sack, Hall, Katzmann, Pooler, Raggi, Parker, Jacobs, and District Judges Sand, Sweet, Pauley, and Jones.

    Unless I receive a written response to this letter of inquiry not later than July 7, 2011 then it will be assumed that the Office of the Circuit Clerk does not intend to file pleading ##1, 2 submitted to the Court for adjudication and will continue to obstruct justice by covering up the criminal activities of the Circuit and District Judges in violation of the racketeering statutes of the United States.

Sincerely,

*/s/ Ulysses T. Ware*
Ulysses Thomas Ware

cc: Senator Charles Grassley (Senate Judiciary Committee)
    Chief Judge Dennis G. Jacobs

FROM: 56218019
TO:
SUBJECT: 1115: Final Outstanding Issues to be resolved
DATE: 09/10/2011 01:35:44 PM

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

September 10, 2011

The Honorable District Judge
William H. Pauley, III
U.S. District Court
For the Southern District of New York
U.S. Courthouse
500 Pearl St.
New York, NY 10007

RE: U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115"): Outstanding motions since October 7, 2010.

District Judge Pauley:

This letter memorandum is a 'good faith' attempt to resolve all outstanding issues and pleadings in 1115 pending since October 7, 2010. As you know and the district clerk's docket report reflects, the United States Attorneys Office, (the "USAO") defaulted and decided not to respond in opposition to any motions filed in 1115, i.e., made an unreviewable and nonjusticiable Article II, sec. 3 of the Constitution "political decision" not to oppose the requested relief, or respond in opposition to any motion or application submitted to the court by Mr. Ware.

Therefore, lacking any official opposition from the Executive Branch's exclusive statutory representative (28 USC 547(1), 28 USC 516 -- the Department of Justice) the "real party plaintiff in interest" in 1115, the district court is bound by the Constitution, Supreme Court and Circuit authority, and is prohibited from any adjudication of the merits of the issues, if any, outstanding in 1115, cf. U.S. v. Nixon, 418 U.S. 683, 694 (1974) (J. Berger) (unanimous opinion) (Executive Branch has the exclusive constitutional delegated discretionary prosecutorial authority over all federal criminal proceedings and the concept of separation of powers prohibits any judicial review of an Executive Branch prosecutorial decision); Baker v. Carr, 369 U.S. 187, 217 (1962) (same); Article II, sec. 3 of the Constitution (the Executive Branch is conferred the exclusive power to "take care that the laws are faithfully executed).

Hence, a district judge or appellate judge is without any lawful authority and prohibited by federal law from exercising any prosecutorial discretion on behalf of the Executive Branch in regard to an internal Department of Justice (28 USC 516) discretionary prosecutorial decision in a federal criminal case — 1115, Nixon, supra.

Accordingly, the USA's abandonment of 1115 on November 7, 2008 in a written mandate to the Second Circuit Court of Appeals filed in U.S. v. Ware, 07-5670-CR (XAP)(2d Cir.): "The United States filed a notice of appeal [in 1115], but is not pursuing a cross-appeal [in 07-5670]" terminated any Article III "live case or controversy" in regard to the insufficiency of the United States' trial elements of proof required to sustain the bogus conviction in 1115 procured via inducement of perjury for illegal nonprosecute agreements (Jeremy Jones, Carlton Epps, Myron Williams, Rick Sadler, and Charles H. Jackson) and obstruction of justice, bribery, kidnapping, illegal search and seizure, malicious prosecution, racketeering, judicial corruption, prosecutorial corruption, wire fraud, mail fraud, perjury by officers of the court (AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Michael J. Garcia, Michael F. Bachner, Gary G. Becker, Marlin Kirton, District Judge William H. Pauley, III, and others known and unknown).

District Judge Pauley you were served on September 2, 2011 with an Emergency writ of mandamus petition submitted to Circuit Justice Ginsburg in the Supreme Court which you have received. The outstanding issues and motions in 1115 have been delayed due to dilatory maneuvers and tactics by yourself and Circuit Judge Peter W. Hall in a veil attempt to derail the 1115 proceedings where both you and Circuit Judge Hall have committed criminal offenses in regard to the proceedings in 1115 in the district court and court of appeals, along with Circuit Judges Kearse and Sack, and U.S. Attorney Garcia and Preet

Bharara.

District Judge Pauley if you would please address the following inquiries so that the real parties in interest in this moot proceeding can determine what if any remaining pleadings need to be filed and in what forum the pleadings need to be filed to terminate this moot proceeding.

First, what is the source of the 1115 court's jurisdiction over the subject matter in 1115 after October 12, 2007, October 26, 2007, November 7, 2008, and August 18, 2009?

Second, does the Supreme Court's decision in Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1995) (J. Scalia) bind the district court to "first" determine its subject matter jurisdiction over 1115 before entertaining the merits of any outstanding motions before the court, especially after the district court granted the United States a Rule 29 motion for acquittal in regard to government witness Jeremy Jones on October 26, 2007 (S. Tr. 76-79)?

Third, given that 1115 is moot as of October 12, 2007 what is the court's authority to conduct any proceedings in 1115 and enter any orders (bogus August 12, 2010 remand order) other than fraud on the court proceedings?

Fourth, what is the court's position in regard to the perjury of AUSA Southwell in open court on May 19, 2006 (Dkt. #17) and again on January 5, 2007 (Dkt. #44) stating his official emails (cf. Ex. #1 attached hereto) to and from SEC counsel Jeffrey B. Norris "do not exist" which was an intentional lie and two counts of perjury and violated 18 USC 2, 241, 242, 371, 1621-23?

Fifth, what is the court's position in regard to the Curcio hearing required to be conducted in regard to the conflict of interest of Michael F. Bachner, Edward T.M. Garland, and Gary G. Becker in their nonexistent "actually conflicted" purported representation of Mr. Ware during 1115?

Sixth, what is the court's position in regard to the Kastigar hearing required to be conducted concerning SEC counsel Norris' immunization of Mr. Ware during the bogus Las Vegas litigation while the SEC and DOJ were colluding which immunized evidence was forwarded to the USAO and used at trial and on appeal in 1115 and 07-5222-Cr, respectively?

The docket reflects at Dkt. #113 entry of final judgment by the Second Circuit on August 18, 2009 in U.S. v. Ware, 07-5670-Cr (XAP) where the DOJ on behalf of its client (the USA) agreed with the contentions and arguments of Mr. Ware and conceded the issue of the insufficiency of the USA's trial proof in regard to the October 12, 2007 ruling (S. Tr. 39-40), the October 26, 2007 (S. Tr. 73-79) rulings.

Accordingly on August 18, 2009 upon entry of the final judgment in 07-5670-Cr (XAP) a live case or controversy ceased to exist in 1115: (1) res judicata and collateral estoppel attached to 1115, and (2) double jeopardy prohibited any further prosecution of 1115 by the USA, the 1115 district court, the Second Circuit, and the DOJ.

District Judge Pauley I have in 'good faith' attempted to resolve the outstanding issues and pleadings in 1115 by this letter of inquiry. I am forwarding a copy of the same to Eric H. Holder, Jr. the Attorney General and Preet Bharara, the United States Attorney for the SDNY in a final effort to resolve this matter on or before September 18, 2011 before approaching Circuit Justice Ginsburg seeking a writ to issue on Eric H. Holder, Jr. and yourself to prohibit any further prosecution in 1115 and a writ of mandamus to dismiss 1115 with prejudice, and an extraordinary writ to conduct a fraud on the court proceeding where you will be a material witness in regard to the Barasch Bribe order (Dkt. #35) entered on January 7, 2007 to shield Barasch and Norris from testifying in 1115.

Consider this letter you service copy, and the same will be attached to the writ and an application seeking bail to be filed in the Supreme Court on September 15, 2011 along with an application seeking the issuance of federal arrest warrants where probable cause currently exist where you, Circuit Judges Kearse, Sack, and Hall; Preet Bharara, Esq., Michael J. Garcia, Esq., Andrew L. Fish, Esq., Maria E. Douvas, Alexander H. Southwell, Esq., Michael F. Bachner, Esq., Gary G. Becker, Esq., Steven D. Feldman, Esq., Marlin Kirton, Esq., Jeremy Jones, Carlton Epps, Myron Williams, Rick Sadler, Dave Makol, Maria Font, Michael McAulieff, Edward T.M. Garland, Esq., and Charles H. Jackson, have all willfully and intentionally violated federal law to wit: 18 USC 2, 4, 201, 225, 241, 242, 371, 891-94, 1201-02, 1343, 1346, 1505, 1510, 1621-23, 1956-57, and 1961-62.

A copy of this letter has been served on Attorney General Eric H. Holder, Jr., and U.S. Attorney Preet Bharara pursuant to 28 USC 516 and 547(1); and on Senator Charles Grassley on behalf of the Senate Judiciary Committee to initiate impeachment proceedings against the judges listed above.

If you would please file a copy of this letter in the official records with the district clerk's office in 1115.

2.

Sincerely,

*Ulysses Thomas Ware*
Ulysses Thomas Ware

CC: The Wall Street Journal
   The New York Times
   USA Today
   The Washington Post
   60 Minutes
   CNN
   www.wikileaks.com
   NBC, CBS, FOX, ABC

enclosures: AUSA Alexander H. Southwell's 'nonexistent emails' which Southwell committed perjury by stating in open court twice: May 19, 2006 (Dkt. #17) and January 5, 2007 (Dkt. #44), the official emails "do not exist."

FROM: 56218019
TO:
SUBJECT: 1115-Aug. 13, 2010 Remand Order
DATE: 02/21/2012 10:49:28 AM

Ulysses Thomas Ware3322w
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

September 16, 2011

The Honorable District Judge
William H. Pauley, III
U.S. District Court
For the Southern District of New York
500 Pearl St.
New York, NY 10007

RE: August 13, 2010 (Dkt. #149) "advisory" Remand Order in U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115").

District Judge Pauley:

This letter is in regard to the District Court's August 13, 2010 remand order (Dkt. #149) attached hereto as Exhibit #1, entered illegally in 1115 in violation of 18 USC 3231 and the Double Jeopardy Clause of the Fifth Amendment, after the Second Circuit entered final judgment on August 18, 2009 (Dkt. #113) in 07-5670-Cr (XAP) on the District Court's October 12, 2007 (S. Tr. 39-40) and October 26, 2007 (S. Tr. 73-79), rulings, (the "Acquittal Rulings") -- rulings which the United States abandoned in writing on November 7, 2008 -- an illegal "advisory order" cf. Steel Co., infra.

First, as a result of the United States (the Executive Branch) abandoning appeal of the Acquittal Rulings on November 7, 2008, the Acquittal Rulings became res judicata and collateral estoppel in 1115 upon entry of final judgment (Dkt. #113) by the Second Circuit on August 18, 2009. Accordingly, double jeopardy attached to 1115 on August 18, 2009 terminating any Article III live case or controversy in 1115, requiring the indictment in 1115 to be dismissed with prejudice as moot.

Second, as a result of your ruling denying the United States restitution (S. Tr. 75-76), (the "Restitution Ruling") explicitly found as a matter of law: (1) there was no (a) actual, or (b) intended loss, and (c) therefore, there were no victims as defined in USSG 2B1.1. cf. September 15, 2011 letter brief at page 4-6.

Hence lacking an "actual" or "intended" loss and a victim, obviously there could not as a matter of law be a fraud as charged in the bogus indictment purportedly returned in 1115 by U.S. attorney Michael J. Garcia and Alexander H. Southwell.

Thus, because the United States abandoned its appeal rights in 07-5670-Cr (XAP) on November 7, 2008 of the Acquittal Rulings and the Restitution Rulings, the issues became res judicata and collateral estoppel and moot on August 13, 2010 when the 1115 District Court entered the null and void ab initio ultra vires "advisory" order the court Remand order lacks all legal force or effect and preclusive authority.

As of August 18, 2009 the District Court lacked statutory subject matter jurisdiction (18 USC 3231) and Article III, sec. 2 of the Constitution subject matter jurisdiction over the issues (market efficiency, materiality, actual loss, intended loss, victim calculation and restitution) which were abandoned and conceded by the United States on November 7, 2008 and made final on August 18, 2009 (Dkt. #113) by the Second Circuit terminating 1115, nunc pro tunc, October 26, 2007.

Specifically, Mr. Ware's letter dated December 10, 2009 (Ex. #2) informed the District Court of the outstanding issues in regard to the United States abandonment on November 7, 2008 of the appeal of the Acquittal and Restitution ruling at page 8(I, II) explaining:

> "The Government conceded the market for INZS and SVSY securities was not
> efficient at sentencing: S.Tr. 14-14, 16-21, 23, 31, 32. The Government

> defaulted on its [cross-]appeal [in U.S. v. Ware, 07-5670-Cr (XAP)] thus waived all issues [i.e., market efficiency, materiality, actual loss, intended loss, victim determination, restitution, and the "agreement" element of 18 USC 371] decided adversely to it at trial and sentencing, and the district court's [Oct. 12, 2007 (S. Tr. 39-40) and Oct. 26, 2007 (S. Tr. 73-79)] rulings became the law of the case." (emphasis added).

Furthermore, in Mr. Ware's letter dated May 12, 2010 (Ex. #3) at pages 3-4 again Mr. Ware informed the District Court that it lacked the necessary subject matter jurisdiction to enter any orders or judgments in 1115 as a result of the abandonment by the USA of the Acquittal and Restitution rulings:

> "Additionally, your [District Judge William H. Pauley's] ruling on October 26, 2007 at the purported sentencing of Ware, S. Tr. 74-76, you ruled as a matter of law and fact the markets for INZS and SVSY were not efficient, and thus declined to award the government any restitution[], Id. ... this court or any other court is without competent Art. III, [sec.] 2 subject-matter jurisdiction to conduct any proceeding(s) in 05-Cr-1115(WHP)(SDNY), i.e., remand, appeal, evidentiary hearings, any matter whatsoever, else, Ware is twice placed in jeopardy in violation of the Double jeopardy clause of the Fifth Amendment; and in violation of 18 U.S.C. [] 241, 242, and 371[]", (the "Criminal Offenses").

The indisputable evidence overwhelmingly supports the proposition that District Judge Pauley willfully, intentionally, deliberately, and knowingly -- to aid and abet the continuing criminal enterprise in operation in the federal court of the Second Judicial Circuit overseen by the United States Attorney Office for the Southern District of New York, (the "USAO") -- entered the August 13, 2010 order (Ex. #1) in violation of the Criminal Offenses and the Constitution to violate Mr. Ware's civil rights.

There is no doubt the unappealed Acquittal and Restitution Rulings are res judicata and collateral estoppel which rendered 1115 moot on August 18, 2009 (Dkt. #113:1115) nunc pro tunc October 26, 2007, e.g., Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94, 101 (1995) (federal courts lack the authority to adjudicate moot issues, moot issues lead to advisory judgments which are disapproved in the Court), cf. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (res judicata is a principle that is not subject to any exceptions and is binding on all courts, the parties and their privies).

Accordingly applying the Court's reasoning in Federated, Id. at 398 to the District Court's October 26, 2007 Acquittal Rulings (S. Tr. 73-79); declined to award the United States any restitution (S. Tr. 76); and found the markets for INZS and SVSY to be inefficient due to the insufficiency of the United States' proof, (S. Tr. 75-76) the District Court explicitedly acquitted Mr. Ware on October 26, 2007 at 4:22 p.m. of all charges in 1115.

Double jeopardy, res judicata and collateral estoppel attached binding on the USA and its privies (the USAO, the OSG, the DOJ, the SEC) and Mr. Ware, on August 18, 2009 (Dkt. 113) terminating 1115 for good.

Therefore, your personal conduct after August 18, 2009 by acting in the absence of all subject matter jurisdiction renders you personally jointly and severally civil liable for monetary damages estimated at +$5.0 billion.

District Judge Pauley, 1115 is over as a matter of law whether or not you acknowledge it or not -- the facts speak for themselves: You entered the Acquittal Rulings on October 12, 2007 and again on October 26, 2007 after rejecting in the entirety the United States' frivolous and risible contentions and arguments present by AUSA Steven D. Feldman (who has since resigned from the USAO -- its a conundrum how he was hired in the first place along with Alexander H. Southwell a purported magna cum laude graduate of New York Univ. School of law, and Nicholas S. Goldin another magna cum laude graduate of Cornell Law School) on behalf of Michael J. Garcia and the USAO representing the real party in interest, the United States.

District Judge Pauley at a pretrial hearing in 1115 you vowed "not to blink" in regard to matters in 1115 which is perhaps the source of your recalcitrance, and the obvious fact that you are going to be indicted and civilly pursued for billions in damages in coloring your judgment and discretion -- you have a significant personal pecuniary interest in the outcome of this proceeding (which is foregone conclusion) causing your personal interests to become elevated above the interests of justice and the imperative of judicial integrity.

Perhaps in the future when the opportunity presents itself, you will give a full accounting of you criminal conduct in 1115 along with your coconspirators conduct -- did you really think the scam was not going to be uncovered? Former President Richard M. Nixon made the same mistake in regard to the Watergate scandal and paid the price by impeachment which is the

---

fate that awaits you and the other federal judges (Circuit Judge Peter W. Hall your panoply who has problems of his own along with District Judges Leonard B. Sand and Robert W. Sweet) along with a life sentence in federal prison.

If need be I am prepared to approach Circuit Justice Ginsburg again in regard to a writ of mandamus to issue on you to enter the order of dismissal -- the previous petition for a writ was delayed by trivial dilatory tactics by a junior clerk, but the matter has been remedied, and resubmitted to the Court on which you have been served.

You should receive this motion not later than September 22, 2011, I will wait until September 29, 2011 for the indictment to be dismissed, if not, then I will seek the necessary relief in the Supreme Court.

Sincerely,

*/s/ Ulysses T. Ware*
Ulysses Thomas Ware

enclosures: Ex. ## 1, 2, and 3.

FROM: 56218019
TO:
SUBJECT: Part-1:09-0851: 1224 Fraud by Preet Bharara
DATE: 02/21/2012 09:34:02 AM

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

September 27, 2011               via certified mail #: 7003 1680 0005 1205 2965

Eric H. Holder, Jr./Preet Bharara
United States Department of Justice
United States Attorneys Office
For the Southern District of New York
One St. Andrews Plaza
New York, NY 10007

RE: U.S.. v. Ware, 04-Cr-1224-Cr (RWS)(SDNY), ("1224"); U.S. v. Ware, 09-0851-Cr (2d Cir.), ("0851"); U.S. v. Ware, 11-2151-Cr (2d Cir.), ("2151"), (the "Second Circuit Appeal"), fraud on the Courts perpetrated by United States Attorney and his surrogates: Katherine Polk-Failla, Nicholas S. Goldin, Alexander J. Wilson, Sarah E. Paul, Maria E. Douvas, Alexander H. Southwell, Steven D. Feldman, and others known and unknown.

Mr. Holder/Bharara:

I. Good Faith Attempt to Resolve all Outstanding issues in 1224 Where 1224 is Moot.

    This letter is a good faith attempt to resolve any and all outstanding issues in 1224 and the Second Circuit Appeals listed above. As you know the United States -- by fraud committed on a federal grand jury by AUSAs Alexander H. Southwell and Nicholas S. Goldin, and David Kelly -- procured a fraudulent indictment in 1224, (the "Indictment") purportedly returned on November 17, 2004 in 1224 charging Mr. Ware with three (3) counts of 18 USC 401(3), criminal contempt of null and void orders entered by District Judge Sand in Alpha Capital, AG et al. v. IVG Corp., et al., 02-CV-2219 (LBS)(SDNY), ("2219").

    As you also known because your signature appears on the brief, your office -- the USAO -- did on August 12, 2010 file a fraudulent and materially false brief on behalf of the USA in 09-0851-Cr (2d Cir.); and did concede the indisputable fact that the Indictment did not charged an indictable "offense" against the laws of the USA. Cf. Mr. Ware's points 1, 2, 3, 4 in 0851.

    As a result of your concessions (the USAO on behalf of the USA), (the "Concessions") -- judicial admissions which are judicial estoppel, res judicata and collateral estoppel as of August 12, 2010 finalized on November 4, 2010 by the United States Court of Appeals for the Second Circuit in a written "summary opinion" reported at U.S. v. Ware, 2010 U.S. App. LX 22956 (2d Cir. Nov. 4, 2010), i.e., final judgment was entered on the USA's concessions in 09-0851-Cr -- the concessions were judicial admissions that U.S. attorney David Kelly did knowingly, intentionally, willfully, and deliberately violated federal law (28 USC 547(1): (1) lacking an "offense" against the laws of the USA) by procuring the fraudulent Indictment on November 17, 2004; and (2) that Michael J. Garcia also violated federal law (28 USC 547(1)) by illegally prosecuting 1224.

    Your judicial admissions as a result of the Concession on August 12, 2010 are admissions that the 1224 District Court (Robert W. Sweet) did lack lawful statutory subject matter jurisdiction (18 USC 3231) in adjudicating 1224, and is an admission that 1224 was adjudicated in the personal capacity of the USAO and District Judge Sweet; and in the personal capacity of the Second Circuit in 09-0851-Cr, i.e., 1224, 09-0851-Cr, and 11-2151-Cr are as a matter of law moot ab initio.

    Mr. Bharara, as the United States' attorney, you are also an officer of the court, and the exclusive statutory delegee (28 USC 547(1)) of the USA with a unique responsibility to the administration of justice in your district. Accordingly, you have a duty and obligation to be candid, forthright and truthful in all your dealings with the federal courts (district, appeals, and Supreme Court) in regard to indisputable factual issues conceded by you and your surrogates (Polk-Failla, Paul, and Douvas) in 1224 and the Second Circuit Appeals.

Because you have failed to up hold your oath of office and up hold the Constitution by failing to inform the federal courts that you did in fact concede the issues in 09-0851-Cr, (Mr. Ware's Points 1, 2, 3, 4, 5, and 9) rendering 1224 moot, you have in "reckless disregard for the truth", (quoting Demjanjuk v. Petrovsky, 10 F.3d 338, 352-58 (6th Cir. 1993)), committed a "fraud on the court" by a government lawyer; and furthermore, failed to "set the record straight" (quoting U.S. v. Kojayan, 8 F.3d 1312, 1315-18 (9th Cir. 1993) knowingly, intentionally, willfully and deliberately obstructed the orderly administration of justice in aiding and abetting the continuing criminal enterprise, (the "CCE") run from within your office and the federal courts within the Second Judicial Circuit in violation of 18 USC 2, 4, 241, 242, 371, 1201-02, 1343, 1346, 1505, 1510, 1621-23, 1956-57, and 1961-62, (the "Racketeering Offenses").

II. CONCESSIONS MADE BY PREET BHARARA IN U.S. v. Ware, 09-0851-CR (2d. CIR.), ("0851").

A. In the fraudulent appeals brief filed in 0851 at page 8 you wrote, while knowing that on December 20, 2007 at Dkt. #90 Alpha Capital, AG was voluntarily dismissed from 2219 pursuant to Fed. R. Civ. Proc. 41(a)(2), in reckless disregard for Circuit precedent Roth v. Jennings, 489 F.3d 499, 506-10 (2d Cir. 2007) (J. Kearse), and federal regulations 17 CFR 240.13d-5(b)(1):

> "Because Ware and GMC failed to honor [fraudulent] the June and July 2003 Conversion Requests [because the plaintiffs in 2219 were 15 USC 77b(a)(11, 12) statutory underwriters and dealers ineligible for Rule 144(k)(2003) and to have issued the fraudulent legal opinions was a criminal violation of federal law], on August 13, 2003 [Dkt. #65:2219] Judge Sand entered yet another [bogus and fraudulent order after conducting illegal ex parte communications in violation of Canon 3(a)(4) of the Code of Conduct of Federal Judges, and in violation of the federal securities and criminal statutes and therefore not a "lawful" order within the scope of 18 USC 401(3)] directing GMC (and, by implication, Ware) to honor outstanding Conversion Requests from Alpha [pursuant to Rule 144(k) a statutory underwriter and dealer ineligible for Rule 144(k)]. (GX-24)."

Ostensibly, it is palpable and amazing of your lack of a complete and thorough understanding of the federal securities laws -- laws which you are tasked in enforcing -- and recklessly failed to grasp the significance of the admission in the USA's trial exhibit made above. In the August 13, 2003 order, government trial exhibit in 1224 (GX-24) referenced in the USA's brief filed in 0851 at page 8 paragraph 3, Stonestreet, L.P.'s admission of beneficially owning more than 9.9% of GPMT's outstanding shares rendered Stonestreet, L.P. a statutory insider, and an affiliate of GPMT and any trading of GPMT's shares constituted "insider trading", 15 USC 78p(a); (2) and applying Rule 13d-5(b)(1) to Stonestreet's judicial admission in government trial exhibit GX-24, had dire consequences for the other 2219 plaintiffs: Stonestreet's admission conferred beneficial ownership of Stonestreet's 9.9% ownership of GPMT's shares on Alpha Capital, AG, Markham Holdings, Ltd., and Amro International, S.A. conferring statutory "insider" and affiliate status on each of the 2219 plaintiffs prohibiting any Rule 144(k) eligibility, most importantly, nunc pro tunc, February 2, 2001 (the acquisition date of the Notes from IVG according to government trial exhibit GX 1-4, 5), Roth, Id. at 506-07, and any trading of GPMT's shares was illegal "insider trading."

As a direct result of your binding judicial admissions in the USA's appeal brief in 0851, you recklessly pled the USA out of court in 1224, 0851, and 11-2151-Cr, i.e., 1224 is moot; and (2) you recklessly failed to notify the federal courts of your indisputable admissions -- failed to set the record straight, and in reckless disregard for the truth, perpetrated a fraud on the courts, as an government lawyer officer of the court -- along with Neal K. Katyal, Katherine Polk-Failla, Sarah E. Paul, Maria E. Douvas, Nicholas S. Goldin, Alexander H. Southwell, and Alexander J. Wilson.

B. Moreover, you made additional binding judicial admissions in the USA's brief in 0851 at page 9 paragraph 2 where you admitted by writing in regard to government trial exhibit GX-24 and GX-34 the null and void ab initio December 22, 2003 order of District Judge Sand fabricated in 2219 because Mr. Ware refused to violate the federal securities laws and issue bogus Rule 144(k) legal opinions to the 2219 plaintiffs:

> "Despite the purported dissolution of GMC several months prior, on December 4, 2003, Ware advised Judge Sand [and 2219 plaintiffs' counsel Kenneth A. Zitter, Esq. via letter] that GMC and an entity named SSSG Acquisition corp. had filed '"two Chapter 7 liquidation petitions"' in the Northern District of Georgia [outside the 28 USC 1294(1) territorial subject matter jurisdiction of the Second Circuit, cf. Celotex, Corp. v. Edwards, 514 U.S. 300, 313 (1995)) which invoked the automatic stay of 11 USC 362(a) and terminated pursuant to 11 USC 365 (c)(2) all contracts to issue the securities of GMC or GPMT: government trial exhibits

GX 1-4, 5, 7, 11, 24, and 34 mooting 1224]. GX-32." (emphasis added).

As is indisputable by the USA's exclusive statutory legal counsel's (28 USC 516, 18 USC 3742(b), and 28 CFR 0.20 (a, b)) admissions -- the Department of Justice's own binding judicial admissions -- which cannot be controverted and are binding on the USA, and Department of Justice in all subsequent proceedings between Mr. Ware and the USA, (the Rule 33 proceedings in 1224, 2151, and the September 2, 2011 Supreme Court petition for a writ of mandamus/prohibition and extraordinary writ) the USA, the DOJ, nor the Office of the Solicitor General can controvert the binding judicial admissions in any proceedings.

Your judicial admissions admitted that you and the DOJ violated federal law by seeking an indictment in 1224 in violation of 28 USC 547(1), where by conceding Mr. Ware's points 1, 2, and 3 in 0851, you admitted that the indictment in 1224 failed to charge an "offense" against the laws of the USA; (2) further admitted that the prosecution in 1224 in the District Court was conducted in violation of 18 USC 3231 (statutory subject matter jurisdiction because an "offense" was lacking); (3) further admitted that the purported review by the Second Circuit in 0851 was conduct in violation of 28 USC 1294(1) (statutory territorial subject matter jurisdiction cf. Celotex, supra); and further admitted that the DOJ and USAO perpetrated a fraud on the court by conceding Mr. Ware's point 4 in 0851.

Furthermore, in the fraudulent 0851 appeal brief you admitted at page 16-17 that Mr. Ware did in fact notify the 2219 plaintiffs and the transfer agent (Computershare on January 27, 2003 (GX-85)) of the scam the 2219 plaintiffs, fugitive Thomas Badian, convicted felon Edward Grushko, Esq., Barbara R. Mittman, Esq., Thomas V. Sjoblom, Esq., Prokauser & Rose, LLP, Ladenburg Thalman & Co., Inc., and District Judge Sand were conducting) noting:

> "We are in receipt of a fax forwarded to you [Computershare] by Kenneth Zitter, Esq., the attorney for Alpha Capital, et al, requesting the legal issuance of free trading shares to his client. ... [p]lease disregard and do not issue any shares [in violation of the federal securities laws] to any party without the express written consent and the necessary legal opinion from the office of Rosenfeld Goldman & Ware, Inc. The requested issuance [by Zitter] is in violation of the subscription agreement [government trial exhibit GX-5 paragraph 10.1(iv)] ... and would constitute an illegal underwriting distribution of [GPMT's shares in violation of 15 USC 77b(a)(11, 12), 77e(a, c), 77x, 78ff, 78j(b), Rule 10b-5, and 18 USC 2, 371, 891-94, 1956-57, and 1961-62]."

The Department of Justice's admissions in its brief are binding in all future proceedings between Mr. Ware and the DOJ, the SEC or any other privy of the USA.

Continued

FROM: 56218019
TO:
SUBJECT: Part-2: Preet Bharara Fraud on the Court
DATE: 02/21/2012 09:34:32 AM

III. PREET BHARARA'S AND DOJ FRAUD AT PAGES 11-17 OF THE 0851 APPEAL BRIEF.

A. Preet Bharara knowingly, deliberately and intentionally perpetrated a fraud on the court by a government lawyer and officer of the court where at pages 11-17 of the 0851 brief Bharara -- knowingly and deliberately to cover up the crimes committed by the DOJ and SEC officials in colluding and conspiring with District Judge Sand, fugitive Thomas Badian and the members of the Badian Gang -- made materially false and fraudulent written statements while knowing the statements were false, fabricated, manufactured, and baseless in fact and law to wit:

At page 11, paragraph 2 in the 0851 brief Bharara stated, "the three Orders [entered by District Judge Sand in 2219] were valid and reasonably specific. (See GX-7, 11, 24 (certified copies of [District Judge Sand's orders Mr. Ware was alleged to have violated] the Orders)."

Bharara knew by the introduction of government trial exhibit GX-24 (the August 13, 2003 order (Dkt. #65:2219)) where Stonestreet, L.P admitted to beneficially owning more than 9.9% of GPMT's shares, that Section 16 of the 1934 Act, Rule 13d-5(b)(1) and Roth, supra, conferred Stonestreet's beneficial ownership on each of the 2219 plaintiffs: Each of the 2219 plaintiffs became statutory insiders, and affiliates ineligible for Rule 144(k) nunc pro tunc, February 2, 2001, as a result of Stonestreet's admission on August 13, 2003 in government trial exhibit GX-24, more than seven (7) years prior to Bharara filing the fraudulent brief on August 12, 2010 rendering 1224 and 0851 moot.

Bharara clearly was aware on the date Mr. Ware was sentenced by District Judge Sweet on January 26, 2009 that: (1) Alpha Capital, AG had been dismissed voluntarily pursuant to Rule 41(a)(2) from 2219 annulling the very orders Mr. Ware was alleged to have violated; (2) Bharara knew and failed to set the record straight that Stonestreet's August 13, 2003 admissions -- which were incorporated in the USA's appeal brief in 0851 -- conferred statutory insider and affiliate status on each of the 2219 plaintiffs: prohibited any trading by the 2219 plaintiff in the shares of GPMT, and prohibited any eligibility for Rule 144(k) by the 2219 plaintiffs.

As a result of the Stonestreet August 13, 2003 admission, cf. GX-24, Bharara and the Department of Justice knew and currently know the indictment in 1224 failed to charge an indictable "offense" against the laws of the USA, and therefore accordingly, David Kelly, Michael J. Garcia, and Preet Bharara all violated federal law in indicting, prosecuting, and on appeal, respectively, to cover up the operations of the CCE and to protect the ill-gotten gains of the CCE procured in violation of 18 USC 2, 371, 891-94, 1956-57, and 1961-62, RICO activities estimated at more than $25 billion.

B. The 2219 Plaintiffs Did Not Appeal the August 13, 2003 Findings of District Judge Sand in Regard to Stonestreet, L.P. Ownership of More than 9.9% of GPMT's Shares -- as a result of not appealing each 2219 was deemed the beneficial owner of Stonestreet's 9.9% of GPMT's shares.

As a result of the 2219 plaintiffs not appealing the findings in the August 13, 2003 order, GX-24, finding Stonestreet, L.P. to beneficially own more than 9.9% of GPMT's shares: Stonestreet was a statutory insider, and affiliate of GPMT, the issues became res judicata and collateral estoppel on all courts, the USAO, DOJ, and 2219 district court on September 13, 2003 and the same was binding on the USAO when it procured the fraudulent indictment on November 17, 2004; res judicata and collateral estoppel during the illegal prosecution of Mr. Ware in November 2007, the same at Mr. Ware' fraudulent sentencing on January 26, 2009, the same on the filing date (August 12, 2010) of the fraudulent USA's brief filed in 0851, and the same on November 4, 2010 the entry date of the fraudulent "summary opinion" entered by the Second Circuit Court of Appeal on which Circuit Judge Peter W. Hall sat, U.S. v. Ware, U.S. v. Ware, 2010 U.S. App. LX 22956 (2d Cir. Nov. 4, 2010), i.e., LH Financial, Ari Rabinowitz, Kenneth A. Zitter, Esq, and fugitive Thomas Badian's personal circuit judges.

The August 13, 2003 findings of District Judge Sand are also res judicata and collateral estoppel in regard to the issues presented in the September 2, 2011 petition for writs filed in the Supreme Court by Mr. Ware which cannot be controverted by the USA or its exclusive statutory delegee, the DOJ and its proxies, surrogates, and alter-egos.

IV. THE UNITED STATES ATTORNEY'S SENTENCING FRAUD AT PAGES 43-54 OF THE USA'S 0851 BRIEF.

A. In the USA's 0851 appeal brief filed on August 12, 2010 at page 43 Bharara and his deputy Polk-Failla while knowing that on December 20, 2007 (Dkt. #90) Alpha Capital, AG was voluntarily dismissed by fraudster District Judge Sand in 2219

pursuant to Rule 41(a)(2) of the Fed. R. Civ. Proc. annulling and voiding all orders and judgments entered on Alpha's behalf, orders and judgments (GX 7, 11, 24, and 34) which formed the factual basis of the bogus and fraudulent November Indictment in 1224 wrote:"Ware's Sentence Should Be Affirmed."

Bharara, a sitting U.S. attorney, and AUSA Polk-Failla rather than performing their ethical duty by "setting the record straight" (quoting Kojayan, supra) and informing the Second Circuit that pursuant to Rule 41(a)(2) all orders and judgments entered in 2219 on behalf of Alpha were required to be annulled and vaated, and accordingly lacked preclusive effect; and further that Stonestreet, L.P. had in fact on August 13, 2003 in government trial exhibit GX-24 admitted to beneficially owning more than 9.9% of GPMT's shares rendering all 2219 plaintiffs beneficial owners of more than 9.9% of GPMT's shares, nunc pro tunc, February 2, 2001, instead Bharara, a sitting U.S. attorney, and his deputy AUSA Polk-Failla launched one of the most vicious fraudulent and corrupt actions ever initiated by a United States attorney by colluding and conspiring with Circuit Judge Peter W. Hall in advance, and by writing in the USA's brief to perpetrated a fraud on the United States Court of Appeals for the Second Circuit by making the known false and fraudulent statement at page 43 paragraph 2:

> " ... Judge Sweet's Guideline analysis was correct, if not conservative, and his resulting [fraudulent] sentence should be affirmed [as part of the CCE which we are intimately involved in along with Circuit Judges Peter W. Hall, Robert A. Katzmann, and Barbara S. Jones (SDNY) without whose corruption services this RICO conspiracy would not be possible]." (emphasis added).

Bharara and Polk-Failla argued that in spite of the indisputable fact that Alpha was dismissed on December 20, 2007(Dkt. #90:2219) from 2219 by their own witness Kenneth A. Zitter, Esq., and Stonestreet, L.P. admitted in the government's own trial exhibit (GX-24) of owning more than 9.9% of GPMT's shares, the USSG 2B1.1(b) loss amount calculation fabricated by the U.S. Probation Office's Thomas J. McCarthy in collusion with District Judge Sweet and Lisa Scolari, Esq., "Judge Sweet's Guideline analysis was correct ... [and] conservative[.]" (emphasis added to "conservative").

The USA's own admissions in their trial exhibits negated any loss amount and and conviction, and pled the USA out of court as a matter of law lacking an "offense" against the laws of the USA.

At pages 46-50 Bharara, a sitting U.S. attorney, and his deputy, AUSA Polk-Failla while knowing that Alpha has been dismissed from 2219 on December 20, 2007 (Dkt. #90:2219) -- which annulled GX-7, the bogus judgment entered in 2219 awarding the 2219 any damages, and GX 11, 24, and 34 -- to perpetrate a fraud on the Second Circuit in regard to the USSG 2B1.1(b)(1)(I) wrote:

> "Contrary to Ware's arguments on appeal, the District Court's determination that his offenses [(the Bharara and Polk-Failla had already conceded that the indictment failed to charge an "offense" by not responding to Mr. Ware' Points 1, 2, and 3)] caused more than $1 million in losses was not clearly erroneous; indeed it was amply supported by the record [the December 20, 2007 (Dkt. #90) voluntary dismissal of Alpha from 2219]."

The obviousness of the scam that Bharara and Polk-Failla ran on the Second Circuit calls into question whether or not they actually passed the bar exam: It is unbelievable that the United States attorney for the SDNY and his deputy, the appeals chief, do not understand basic concepts of law a paralegal would understand.

Thus, either Bharara and Polk-Failla are incompetent and/or they both were so involved with the scams of Judge Sand and Sweet to have Mr. Ware convicted and sentenced to a fraudulent indictment that they were blinded by hubris and avarice -- arrogance and greed -- a deadly combination.

Judge Sand himself signed the December 20, 2007 order dismissing Alpha from 2219 who was represented by Kenneth A. Zitter, Esq., who testified for the USAO in 1224 along with Ari Rabinowitz of LH Financial and both and committed perjury.

Thus, how was it possible that the United States attorney did not know that Judge Sand annulled the same orders used to prosecute Mr. Ware in 1224 for violation of the very orders (GX 7, 11, 24, and 34) that the same Judge (Sand) annulled on December 20, 2007 (Dkt. #90:2219) on application by a government witness (Zitter) in 1224?

The fraud perpetrated on the courts by Bharara and Polk-Failla is unprecedented in the reported decisions of the federal courts, therefore requiring an unprecedented response in the most severest and most dreadful manner to send a message to the other 92 United States attorneys: Both Bharara and Polk-Failla must be forced to immediately resign and prosecuted by the DOJ's division of public corruption and sentenced to life in prison.

Every case initiated by David Kelly which appeared before District Judge Sand, Sweet, Preska, or Pauley must be vigorously

investigated, as well as cases initiated by Michael J. Garcia and Preet Bharara involving insider trading, securities fraud, racketeering, money laundering, mail fraud, wire fraud, and conspiracy where the evidence is overwhelming that Kelly, Garcia, Bharara and Polk-Failla were on the take accepting illegal gratuities from the judges in the district and appeals courts by prosecuting fraudulent and bogus indictments, prosecutions and appeals: The U.S. attorneys initiate the case, Polk-Failla and her team (Andrew L. Fish, Sarah E. Paul, Maria E. Douvas, Nicholas S. Goldin, Alexander J. Wilson, and others), (the "DOJ Conspirators") file the fraudulent appeals briefs, and corrupt judges in the district court and the Second Circuit (Parker, Pooler, Raggi, Winter, Kearse, Sack, Jacobs, Hall, Katzmann, Straub, Wesley, Jones, Underhill, Sand, Sweet, Pauley, Preska and Trager), (the "Corrupt Judges") affirm the bogus and fraudulent convictions or dismissals.

Mr. Holder, you have a decision to make in regard to the conduct of your surrogates: current and former employees of the DOJ -- the DOJ Conspirators in prosecutorial positions in the SDNY; either you will up hold your oath of office and prosecute the DOJ Conspirators and the Corrupt Judges, or your actions might be called into questions as to why the "chief law enforcement officer" in the USA did not prosecute corrupt judges and prosecutors where the evidence is overwhelming and the public will demand your resignation and an investigation of the DOJ the same as occurred in Watergate where the Attorney General was forced to resign and you know what happened to former President Nixon, H.R. Alderman, and the other Watergate conspirators.

The public can be very fickle: one minute they love you, the next the ask for your resignation.

Mr. Holder, this letter will be presented to Circuit Justice Ginsburg in a petition for a writ unless all prosecutions in 1224 and U.S. v. Ware, 05-Cr-1115(WHP)(SDNY) are immediately dismissed on or before October 5, 2011, the Chief Justice of the United States Supreme Court to seek appointment of a special prosecutor to investigate the DOJ, SEC and federal courts in New York, the Senate Judiciary Committee and every major new organization, including www.wikileaks.com to expose the systematic corruption ongoing within the Department of Justice and is currently being covered up by officials of the DOJ, SEC and federal judges.

Sincerely,

*Ulysses T. Ware*
Ulysses Thomas Ware