Submitted by Counsel:



Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed



# PRIORITY

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 9 2012

JAMES N. HATTEN, CLERK
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ULYSSES THOMAS WARE,<br>  PETITIONER,<br><br>  VS.<br><br>WARDEN DARLEEN DREW,<br>BUREAU OF PRISONS,<br>ATLANTA PRISON CAMP.<br>  RESPONDENTS. | :<br>:<br>:<br>:<br>:  CASE #: 12-CV-____<br>:  **1:12-CV-4397**<br>:<br>:<br>:<br>:<br>: |

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

**#8**

Evidence of the Mental Illness of SEC lawyer Jeffrey B. Norris during
the 03-0831 (D. NV) proceedings, and during his perjurious testimony
for the Government in 1224 in November 2007: Norris was insane
and that fact was covered up by Michael J. Garcia (the U.S Attorney (SDNY)
to committ a fraud on the court.

**20**

Submitted by Counsel:

Ulysses Thomas Ware (56218-019)
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/12/2012 09:22:21 A.M. printed

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ULYSSES THOMAS WARE, | : |
| PETITIONER, | : |
| | : |
| | : CASE # 12-CV-1671-MHS (GGB) |
| VS. | : |
| | : NEWLY DISCOVERED EVIDENCE OF SEC FRAUD: |
| JAMES N. HATTEN, ET AL., | : COVER-UP OF MENTAL ILLNESS AND TERMINATION |
| RESPONDENTS, AND UNINDICTED | : |
| CO-CONSPIRATORS, AND | : |
| RACKETEERS. | : |
| | : |

11/12/2012 DECLARATION OF ULYSSES THOMAS WARE

11/12/2012 NEWLY DISCOVERED EVIDENCE: SEC FRAUD – JEFFREY B. NORRIS, ESQ.
MENTAL ILLNESS AND TERMINATION FOR EMAIL MISCONDUCT.

SEE NORRIS V. SEC, 2012 U. APP. LX 7169 (FED. Cir. 2012)

¶1

SEC lawyer Jeffrey B. Norris, Esq., the SEC's trial lawyer in SEC v. Small Cap
Research, et al., 03-0831-KJD-RJJ (D. NV), ("0831"), whom colluded, conspired, and
racketeered with District Judge Thomas W. Thrash, Jr. (NDGA) in 05-CV-2917-TWT (NDGA) to
committed a fraud on the court by the issuance of a fraudulent Rule 45 subpoena in 2005.
Norris was terminated by the SEC for misconduct on 08/28/2009 by his supervisor Rose
Romero, Esq. (Regional Enforcement Chief of the Fort Worth, TX office).

¶2

Norris was and had been suffering from mental illness (AD/HD), was under the care
of a psychiatrist.

¶3

Romero terminated Norris for misconduct based on misuse of government email
accounts, and "concluded that Norris did 'not have the potential for rehabilitation

(1)

because of prior disciplinary actions have prevented [his] impulsive and improper e-mails.'" (emphasis added).

¶4

Romero has also learned that Norris was also severely disciplined for misconduct related to a 2007 incident in which he was permanently "barred from presenting cases to [SEC] commissioners in the future." (emphasis added).

¶5

On 04/19/2011 an arbitrator affirmed Norris' termination by the SEC for misconduct finding that Romero did not abuse her discresion in firing Norris for misconduct as a SEC lawyer as a result of his "aggressive behavior" "Norris [in]ability to maintain confidential information or good working relationships with other staff members." (emphasis added).

¶6

The SEC and USAO (SDNY) were both under a written discovery **order** to disclose any and all Brady and Giglio evidence in 05-Cr-1115 (WHP)(SDNY), ("1115") and 04-Cr-1224 (RWS)(SDNY), ("1224") which is a continuing duty extending after trial, appeal, and Rule 33 motion for new trial. See Dkt. ##153, 157 in 03-0831 (D. NV).

¶7

In 10/2010, after Norris was terminated by the SEC on 08/29/2009, Mr. Ware submitted to the 1115 Court a Rule 33 motion for a new trial in 1115 based on the newly discovered email evidence suppressed by the SEC and USAO in 1115. Cf. Attachment.

The email evidence proved that the SEC, Norris, the USAO, District Judge Dawson, Pauley, and others committed judicial and prosecutorial criminal misconduct, and all committed a fraud on the court by government lawyers (a reckless disregard for the truth in suppressing Brady and Giglio evidence) in 0831 by colluding and conspiring with District Judge Kent J. Dawson, and the Second Circuit Court of Appeals (Circuit Judges Kearse, Sack, and Hall by accessing Kastigar immunized evidence) in the disclosure of confidential Kastigar evidence in violation of the Fifth Amendment's Due Process Clause. Cf. 18 USC §§241, 242.

¶8

SEC Regional Enforcement Director Romero alleged, and Norris also admitted in the arbitration hearing (Brady and Giglio evidence) to email misconduct which led to his termination; yet the SEC and the USAO suppressed the email misconduct of Norris, Southwell, and other SEC employees which was required to be disclosed according to the written discovery orders (cf. 18 USC §401(3) contempt of court orders, and Rule 42 of Fed. R. Crim. Proc.), of the 1115 court (see Dkt. #17, May 19, 2006 transcript at at Tr. 5-7); and the 1224 court's August 10, 2007, Dkt. #32 ordering the disclosure of all

(2)

Brady and Giglio evidence **before** trial; which the disclosure is a continuing duty. Cf. Dkt. ##153, 157 in 0831 for Declaration and memorandum of law, respectively, discussing the SEC's and USAO's Fifth Amendment Brady and Giglio disclosure duties and obligations.

¶9

On 04/16/2012 at Dkt. #155:0831, SEC lawyer William S. Greig, Esq., an officer of the court, capitulated and issued the SEC's mea culpa, conceding that the SEC's 0831 complaint (Dkt. #1) was not actually signed according to Rule 11, by former SEC lawyer Jeffrey B. Norris; and also purporting to allege that the SEC does not know who actually signed the bogus, frivolous, and fraudulent 0831 complaint, Dkt. #1.

¶10

However, before the SEC could have, on 07/14/2003, filed the bogus and fraudulent 0831 complaint, the SEC was first required to obtain the permission of the "commissioners" of the SEC to file a complaint where the SEC at ¶30, 31, and 33 judicially admitted there was no securities fraud regarding Investment Technology, Inc.'s press release.

Recalling, (see ¶4, supra), that in 2007 Norris was permanently "barred from presenting cases to the [SEC's] commissioners in the future" due to aggressive misconduct; thus why did the SEC's commissioners approve a bogus, frivolous (cf. Fed. R. Civ. Proc. Rule 11), and fraudulent complaint when the SEC's own lawyers (Norris, Barasch, Martin, and Hannan) judicially admit there was no securities fraud regarding INZS, which pled the United States out of court, which is res judicata and collateral estoppel against the United States?

¶11

The SEC's Judicial admissions were made on behalf of the United States which -- as a matter law -- pled the United States (the real party in interest, and its privies: the SEC, the USAO (SDNY), the FBI, and the Federal Courts) out of court. Cf. see 10/30/2008 Order to Suspend of the District Court (NDGA), which is null and void, (see also 10/06/2008 Supreme Court of Georgia's order of disbarment which is null and void)), as a result of the SEC's binding judicial admissions; and the issues (materiality, market efficiency, etc.) are collaterally estopped from being raised in any subsequent proceedings (State Bar's proceeding, Supreme Court of Georgia's proceedings, District Court (NDGA) proceeding, 12-CV-1671 (NDGA) proceedings, 05-CV-2917 (NDGA) proceeding), between the United States and Mr. Ware. Cf. 12-CV-1671-MHS(GGB) (NDGA), see Dkt. #1 (05/10/2012 Emergency Rule 60 motion), and Dkt. #26 (09/26/2012, (Brill, J.) Jim Crow **judicial poll tax** Hobbs Act order threatening Mr. Ware with dismissal of his Rule 60 motion unless the extortion of $350.00 is paid to James N. Hatten; and also see 05-CV-2917, 04-MJ-1203, and 05-MJ-116 (NDGA), all null and void.

(3)

12/16/2012

Therefore, (1) the United States (and its privies), (see 28 USC §547(1)) was collaterally estopped from seeking, procuring, and prosecuting the bogus and fraudulent 1115 indictment alleging securities fraud with respect to INZS press releases, the 1115 District Court (cf. 18 USC §3231, lacked an offense against the laws of the United States) was prohibited from accepting any evidence in 1115; (2) Norris was prohibited from knowingly committing perjury suborned by the USAO (SDNY) from testilying in 1224 in contradiction to the SEC's incontravertible binding judicial admissions made in the 0831 complaint at ¶¶30, 31, and 33; (3) the District Court (NDGA) was prohibited from issuing the 10/30/2008 Order to Suspend (1115 judgments are null and void), and (4) the Supreme Court of Georgia was prohibited from issuing the bogus and fraudulent 10/06/2008 order of disbarment of Mr. Ware (1115 judgments null and void), (the "RICO Fraudulent Orders").

¶12

On 04/29/2005 at the 0831 bogus staged SEC-USAO-District Judge Dawson's Show Cause contempt hearing, prior to the hearing SEC lawyer Jeffrey B. Norris, Esq. demanded that Mr. Ware meet with him in the hall outside Judge Dawson's court.

Norris began to threaten Mr. Ware that unless Mr. Ware answered all of Norris' questions Norris stated, "Judge Dawson has already agreed to arrest you today and to hold you until you answer every question I have regarding Group Management Corp. and INZS ...." (emphasis added).

Prior to answering any of Norris' questions Mr. Ware invoked his Fifth Amendment right to remain silent, and informed Norris that "no quetions would be answered unless Norris immunized [Mr.Ware]pursuant 18 USC §§6002-04."

Norris stated " ... I am authorized to immunize you so go ahead and tell me what I want to know."

Statutory immunity prohibited the SEC and the USAO from any use of the information Mr.Ware gave Norris on 04/29/2005; and prohibited the use of any and all derivative information (Kastigar evidence) obtained as a result of the information given Norris; and prohibted Norris from testifying in 1224 with respect to the information Mr. Ware gave Norris.

Mr. Ware answered all Norris' questions under statutory immunization (Kastigar) with respect to INZS and GPMT in the 02-CV-2219 (LBS)(SDNY) New York litigation.

After answering all Norris's questions, Norris stated to Mr. Ware: "You did the right thing here today by answering my questions, Judge Dawson is mad as hell ... he had already agreed [(via ex parte communications in violation of the Code of Conduct for Federal Judges Canon 3(B)(4) violate Mr. Ware's due process rights and] to arrest you as soon as we walked into the court room, unless I told him you cooperated with me ...

(4)

you are going to have to issue those legal opinions to Judge Sand's people in New York ... Judge Sand is very mad with you ... you cost them a lot of money ... Judge Sand said that you must be mentally insane to think they were going to let a Nigger keep all that stock [(+$500 million)] ... you are going to have to pay me $500.00 per month [(extortion)] while this case is on appeal as good faith for me to keep Judge Sand from arresting you again ... and you are going to have to give me a deposition ... if you don't Judge Sand is going to have you indicted for securities fraud and he will make sure you will not get out this time ...." (emphasis added).

According to Norris, in essence, the SEC, the USAO, federal and state judges, federal and state employees, and the United States Department of Justice all have committed an execrable, pernicious, and insidious criminal fraud (a hate crime) (18 USC §2, 4, 201, 241, 242, 371, 891-94, 1201-02, 1341, 1343, 1346, 1503, 1505, 1512, 1621-23, 1951, 1956-57, 1961-64; 11 USC §3057; and 15 USC §§77d, 77e, 77x, 78j(b), 78o(a), and 78ff; and Rule 10b-5), (the "RICO Predicate Crimes"), committed due to an insatiable avariciousness, and topological insouciance, exacerbated by the criminal dynamic of judicial and prosecutorial institutionalized racism, bias, and prejudice, i.e., an unprecedented **GREED** estimated at +$25 billion in ill-gotten gain.


I Ulysses Thomas Ware, being of the age of majority and with personal knowledge of the facts have this 12th day of November, 2012 in the city of Atlanta, GA, at the Atlanta Prison Camp, made this Declaration under oath and pursuant to the penalty of perjury, and was made pursuant to 28 USC §1746.

Ulysses/Thomas Ware
Atlanta, GA 30315
11/12/2012 12:44:32 P.M. printed

*****<br>
End of Document

(5)

Submitted by Counsel:

_Ulysses J. Ware_

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 05:44:59 P.M. printed


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EX. COMM.
    PLAINITFF-RESPONDENT

                                    Case #: 03-0831-KJD-RJJ


VS.


SMALL CAP RESEARCH GROUP, INC., ET AL.,
    DEFENDANTS-RESPONDENT.
_____

NEWLY DISCOVERED EVIDENCE SUPPRESSED BY SEC AND USAO


Fraud on the Court Committed the the USAO (SDNY) and the SEC.


11/07/2012 SUPPLEMENT #1.0-A

Submitted by Counsel:

*Ulysses O. Ware*

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 05:44:59 P.M. printed

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EX. COMM.
    PLAINITFF-RESPONDENT

Case #: 03-0831-KJD-RJJ

VS.

SMALL CAP RESEARCH GROUP, INC., ET AL.,
    DEFENDANTS-RESPONDENT.

NEWLY DISCOVERED EVIDENCE SUPPRESSED BY SEC AND USAO

Fraud on the Court Committed the the USAO (SDNY) and the SEC.

SUBMITTED BY COUNSEL:

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 01:08:33 P.M. printed

I Ulysses Thomas Ware, pursuant to the penalty of perjury and oath, hereby make this Declaration pursuant to 28 USC §1746, having personal knowledge of the facts state the following:

The information contained in this Declaration was taken from Norris v. SEC, 2012 U.S. App. LX 7169 (Fed. Cir. 04/10/2012, ("7169")); filings in 03-0831-KJD-RJJ (D. NV), ("0831"), and from personal knowledge as an eye witness to Norris' behavior and misconduct while testifying for the USAO at trial in 04-Cr-1224 (RWS)(SDNY), see Ex. #3, Dkt. #107:0831 for Norris' perjury in 1224.

¶1

On or about 11/2012 I was informed by a private investigator that SEC lawyer Jeffrey B. Norris, had been terminated from the SEC on or about August 28, 2009 for misconduct. Cf. Supp. #1 at 4: "Norris served as a Trial Attorney with the SEC from February 23, 1992, until he was removed [for misconduct] on August 28, 2009" for "exercising poor judgment and misuse of government email [(cf. also with Supplement #2, inappropriate emails of Norris)]on two separate occasions." (emphasis added).

¶2

The SEC removed Norris for misconduct which occurred "from March to May 2007" regarding Marc Cuban (Supp. #1, Ibid), during the time of Mr. Ware's trial in the Vendetta

(1)

Prosecutions in New York (U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115"), and 04-Cr-2219 (LBS)(SDNY), ("2219").

¶3

Norris was scheduled to be a material witness in 1115 (cf. Dkt. #31, 32, 40); and Norris actually knowingly and intentionally committed perjury knowingly suborned by the United States Attorney (SDNY), (the "USAO") to commit a fraud on the court by knowingly testifying falsely in 1224.(Cf. Supp. #1 at 18-21).

¶4

On 04/25/2009 (after trial in both 1115 and 1224) Mr. Ware filed his motion for the USAO (which included the investigating government agency, the SEC, and its employees) to certify compliance with all Brady and Giglio requirements in 1115 and 1224. Cf. Id at 18 (¶7); see also Id. at 24-27; 32(¶12); 34-36 (¶¶22-36); 37-39; 40-52 (Brady evidence).

In responding on behalf of the USAO AUSA Maria E. Douvas, Esq. (an officer of the court) filed a false and fraudulent Declaration dated 05/11/2009 in 09-0851-Cr and 07-5222-Cr where in ¶8 she committed perjury, and lied and committed a fraud on the court. Cf. Id. at 18-19.

On 06/16/2009 Norris' supervisor (SEC lawyer Rose Romero, Esq., an officer of the court) responded (prefunctory) to Mr. Ware's letter dated 05/29/2009 addressing Norris', the DOJ's, the SEC's, and the Judiciary's criminal conduct regarding the Vendetta Prosecutions. Id. at 53.

Romero did not inform Mr. Ware that she had already decided remove Norris as a Trial Lawyer for misconduct, even though Mr. Ware had filed the Brady and Giglio certification motion on 04/25/2009. Id. at 18.

¶5

On 05/22/2009 [ ] the SEC (Romero) had "sent Norris a notice of proposed removal which proposed to remove him [(Norris)] based on the three emails sent in 2008[.]" Id. at 4-5.

¶6

Norris responded to the SEC's proposed notice of removal claiming, inter alia, that he sufferred from **mental illness** (Giglio evidence), i.e., ("Attention Deficit Hyperactivity Disorder ("AD/HD"))." Ibid.

¶7

On 08/19/2009 (the day after the Second Circuit entered the bogus and fraudulent opinion in U.S. v. Ware, 577 F.3d 442 (2d Cir. 2009), (Kearse, J.)), cf. ¶3, supra, "Rose Romero [], informed Norris that she has decided to remove him effective August 28, 2009, for misuse of government equipment by sending unauthorized or inappropriate

(2)

emails." (emphasis added).

¶8

The SEC, Romero, Norris, and the USAO, (the "Government Agents"), all knew that Norris' misconduct was Giglio evidence, and all knew that the SEC's decision to "remove" Norris was newly discovered evidence material to both 1115 and 1224; and all knew that Mr. Ware had petitioned the Courts for access to the Brady and Giglio evidence in the possession of the USAO, or SEC. See Id. at 18-21.

¶9

Romero, an officer of the court, and employee of the investigating agency (the SEC) on behalf of the USAO, was and is **currently** also subject to the discovery orders of the 1115 court (Dkt. #17:1115); and the 1224 court's 08/10/2007 discovery order, cf. Id. at 20, 44-49.

¶10

The government agents also knew and currently know that they were and are in criminal contempt (18 USC §401(3)) of a court order by not disclosing all Brady and Giglio evidence regarding a SEC witness (Norris) who testified on behalf of the government (USAO), and knowingly committed perjury, at trial in 1224. Id. at 20.

Norris' statements to the USAO prior to taking the wtiness stand were also Jencks Act (18 USC §3500) evidence, which would have impeached and proved that Norris was mentally unstable during the 0831 SEC Las Vegas litigation; and mentally unstable while testifying at trial in 1224 in November 2007. See Dkt. #157:0831 for memorandum of law regarding SEC's and USAO's "continuing Brady and Giglio duties even after trial and appeal."

¶11

The SEC admitted that Norris' mental illness was of such an extent "that he did 'not have the potential for rehabilitation because prior disciplinary actions have not prevented [Norris'] impulsive emails.'" Cf. Supp. #2 at 5 regarding Mr. Ware's 09/01/2004 illegal arrest arranged by the SEC/USAO to prevent Mr. Ware from deposing SEC lawyer Stephen Webster, Esq., see Id. at 6: "September 1, 2004" was the date suggested by Norris to depose Webster, the exact same date that the U.S. Marshals kidnapped Mr. Ware in Atlanta, GA; cf. 05-cv-2917-TWT (NDGA); see also Id. at 5) in violation of the Omnibus Clause of 18 USC §§2, 241, 242, 371, 1201-02, 1503, 1505, 1512, 1621-23, 1951, 1956-57, and 1961-64, (the "SEC RICO Predicate Acts").

¶12

The SEC had also previously disciplined Norris by barring Norris "from presenting cases to the commissioners in the future" because Norris "had a confrontation with agency commissioners in 2007" (the same time of the Vendetta Trials conducted by the USAO (SDNY). Supp. #1 at 5.

(3)

¶13

Norris was also under "psychiatric" care for his mental illness in 2007, Giglio evidence. (Palpably according to n. 2, 3 "agency counsel" knew of Norris' disbarment (Giglio evidence) which has been suppressed and has never been disclosed, as required by the Due Process Clause, to Mr. Ware by the SEC or USAO in 1115 or 1224). Cf. Id. at 18-21, 26.

¶14

The SEC colluded and conspired with the USAO and the Department of Justice to suppress both Brady and Giglio evidence in the possession of the SEC and USAO in willful violation of the Due Process Clause of the Fifth Amendment in 'reckless disregard for the truth' by government lawyers, a fraud on the court. Demjanjuk v. Petrovsky, 10 F.3d 338, 352-58 (6th Cir. 1993); see also Hazel Atlas-Glass CO. v. Hartford Empire Co., 322 U.S. 238, 242-50 (1944)(tampering with the judicial machinery is an offense against the very persons the system to designed to protect).

I Ulysses Thomas Ware have set my hand and seal and have signed this Declaration under oath and subject to the penalty of perjury, and this Declaration was made pursuant to 28 USC §1746.

Ulysses Thomas Ware
Atlanta, GA 30315
11/07/2012 05:07:10 P.M. printed

I hereby incorporate by reference Dkt. ##153, 157, 159, 160, 161, 164, 166-68, and 189-200 filed in 03-0831-KJD-RJJ (D. NV) where Jeffrey B. Norris was the purported lead trial counsel for the SEC, cf. also Dkt. #155.n.2 for SEC fraud.

See also Dkt. #107 attached exhibits for Norris' perjured testimony on behalf of the SEC in 04-Cr-1224 (RWS)(SDNY) in November 2007.

See also Dkt. #128: Appendix #3 for SEC and USAO fraud regarding 04-Cr-1224 (RWS)(SDNY), 11-4181-CV, 09-0851-Cr, 03-7973-Cv, and 03-0831 (D. NV).

*****

End of Document

(4)

12/16/2012

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta. GA 30315

Legal Mail

11/08/2012

SEC Fraud on the Court
Violation of Discovery Order
in 04-Cr-1224 (RWS)(SDNY).

 Freedom
FOREVER

 Equality
FOREVER

PRIORITY

⇔56218-019⇔
Judge Dyk
Circuit Judge
717 Madison PL NW
Court of Appeals Fed. Cir
Washington, DC 20439
United States

---

Ulysses Thomas Ware
Reg, No. 56218-019
P.O. Box 150160
Atlanta Prison Camp
Atlanta, GA 30315

Legal Mail
11/08/2012

SERVICE COPY

CRIMINAL CONTEMPT OF DISCOVERY ORDER

JEFFREY B. NORRIS MENTAL ILLNESS
NEWLY DISCOVERED EVIDENCE

PERSONAL AND CONFIDENTIAL

 Liberty
FOREVER

⇔56218-019⇔
Rose Romero
SEC Reg'n Director
801 Cherry ST
Unit 18
FORT Worth, TX 76102
United States

---

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Legal Mail

11/08/2012

SERVICE COPY

CRIMINAL CONTEMPT OF DISCOVERY ORDER

JEFFREY B. NORRIS MENTAL ILLNESS
NEWLY DISCOVERED EVIDENCE

PERSONAL AND CONFIDENTIAL

Equality
FOREVER

⇔56218-019⇔
Securities And Exchange
100 F ST NE
Off. of the Gen'l Counsel
Washington, DC 20549
United States

11/8/2012

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315



**PRIORITY**

November 8, 2012

The Honorable Circuit Judge Dyk
U.S. Court of Appeals
For the Federal Circuit
717 Madison Place
Washington, D.C. 20439

RE: Fraud on the Court committed by the SEC in colluding with the U.S. ATtorney (SDNY),
and others, regarding the perjured testimony of SEC lawyer Jeffrey B. Norris; and the
suppression of Giglio evidence (Norris' mental illness).

Dear Judge Dyk:

I am writing in regard to a recent opinion which I was directed to in regard to
former SEC lawyer Jeffrey B. Norris. Cf. Norris v. SEC, 2012 U.S. App. LX 7169 (Fed.
Cir. 2012) (Dyk, J.).

In particular, according to the opinion, the SEC was aware of Norris' misconduct
as early as 2007, (see Id. at 4), regarding inappropriate emails to Marc Cuban.

Norris was called as a witness by the USAO (SDNY) in U.S. v. Ware, 04-CR-1224
(RWS)(SDNY) in 11/2007; and the USAO colluded and conspired with the SEC to suppress
Norris' misconduct (Giglio evidence) and Jencks Act (18 USC §3500) evidence; and has
since that time suppressed all Brady and Giglio evidence in violation of due process
and their "continuing duties" regarding Giglio and Brady evidence.

Thus, I am requesting that the Court order the SEC to disclose all Giglio evidence
in its possession according to the 1224 district court's August 10, 2007 discovery
order, (attached at 18-21).

Judge Dyk, the SEC has known of Norris' mental illness and has not disclosed this
evidence to the Court's, which is a clear fraud on the courts where Norris has
testified.

If there are any questions in regard to this letter please contact the SEC and the
USAO at the address on the attachment in regard to the 1224 proceedings.

Sincerely,

Ulysses D. Ware

Ulysses Thomas Ware

enclosures;

cc: Rose Romero (SEC Regional Director); 03-0831 (D. NV) Court; Circuit Judge Robert A.
Katzmann; DOJ Criminal Division.

12/16/2012
11/8/2012

Submitted by Counsel:

_Ulysses J. Ware_

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 05:44:59 P.M. printed

**PRIORITY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EX. COMM.
    PLAINITFF-RESPONDENT

                              Case #: 03-0831-KJD-RJJ

    VS.

SMALL CAP RESEARCH GROUP, INC., ET AL.,
    DEFENDANTS-RESPONDENT.

---

NEWLY DISCOVERED EVIDENCE SUPPRESSED BY SEC AND USAO

Fraud on the Court Committed by the USAO (SDNY) and the SEC.

**SUPPRESSED MENTAL ILLNESS OF FORMER SEC EMPLOYEE JEFFREY B. NORRIS**

11/07/2012 SUPPLEMENT #1.0-A

Submitted by Counsel:

_Ulysses D. Ware_
Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 05:44:59 P.M. printed

**PRIORITY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EX. COMM.
    PLAINITFF-RESPONDENT

Case #: 03-0831-KJD-RJJ

VS.

SMALL CAP RESEARCH GROUP, INC., ET AL.,
    DEFENDANTS-RESPONDENT.

NEWLY DISCOVERED EVIDENCE SUPPRESSED BY SEC AND USAO

Fraud on the Court Committed by the USAO (SDNY) and the SEC.

**SUPPRESSED MENTAL ILLNESS OF FORMER SEC EMPLOYEE JEFFREY B. NORRIS**

11/07/2012 SUPPLEMENT #2.0: Norris' Improper Emails.


**JEFFREY B. NORRIS, Petitioner, v. SECURITIES AND EXCHANGE COMMISSION, Respondent.**
**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**
**2012 U.S. App. LEXIS 7169**
**2011-3129**
**April 10, 2012, Decided**

**Editorial Information: Prior History**

Petition for review of an arbitrator's decision in case no. SEC-AR-09-005 by Daniel M. Winograd.

**Disposition:**

VACATED and REMANDED.

**Counsel**    MICHAEL J. KATOR, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, argued for petitioner. With him on the brief was ADAM J. CASNER, of Austin, Texas.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief was JUANITA C. HERNANDEZ, Senior Counsel, Securities & Exchange Commission, of Washington, DC.

**Judges:** Before DYK, MOORE, and O'MALLEY, Circuit Judges.

**CASE SUMMARY**

 **PROCEDURAL POSTURE:** Petitioner former employee sought review of an arbitrator's decision affirming respondent Securities and Exchange Commission's removal of him from his position as a Trial Attorney. Arbitrator was required to consider post-removal evidence that an SEC employee him to consider, that the employee's personal issues that had affected his performance had improved and that new medication was helping with disorder, and on remand, that evidence was to be considered in evaluating the relevant factors.



**OVERVIEW:** There was no dispute that the employee had engaged in the behavior that led to his removal or that his actions were improper. The focus was on whether removal was a reasonable penalty. The deciding official testified to her knowledge of a prior incident that had not been listed in the notice of proposed removal, but she also testified that, in deciding to remove the employee, she had not considered information not included in the notice. Thus, there was no evidence she improperly considered ex parte information in determining the penalty to be imposed. But, the arbitrator erred in holding that post-removal good conduct was not relevant. The employee asked the arbitrator to consider evidence that personal issues that had affected his performance had improved and that new medication was helping with disorder. In assessing the reasonableness of the penalty imposed, the arbitrator was required to consider post-removal evidence that was brought to his attention. On remand, the arbitrator was to consider the post-removal evidence submitted by the employee in evaluating the relevant factors.

**OUTCOME:** The arbitrator's decision affirming the employee's removal was vacated and the matter was

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12/16/2012

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007 Telephone:212-857-8500
MOTION INFORMATION STATEMENT

| Docket Number(s): 09-0851-cr and 07-5222-cr | Caption [use short title] |
|---|---|
| Motion For: Extension of time to file affirmation and leave to file motion out of time | United States of America v. Thomas Ware |

Set forth below precise, complete statement of relief sought:

The Government seeks an extension of time of 30 days from the present due date of May 11, 2009 to June 10, 2009, in which to file its affirmation and leave to file motion out of time.

| MOVING PARTY: United States of America | OPPOSING PARTY: Thomas Ware |
|---|---|
| ☐ Plaintiff      ☐ Defendant | |
| ☐ Appellant/Petitioner   X  Appellee/Respondent | |

| MOVING ATTORNEY: LEV L. DASSIN | OPPOSING ATTORNEY [Name]: Ulysses Thomas Ware |
|---|---|
| Acting United States Attorney | [name of attorney, with firm, address, phone number and e-mail] |
| Southern District of New York | Ulysses Thomas Ware |
| One St. Andrew's Plaza | Reg. No. 56214-019 |
| New York, NY 10007 | MDC Brooklyn |
| by:  AUSA Maria E. Douvas | Metropolitan Detention Center |
| Tel:  (212) 637-2327 | P.O. Box 329002 |
| e-mail:  maria.douvas@usdoj.gov | Brooklyn, NY 11232 |

Court-Judge/Agency appealed from:  U.S. District Court, S.D.N.Y., Hon. Robert W. Sweet

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR
                                                   STAYS AND INJUNCTIONS PENDING APPEAL:
Has consent of opposing counsel:                   Has request for relief been made below?   ☐ Yes ☐ No
A.  been sought?        ☐ Yes X No                 Has this relief been previously sought in this Court?  ☐ Yes ☐ No
B.  been obtained?      ☐ Yes X No
Is oral argument requested?    ☐ Yes X No
(requests for oral argument will not necessarily be granted)   Requested return date and explanation of emergency:

Has argument date of appeal been set?   ☐ Yes X No

If yes, enter date:

Signature of Moving Attorney:              Date:
~~~~~~~~                                    May 11, 2009     Has service been effected?   X Yes ☐ No
                                                            [Attach affidavit of service]

ORDER

IT IS HEREBY ORDERED THAT the motion is   GRANTED    DENIED.

                                          FOR THE COURT:
                                          ROSEANN B. MacKECHNIE, Clerk of Court

Date:                          by:

FORM T-1080 (Revised 10/01/02)

46

---

detained pursuant to Title 18, United States Code, Section 4142(d)(3), following a five-day jury trial. Indictment 04 Cr. 1224 (RWS) was filed on November 17, 2004 (the "2004 Indictment"). The 2004 Indictment charged the Appellant with three counts of criminal contempt in violation of Title 18, United States Code, Section 401(3). Trial began on November 15, 2007, and ended on November 21, 2007, when the jury convicted Appellant on all counts. Assistant United States Attorney Nicholas S. Goldin and I were responsible for prosecuting this case.

4.    Appellant is also moving to compel the Government to "Certify Compliance with Brady and Giglio" in connection with United States v. Thomas Ware, 04 Cr. 1224 (RWS) and United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP). Superseding Indictment S1 05 Cr. 1115 (WHP) was filed on September 14, 2006 (the "2005 Indictment"), in two counts. The 2005 Indictment charged the Appellant with one count of conspiracy to commit securities and wire fraud, in violation of Title 18, United States Code, Section 371, and one count of Securities Fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18 United States Code, Section 2. The Assistant United States Attorneys who were responsible for the prosecution of United States v. Ulysses Thomas Ware, 05 Cr.

---

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,           :

        Appellee,                   :    09-0851-cr

        v.                          :

THOMAS WARE,

        Defendant-Appellant.        :
- - - - - - - - - - - - - - - - - - -x

        MARIA E. DOUVAS, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

        1.    I am an Assistant United States Attorney in the Office of Lev L. Dassin, Acting United States Attorney for the Southern District of New York, and I am one of the attorneys responsible for representing the Government in this appeal. This affirmation is submitted in support of the Government's motion for a 30-day extension of time in which to file its affirmation in response to Appellant's Motion for the Government to Certify Compliance with Brady and Giglio and Motion for Bail in 07-5222-cr and 09-0851-cr.

        2.    This request for an extension represents the first request for an extension by the Government in connection with Appellant's instant motion.

        3.    Appellant has appealed from an order entered on November 27, 2007, in the United States District Court for the Southern District of New York, by the Honorable Robert W. Sweet, United States District Judge, which ordered the Appellant to be

-47-

---

1115 (WHP) were Alexander Southwell and Steven Feldman.

        5.    Appellant's brief on the merits in connection with United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP) has been fully briefed, and set for submission without oral argument. On March 3, 2009, Appellant filed a notice of appeal in connection with United States v. Thomas Ware, 04 Cr. 1224 (RWS).

        6.    Ware's current brief on appeal contends that the attorneys for the Government in United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP) and United States v. Thomas Ware, 04 Cr. 1224 (RWS) deliberately and willfully suppressed Brady and Giglio evidence as part of an ongoing criminal enterprise, and to wage a "v[e]ndetta of Judge Leonard B. Sand" against Ware. Ware also contends that his appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial, and therefore moves for release from custody pending appeal, pursuant to Title 18, United States Code, Section 3145(c).

        7.    Pursuant to the initial scheduling order issued by this Court after Appellant filed his motion on April 25, 2009, the Government's response was due on May 11, 2009.

        8.    Ware has made serious allegations against counsel for the Government in two criminal trials. Accordingly, a review of the trial records in both United States v. Thomas Ware, 04 Cr. 1224 (RWS) and United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP) is required to answer the Appellant's allegations. The

Government has conducted an initial review of Ware's claims, and finds them to be wholly without merit. However, the Government has not been able to complete its investigation because neither of the prosecutors in United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP) are currently employed by the United States Department of Justice, and there is a substantial number of documents and records involved in connection with that criminal trial. Because of the time required to review the trial record, and to communicate with the trial attorneys in that case, and my work on numerous other matters, I have not had an opportunity to draft the Government's response to Ware's motion.

9. Accordingly, the Government respectfully requests a 30-day extension of time to file its response in opposition to the Appellant's motion until June 10, 2009, and leave to file this motion out of time.

Dated: New York, New York
May 11, 2009

MARIA E. DOUVAS
Assistant United States Attorney
Southern District of New York



4

50

AFFIRMATION OF SERVICE

MARIA E. DOUVAS affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

That on the 11th day of May, 2009, she mailed one copy of the within Notice of Motion for An Extension and Leave to File Affirmation Out of Time by enclosing the same in a properly marked envelope addressed to:

Ulysses Thomas Ware
Reg. No. 56218-019
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

and that she placed the envelope in an outgoing mail box located at One St. Andrew's Plaza, New York, New York 10007.

MARIA E. DOUVAS
Assistant United States Attorney



5

51

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
PLAINTIFF,

v.

ULYSSES THOMAS WARE,
DEFENDANT.

CASE # 05-CR-1115(WHP)

Defendant Ware's Exhibit: Brady and Giglio Fraud on the Court Violation Regarding Jeffrey B. Norris, Esq. of the Securities and Exchange Commission Submitted in U.S. v. Ware, 04-Cr-1224(RWS) by ATRA Nicholas S. Goldin.

Submitted by
Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
December 17, 2009

52

---

U.S. Department of Justice

United States Attorney
Southern District of New York

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 15, 2009

By HAND
Honorable Robert W. Sweet
United States District Judge
500 Pearl Street
New York, New York 10007

Re: United States v. Thomas Ware, 04 Cr. 1224 (RWS)

Dear Judge Sweet:

The Government respectfully responds to the defendant's July 9, 2009 application seeking referral of certain assistant U.S. Attorneys for criminal contempt prosecution based on a purported violation of this Court's August 10, 2007 Order[1] insofar as the Order concerned disclosure of exculpatory and impeachment material. As set forth below, the application is wholly without merit and should be denied.

Initially, Ware's application is yet another reminder of the following passage in a decision by then-District Judge Cabranes:

It is well documented in this district and in courts around the country that [the litigant] has attempted, through a pattern and practice of suing judges and making irrelevant and unfounded allegations about them and their families, to clog the legal system by filing countless crafty and time-consuming documents which obscure the issues and place extraordinary barriers on the parties, the attorneys and the judges (who are often the subject of [the litigant's] motions for recusal). . . . It may be that [the litigant], recognizing his legal and factual problem, is attempting by his wild accusations of venal conduct on the part of all the lawyers, trustees, and bankruptcy judges involved in the administration of the estates in both Massachusetts and Connecticut, in the words of former Justice Jackson, to pound loudly on the table in the hope that if he becomes enough of a problem, that by either intimidation or weariness, he may accomplish some part of his purpose. Since he is already in bankruptcy, what does he have to lose? The result is

[1] The Order is dated August 8, 2007 and was docketed on August 10, 2007. (See Aug. 8, 2007 Order, attached hereto).

53

12/18/2012
11/7/2012

that the accusations increase, the motions, pleadings, complaints, and suits multiply, courts and lawyers are buried in mountains of time-consuming paper. If there is one truth, it is that the entire will be tied when by the costs and legal fees engendered by his 'crusade.'

*In re Martin-Trigona*, 573 F. Supp. 1237, 1242 (D. Conn. 1983).[2]

Turning to Ware's July 9, 2009 application, Ware claims that this Court's August 10, 2007 Order directed the production of *Brady* and *Giglio* material by October 31, 2007. That, however, is incorrect. The face of the Order stated that "the Government shall produce all exculpatory and impeachment evidence prior to trial" (see Order at 7), as opposed to October 31, 2007. The trial began on November 14, 2007. Indeed, as the Order itself recounts, it was the defendant himself who had requested production of all exculpatory and impeachment material on this timetable. (See Order at 2.)

By *ex parte* letter submitted on or about November 9, 2007 (which was approximately one week before trial began), the Government informed this Court about certain matters it had learned about one of its trial witnesses, Jeffrey Norris, including two instances when Norris was disciplined by his employer, the Securities and Exchange Commission. In its letter the Government sought a ruling that it did not need to disclose to the defendant the material described in the letter or, to the extent disclosure was required, a ruling that the material could not be used for cross-examination purposes. This procedure (used by the Government for making this ruling was consistent both with this Court's orders and Second Circuit law. *See United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989) (approving procedure of having court conduct *in camera* review of government agent's personnel file, to determine whether any information was discoverable under *Giglio*); *United States v. Salameh*, 152 F.3d 88, 131-32 (2d Cir. 1998) (affirming court's refusal, after *in camera* review, to disclose government witness's prior disorderly conduct violations).

On or about November 16, 2007, before Norris's direct examination began, this Court provided the defendant with a copy of the Government's November 9, 2007 letter. This Court gave the defendant time to review the letter and then heard argument from the defendant on why the material described in the letter was relevant to Norris's credibility as a witness in this case and was a proper basis for cross-examination. After hearing from Ware, this Court precluded

---

[2] On August 18, 2009 the Court of Appeals affirmed the securities fraud conviction of the defendant Ulysses Thomas Ware in the case before Judge Pauley, and rejected all of his claims on appeal with the exception of whether there was a factual basis for applying one of the role enhancements under the Sentencing Guidelines, as to which issue the Court of Appeals remanded. *See United States v. Ware*, ___ F.3d ___, 2009 WL 2512231 (2d Cir. Aug. 18, 2009). In addition, over the last several months, the Court of Appeals also has denied various motions filed by Ware, including motions for, among other things, dismissal of the indictment before Judge Pauley on grounds of "judicial corruption" and prosecutorial misconduct; referral of various AUSAs for criminal prosecution and ethics charges; referral of Circuit Judges Kearse, Sack, and Hall for criminal prosecution; various arrest warrants, and bail.

54

---

cross-examination on the matters described in the Government's letter. (See trial tr. 534-35, 571-75, attached hereto.) In the course of doing so, this Court stated the following: "It doesn't constitute Giglio material" (tr. 534); "[In] my view these matters do not go to veracity or truth" (tr. 573); and "I don't think it is Giglio material, but I meant it was for you so that you can — I turned the letter over to you so that you would be aware, but I don't think the material is Giglio material" (tr. 574).

Contrary to the defendant's instant claim that the Government somehow acted improperly in connection with disclosure of this information about Norris, the Government acted properly in terms of both the manner and timing of its handling of this information. Moreover, before Norris began his direct testimony, the defendant was given ample opportunity to review the Government's letter and was permitted to argue why he believed this information could be used for cross-examination. Only then did this Court preclude him from using this material to cross-examine. Thus, the Government did not act improperly and, in any event, the defendant suffered no prejudice as a result of the nature or timing of the disclosure.

In sum, as this Court repeatedly stated, the material at issue was not Giglio material; to the extent it was, consistent with this Court's August 10, 2007 Order and Second Circuit precedent, the Government disclosed it to the Court prior to trial for a determination as to whether it was Giglio material, and before precluding cross-examination using it, the Court disclosed it to the defendant and heard argument from him. That, the Government did not violate the Court's August 10, 2007 Order, either intentionally or unintentionally.

Accordingly, the Court should deny Ware's application for a referral of certain prosecutors for criminal contempt prosecution.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
Nicholas S. Goldin
Assistant United States Attorney
(212) 637-2334

cc: Ulysses Thomas Ware, *pro se*
Reg. No. 56218-019
Atlanta Prison Camp
PO Box 150160
Atlanta, GA 30315

55

3

---

UNITED STATES OF AMERICA v.
THOMAS WARE

Page 531

(Jury not present)
THE COURT: What is happening this afternoon?
MS. DOUVAS: There are only two more witnesses. One is the transfer agent and the other is the 404(b) witness, and that's it.
MR. GOLDIN: What time are we resuming?
THE COURT: 2:15.
Counsel, I have received a note from a juror. It will be marked Court Exhibit 2.

(Luncheon recess)

(Continued on next page)

Page 533

THE WITNESS: Thank you.
(Witness excused)
THE COURT: We will resume at 2:15, ladies and gentlemen.

(Continued on next page)

Page 534

AFTERNOON SESSION

2:15 p.m.

(In chambers)
(The Court, government counsel present)
... in camera explanation to deem certain questions. It doesn't constitute Giglio material and when I get this I said, well, we will deal with this when it comes up. It has come up, and I am sorry that I didn't deal with it earlier.
... I don't see any basis on which we cannot turn it over to the defendant.
MS. DOUVAS: The government's position, just to state it, was simply that we didn't think that the fact that he was disciplined for —
THE COURT: He is not going to be able to use it in cross-examination.
MR. GOLDIN: The Court's view is that we will turn it over, but the Court will preclude him from crossing on it.
THE COURT: I think that I will give him this letter.

(Continued on next page)

---

UNITED STATES OF AMERICA v.
THOMAS WARE

Page 535

(In open court, jury not present)
THE COURT: I take it that is the next witness.
MS. DOUVAS: It is not the next witness. That is the transfer agent.
THE COURT: Let's go with the next witness.
MR. WARE: Before we start, could I have a chance to read this document?
THE COURT: No, I gave it to you so you couldn't read it — of course read it, but it doesn't have anything to do with what is happening next.
MR. WARE: It is going to be hard for me to focus while reading this document.
THE COURT: You can do that.

(Continued on next page)

Page 536

(Jury present)
THE COURT: Yes.
MS. DOUVAS: The government calls Kellie Gwinn, your Honor.
KELLIE GWINN,
called as a witness by the government, having been duly sworn, testified as follows:
DIRECT EXAMINATION
BY MS. DOUVAS:
Q. Good afternoon.
Where do you work?
A. Computershare Trust Company N.A.
Q. Could you speak up a little bit.
THE COURT: Ms. Gwinn, I am sorry, but the courtroom is rather large and we don't have an amplifying system, so please keep your voice up so that the jury can hear you.
A. Computershare Trust Company N.A.
Q. If you can very briefly tell the jury what Computershare Trust company is, what type of business it is?
A. Computershare performs the books and records for public companies, the registered shareholders.
Q. What is a stock transfer agent?
A. They maintain the books and records for public companies, issue stock certificates, transactions involving a public company.

---

certificates and recorded transactions.
Q. Did Group Management have any other stock transfer agent from the time period of November 2001 to December 1, 2003?
A. Not to my knowledge, no.
Q. I am going to show you what's been marked for the purposes of identification, Government Exhibit 87
MS. DOUVAS: Your Honor, may I approach.
Q. Do you recognize Government Exhibit 80?
A. Yes.
Q. How do you recognize it?
A. I retained the escrow prints of what we refer to as the company maintenance screen for Computershare or Group Management — except me.
Q. Is the type of information that is contained in Government Exhibit 80 that you permit off of the database maintained in Computershare's normal and ordinary course of business?
A. Yes.
Q. At what time is the information imported into the database?
A. As we receive it.
MS. DOUVAS: Your Honor, the government offers Government Exhibit 80.
THE COURT: It is admitted.
(Government Exhibit 80 admitted)
MS. DOUVAS: [to witness] Government Exhibit 80.

## Page 571

CROSS-EXAMINATION
BY MR. WARE:

Q. Ms. Gwynn, have you seen Government Exhibit 31 prior to today?

A. No.

Q. Do you have any personal knowledge of Government Exhibit 31?

A. No.

...

## Page 573

Q. cross-examination. Your Honor, first of all, we don't know when this context occurred, number one. Was it yesterday? Was it two weeks ago? Was it a year ago? That's the relevant issue...

## Page 572

...

## Page 574

THE COURT: We're not talking about that. We're talking about the subject of the letter. Is there anything else you want to tell me?

MR. WARE: Again, Mr. Norris has a history of using his official...

...

## Page 575

THE COURT: Yes.

MR. WARE: I would, of course, object to that and enter this, of course, on trial.

THE COURT: I'll mark it as a Court's exhibit.

Q. Okay. What is next?

MS. DOUVAS: The government is going to call Jeffry Norris next.

THE COURT: Okay. Thank you.

MS. DOUVAS: Does the Court have a limiting instruction? At one point we're going to go into the 404 B matter and I am going to say now —

THE COURT: I am sorry. You've lost me.

MS. DOUVAS: I was asking if the Court is going to give a limiting instruction.

THE COURT: Just say this is not being charged. Il just relates to his intent.

MS. DOUVAS: Right.

THE COURT: Yeah. Okay.

(Jury present)

THE COURT: Please be seated, ladies and gentlemen.

MS. DOUVAS: The government calls Jeffry Norris, your Honor.

JEFFREY NORRIS,

called as a witness for the Government, having been duly sworn, testified as follows:

## Page 578

DIRECT EXAMINATION
BY MS. DOUVAS:

Q. Good afternoon. Where do you work?

A. I work at the United States Securities and Exchange Commission, SEC.

Q. And is just one or two sentences, could you please describe for the jury what the Securities and Exchange Commission is?

A. The Securities and Exchange Commission is an independent agency that regulates the securities markets including the issuance of securities brokerage firms, investment advisers, all aspects of the securities market.

Q. What is your title with the SEC?

A. My title is senior counsel which simply means I am an SEC trial attorney.

Q. And what are your duties and responsibilities as a senior trial counsel for the SEC?

A. When an investigation is complete the record of that investigation is handed over to me if indeed the commission decides that there are violations of the federal securities laws and I am charged with the responsibility of taking that case into litigation either in the district court or before an administrative law judge in an administrative proceeding.

Q. Could you speak up just a little bit?

A. Yes,

## P. 21

Q. How long have you worked with the SEC?

A. I have been with the SEC for slightly more than 15 years.

Q. And you said you are senior trial counsel. So how long have you been a lawyer?

A. I have been a lawyer for 22 years.

Q. In your course of being a trial attorney with the SEC did you become familiar with a person by the name of Ulysses Thomas Ware or Thomas Ware?

A. Yes, I did.

Q. How did you become familiar with Mr. Ware?

A. In 2003 I received the investigative record of a case that involved an entity stock share, trading in the shares of a stock called Investment Technologies Inc. I subsequently July of 2003 brought a civil injunctive action in the District Court of Nevada against two individuals and four entities. One of those individuals was Mr. Ware.

(Continued on next page)

## Certificate of Service

I Ulysses Thomas Ware, have this ____ day of December 2009 served a copy of Ware's Exhibit of Brady and Giglio Fraud on the persons listed below by depositing into the legal mailing system at the Atlanta Prison Camp with correct first class postage affixed addressed as follows:

AUSA Nicholas S. Goldin
U.S. Attorney's Office
One St. Andrews Plaza
New York, NY 10007

District Clerk's Office
U.S. District Court
500 Pearl Street
New York, NY 10007

District Judge William H. Pauley, III
U.S. Courthouse
500 Pearl St.
New York, NY 10007

Ulysses Thomas Ware

[Intentionally Blank]

Submitted by Counsel:

**PRIORITY**

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
11/07/2012 05:44:59 P.M. printed

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EX. COMM.
PLAINTIFF-RESPONDENT

Case #: 03-0831-KJD-RJJ

VS.

SMALL CAP RESEARCH GROUP, INC., ET AL.,
DEFENDANTS-RESPONDENT.

NEWLY DISCOVERED EVIDENCE SUPPRESSED BY SEC AND USAO

Fraud on the Court Committed by the USAO (SDNY) and the SEC.

SUPPRESSED MENTAL ILLNESS OF FORMER SEC EMPLOYEE JEFFREY B. NORRIS

11/07/2012 Declaration of Ulysses Thomas Ware

Norris testified and committed perjury during 04-cr-1224
(Rws)(SDNY); which by the way on 12/20/2007 at Dkt.
#90 in 02-cv-2219 (SDNY) was dismissed w/o prejudice
pursuant to Rule 41(a)(2) rendering 09-0851-cv moot, i.e.,
the Court lacked 28 USC § 46 authority to review 09-0851-cr 12/8/2012
11/4/2010.