Submitted by Counsel:

*Ulysses J. Ware*

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/12/2012 05:22:22 P.M. printed



**PRIORITY**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ULYSSES THOMAS WARE,<br>PETITIONER,<br><br>VS.<br><br>WARDEN DARLEEN DREW,<br>BUREAU OF PRISONS,<br>ATLANTA PRISON CAMP.<br>RESPONDENTS. | **1:12-CV-4397**<br><br>CASE #: 12-CV-_____<br>Proof of racketeering to obstruct justice<br>U.S. Attorney Michael J. Garcia, Preet<br>Bharara, Katherine Polk-Failla, Alexander<br>H. Southwell, and District Judge William<br>H. Pauley, III. |

EMERGENCY PETITION FOR IMMEDIATE RELEASE
28 USC §2241: PETITION FOR A WRIT OF HABEAS CORPUS
ACTUAL AND FACTUAL INNOCENCE OF ALL CHARGES

**#9**

Proof of the criminal obstruction of justice of District Judge William H. Pauley, III, U.S. Attorney Michael J. Garcia, AUSA Alexander H. Southwell, Marlin Kirton, magistrate judge Michael H. Dolinger, and defendant Jeremy Jones in entering a false and fraudulent Rule 11 plea on 09/22/2006 (Dkt. ##20, 23, and 24) in U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115").

Dkt. ## 20, 23, and 24, were covered up since 09/22/2006 until 11/30/2012 to commit a fraud on a federal court by the above named officers of the court to conspire to kidnap Ulysses T. Ware because Mr. Ware refused to violate the federal securities law, and SEC national policy (SEC Release 33-1790, and SEC IR 5121) and issue fraudulent legal opinions the plaintiffs in 02-CV-2219 (LBS)(SDNY) to sell stock valued at +$75 million in an illegal public offering of Group Management Corp., ("GPMT") free-trading securities.

**21**



PRIORITY

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Chief Judge Loretta A. Preska
Street, Apt. No.,
or PO Box No. 500 Pearl St.
City, State, ZIP+4 New York, NY 10007

PS Form 3800, June 2002    See Reverse for Instructions

7003 1640 0005 1206 1615
7003 1640 0005 1206 1615

CERTIFIED MAIL

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Legal Mail

Filed at the Atlanta Prison Camp on 12/10/2012
with correct first class postage prepaid
addressed to:

Chief Judge Loretta A. Preska
U.S. District Court (SDNY)
500 Pearl St.
New York, NY 10007

RE:    U.S. v. Ware, 05-cr-1115 (WHP)(SDNY)

Contents:  12/09/2012 Emergency Rule 33 Motion
for a New Trial (Newly Discovered
Evidence: Dkt. ## 20, 23, and 24)

The contents of this package have been photocopied
at the Atlanta Prison Camp for compliance with
Houston v. Lack, and confirmation of filing with
Chief Judge Loretta A. Preska of the
U.S. District Court (SDNY) in 05-cr-1115 (SDNY).

A duplicate copy was served on the Judicial
Conference of the United States.

Ulysses Thomas Ware
Atlanta, GA 30315
12/10/2012 08:37:00 A.M. printed

56218-019
Loretta Preska- chief judge
Docket Sheet Fraud
500 Pearl ST
U.S. Courthouse
NEW YORK, NY 10007
United States

Chief Judge Preska Only
URGENT AND PRIORITY



12/10/2012

12/16/2012

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

**PRIORITY**

December 10, 2012
via certified mail#: 7003 1680 0005 1~~206 1615~~

The Honorable Loretta A. Preska
Chief Judge
U.S. District Court (SDNY)
U.S. Courthouse
500 Pearl St.
New York, NY 10007

RE: U.S. v. Ware, 05-Cr-1115 (WHP)(SDNY), ("1115"): **Emergency** Rule 33 motion for a new trial for newly discovered evidence (Dkt. ##20, 23, and 24, (the "Suppressed Pleadings")); and (2) for Fraud, Perjury, Obstruction of Justice, Civil Rights Violations, Hobbs Act extortion, Omnibus Clause (18 USC §1503), Kidnapping, Loan Sharking, Mail and Wire Fraud, Honest Services Fraud, Fraud on the Court, Kastigar Fraud, Cursio Fraud, Jury Charge Fraud, Bribery, Collusion, Conspiracy, and Racketeering between District Judge William H. Pauley, III, David Kelly, Michael J. Garcia, Preet Bharara, Katherine Polk-Failla, Andrew L. Fish, Nicholas S. Goldin, Maria E. Douvas, Steven D. Feldman, Alexander H. Southwell, Marlon Kirton, Jeremy Jones, Ruby Krajick, Andrew J. Peck, David Makol, and Michael H. Dolinger, and others known and unknown, (the "Unindicted Co-conspirators").

**EMERGENCY RULE 33, FRAUD, FRAUD ON THE COURT, BRIBERY, PERJURY MOTION.**

Judge Preska:

Enclosed for emergency processing in the Court are the following pleadings:

1. Emergency Rule 33, Fraud, Fraud on the Court, etc., Motion.
2. Exhibit #1: 09/22/2006 (Dkt. #24), Rule 11 Transcript.
3. Exhibit #2: Modified and Altered Docket Sheets in 05-Cr-1115 (WHP)(SDNY).
4. Dkt. #122, 11/16/2009 Discovery Motion filed in District Court in 1115.

Judge Preska I am forwarding the enclosed pleadings directly to your attention for filing due to the irregularities in the District Clerk' Office regarding previously submitted pleadings.

I am requesting that you immediately file and docket, and set for adjudication the enclosed Motion with a neutral unbiased, disinterested judicial officer, rather than Judge Pauley since he is named as a respondent in the Motion.

Furthermore, I am requesting that you exercise your supervisory authority over the Office of the District Clerk and direct the Clerk to file a **certified** copy of the 1115 docket into the record, and serve a copy of the same on Mr. Ware, since the costs have already been paid. Cf. Dkt. ##200, 203.

Judge Preska, I fully expect that you will do your duty as the Chief Judge of the District Court and ensure that the pleadings are actually processed according to the emergency rules and procedures of the Court in a "pending" judicial proceeding. Cf. 18 USC §1503 Omnibus Clause (obstruction of the due administration of justice is a felony).

A more pressing issue is the current subject matter jurisdiction of the 1115 District Court to adjudicate any issue in regard to 1115, after the Executive Branch on

11/07/2008 issued its Art. II, §3 prosecutorial double jeopardy political decision in the United States' appeal brief filed in 07-5222-Cr, 07-5670-Cr (XAP) at P. 2(*), abandoning its Rule 28.1(c)(2) cross-appeal in 07-5670-Cr (XAP), i.e., subject matter jurisdiction is a legal impossibility prohibiting any adjudication in the District or Appeals Court regarding 1115.

If there are any questions please contact the undersigned at the above address. I will follow up with your office on 12/18/2012 to confirm the Pleadings have been properly filed and docketed.

Sincerely,
Ulysses J. Ware
Ulysses Thomas Ware

cc: Judicial Conference of the United States, U.S. Dept. of Justice Division of Public Integrity, House Judicial Committee.

enclosures: Emergency Rule 33 motion, and Exhibits 1, 2, and 3.

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Addressed to:

Office of the District Clerk
U.S. District Court (NDGA)
75 Spring St.
Atlanta, GA 30303

December 11, 2012

RE: Ware v. Hatten, 12-CV-1671 (MHS) (GGB)
Rule 33 Motion, Ex. 1, 2, and 3
Modified and Altered Docket Sheet In
05-Cr-1115 (SDNY) to cover up Dkt. ##
20, 23, and 24.

Ulysses Thomas Ware
Atlanta, GA 30315
12/11/2012 07:25:12 A.M. printed

⇔56218-019⇔
District Clerk
James N. Hatten
75 Spring ST NW
U.S. District Court N.D GA
Atlanta, GA 30303
United States

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315



December 11, 2012

The Office of the District Clerk
U.S. District Court (NDGA)
75 Spring St.
Atlanta, GA 30303

RE:   Ware v. Hatten, et al., 12-CV-1671 (MHS)(GGB)
      12/11/2012 Proof of Altered and Modified Docket Sheet in 05-Cr-1115 (WHP)(SDNY),
      ("1115"); cover up of Dkt. ## 20, 23, and 24 for six (6) years by District Judge
      William H. Pauley, III and U.S. Attorney Michael J. Garcia, Alexander H.
      Southwell, Steven D. Feldman, Nicholas S. Goldin, Katherine Polk-Failla, Andrew
      L. Fish, and Preet Bharara to commit a fraud on a federal court, and violate a
      court order (cf. Dkt. #17, 05/19/2005 discovery order, Tr. 5-6).

Dear Mr. Hatten:

      Please docket and filed the enclosed pleading in 1671 to wit:

1.    12/09/2012 Rule 33 Motion for New Trial.
2.    12/09/2012 Exhibit #1: 09/22/2006, Dkt. #24, Rule 11 plea transcript of Jeremy
      Jones.
3.    Altered and Modified Docket Sheets in 1115 to commit a fraud on a federal court.
4.    12/10/2012 Dkt. #122, 11/16/2009 Discovery Motion filed in 1115.

      Mr. Hatten please date stamp the duplicate and return in the SASE enclsoed.

      Also Please forward the docket sheet which I have had payment forwarded to your
office for 12-CV-1671 (MHS), and 05-CV-2917-TWT.

      If there are any questions please contact the undersigned at the above address.

Sincerely,

Ulysses Thomas Ware

enclosures: Rule 33 Motion, Exhibits 1, 2, and 3

cc: U.S. Dept. of Justice Criminal Division.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| | : | |
| | : | |
| VS. | : | CASE # 05-CR-1115 (WHP) |
| | : | |
| | : | |
| ULYSSES THOMAS WARE, | : | **EMERGENCY RULE 33 MOTION FOR A NEW TRIAL, FRAUD,** |
| DEFENDANT. | : | **FRAUD ON THE COURT, KASTIGAR FRAUD, CURSIO FRAUD,** |
| | : | **BRADY, GIGLIO, AND JENCKS ACT EVIDENCE** |

**SUPPRESSION, RULE (6)(e) FRAUD, DOCKET SHEET FRAUD, PERJURY, BRIBERY, CONSPIRACY, AND RACKETEERING TO OBSTRUCT THE DUE ADMINSTATION OF JUSTICE.**

EMERGENCY MOTION TO REVERSE AND VACATE THE CONVICTION AND SENTENCE IN 1115.

In included and attached hereto and made a part hereof of this Motion are: (1) Exhibit #1 (Dkt. #24: 09/22/2006 Rule 11 plea transcript); Exhibit #2 (1115 Docket Sheets materially altered and modified by the District Court to suppress evidence and to obstruct justice); and Exhibit #3 (Dkt. #122 Discovery Motion, 11/19/2009).

Submitted by Counsel:

Ulysses T. Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/09/2012 07:23:54 P.M. printed

A.

## OPENING STATEMENT

### PURPOSE OF PLEADINGS

A. To Identify and Address the Flagrant <u>Criminal</u> Frauds Committed by: (1) the USAO: Prosecutorial Misconduct; (2) Fraud Committed by the District Court: Judicial Misconduct; (3) Frauds Committed by the Magistrate Court: Judicial Misconduct; (4) Frauds Committed by the Second Circuit Court of Appeals, (cf. 577 F.3d 442, 445 (Background Section) (2d Cir. 2009) opinion by (Kearse, J.) (false and fraudulent statements and legal conclusions made at Id. 444-455 (as a matter of law "artificial inflation" was a legal impossibility due to the SEC's 07/14/2003 **judicial** admissions made in the 03-0831 (D. NV) Complt. (Dkt. #1 at ¶33); venue was impossible in the SDNY as a matter of law lacking "artificial inflation"; securities fraud was <u>legally</u> impossible lacking 'materiality' and an <u>efficient</u> market (cf. Dkt. #99, S. Tr. 73-76), i.e., the 1115 <u>district</u> court lacked an Article III <u>case</u> or <u>controversy</u> (an "offense" against the laws of the United States, cf. 18 USC §3231) lacking venue, and lacking (i) an **efficient** market, and (ii) lacking any "effect" on the INZS' stock **"price";** and (6) Frauds Committed by Marlon Kirton and Jeremy Jones.

This pleading is submitted in support of: (A) an **EMERGENCY MOTION** to recall the mandates in 07-5222-Cr, 07-5670-Cr (XAP) (2d Cir.) for fraud, fraud on the court, and newly discovered evidence (Dkt. ##20, 23, and 24:1115, favorable Jenck Act and <u>Brady</u> and <u>Giglio</u> evidence) which were belatedly disclosed **after trial** on 11/30/2012; (2) to reverse, vacate, and set aside Jones' fraudulent 09/22/2006 (Dkt. ##20, 23, and 24:1115) Rule 11 plea, and strike all references of the fraudulent plea from the record in 1115; and (B) to reverse, vacate, and set aside the conviction in 1115 for: (1) fraud on the court; (2) A Rule 33 motion for newly discovered evidence (the 11/30/2012 disclosed Dkt. #24 09/22/2006 transcript), (3) fraud, (4) grand jury fraud by the USAO, (see Dkt. #161, Rule 6(e) motion), (4) **fraud** by District Judge William H. Pauley, III for, (a) illegally suppressing and covering up Jones' statements (the 09/22/2006

(i)

allocution, Jencks Act evidence), (b) terminating 1115 on 08/17/2011, Dkt. #178 without entry of a Rule 55 order, (c) illegally terminating the Rule 29 motions and related documents, (obstructing the "due administration of justice" of a "pending proceeding" in violation of 18 USC §1503 Omnibus Clause) (Dkt. ##199, 201, 200, 203, 204, 205, 206, 207, 208, 209, 211) without entry of a Rule 55 order to enable appellate review, and (5) **intentional** and **deliberate** Brady, Giglio, and Jencks Act violations committed by District Judge Pauley, U.S. Attorney Michael J. Garcia, and Alexander H. Southwell, and magistrate Judges Andrew J. Peck, and Michael H. Dolinger; and (**C**) a Rule 12(b)(3)(B) motion to dismiss the 1115 indictment for failure to charge an indictable **offense** against the laws of the United States: (i) the 1115 District Court lacked all 18 USC §3231 subject matter jurisdiction over the 1115 proceedings, and lacked the authority to accept any evidence in 1115; and (ii) the USAO (SDNY) lacked all 28 USC §547(1) authority to seek a complaint (05-MAG-1630 (SDNY) on 09/20/2005), (Peck, J.); and lacked all lawful authority to seek an indictment with the use of the SEC's Kastigar immunized evidence (obtained by lunatic Jeffrey B. Norris on 04/29/2005 in the 0831 SEC Las Vegas proceedings) which was presented to the 1115 magistrate court on 09/20/2005 and to the grand jury by FBI SA David Makol, and others.

The forgone pleading and statement of fact were prepared under oath and subject to the penalty of perjury, and prepared pursuant to 28 USC §1746 on the 8th day of December, 2012 in the city of Atlanta, GA at the Atlanta Prison Camp.

Submitted By Counsel:

Ulysses Thomas Ware
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315
12/09/2012 08:58:08 A.M. printed

(ii)

12/16/2012

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

December 8, 2012

The Honorable Michael H. Dolinger
Magistrate Judge (SDNY)
U.S. Courthouse
500 Pearl St.
New York, NY 10007
          SECRET RULE 11 PROCEEDINGS: SIXTH AMENDMENT VIOLATIONS

RE: U.S. v. Ulysses T. Ware, and Jeremy Jones, 05-CR-1115 (WHP)(SDNY), ("1115").
    09/22/2006, Dkt. #24, Rule 11 Plea Transcript and 1115 Docket Sheet
    Irregularities, Secret UNDOCKETED Rule 11 Plea Proceeding;, No Factual Basis
    for Plea, Defendants Guilt was a legal impossibility, Jones' Rule 11 Plea
    is null and void ab initio.

**CRIMINAL CONSPIRACY TO COMMIT A FRAUD ON A FEDERAL COURT.**

**Sixth Amendment and Jencks Act Fraud by 1115 District Court, Magistrate Judge,**

Dear Judge Dolinger:

This brief is in regard to a very serious impropriety which took place within your immediate purview as a judicial officer of the court (possessing a duty and obligation to root out all fraud) in regard to the 1115 proceedings, i.e., an execrable fraud was committed directly, on a federal court, by United States Attorney Michael J. Garcia, AUSA Alexander H. Southwell, Marlon Kirton, and Jeremy Jones, and others known and unknown, (the "Co-conspirators"), on 09/22/2006.

I.

A.   Jeremy Jones' Fabricated and Fraudulent 09/22/2006 Purported Rule 11 Plea.

Judge Dolinger, according to the official records (Dkt. ##20, 24:1115) Jones purported to consent to enter a Rule 11 plea to the superseded indictment in 1115 on 09/22/2006.

Accordingly, at that moment you possessed "statements" (as defined by 18 USC 3500(b)) of Jones made to the Government; and therefore, you had and have a "continuing" duty to disclose all Brady, Giglio, and Jencks act evidence in your

(1)

12/16/2012

possession (see 05/19/2006, Dkt. #17:1115, Tr. at 5-6, 1115 discovery order), including what you know in regard to the 1115 proceedings.

B. Duty to Disclose all Statements: Intentional Suppression - Sixth Amendment Violation.

Judge Dolinger your challenge to the Government, Rule 11 Tr. 14-15, regarding venue (USAO (SDNY) lacked all lawful 28 USC §547(1) authority to prosecute 1115) to adjudicate 1115 in the SDNY is clearly favorable evidence in your possession now that it is an indisputable fact that the INZS press releases had no "effect" on the price of INZS' stock: U.S. Attorney Garcia and AUSA Southwell knowingly, willfully, and intentionally committed a fraud on you and your court on 09/22/2006.

Southwell, with Garcia's consent, stated in open court that INZS's press releases caused "[INZS stock to be purchased in the SDNY] at an inflated price," when both Southwell and Garcia possessed the SEC's 03-0831 (D. NV) complaint at ¶33, which bound the USAO and prohibited the false statement made by Southwell. (Tr. 14-15).

The SEC on 07/14/2003 conceded, and bound the USAO (Garcia and Southwell), by pleading the binding judicial admissions -- in the 03-0831 (D. NV) complt. Dkt. #1 at ¶¶ 30, 31, and 33) the INZS press releases had no "effect" on the "stock's price", i.e., there was no "inflated" stock purchased in the SDNY as a matter of law based on INZS press releases, i.e., the press releases were not material. (emphasis added).

C. Jones Guilty Plea on 09/22/2006 Was a Legal Impossibility.

The record is absent of any inquiry of yours demanding the USAO's proof of the "inflated price", i.e., Southwell perjury,; and the record is equally void of any inquiry of yours demanding proof of the alleged press releases of INZS actually issued in the SDNY, i.e, not merely available via the internet (not a direct connection -- there is not proof any press release of INZS was actually transmitted into the SDNY which "inflated" INZS' stock price) in the SDNY.

In essence you negligently rubber-stamped the perjury of the USAO, and failed to ascertain a valid factual and legal basis for the bogus Rule 11 plea.

Moreover, the record is completely absent of any inquiry of yours where you actually inquired of the Government to proffer that Mr. Ware knew the information in the press releases was false; and you further did not inquire of the Government exactly whom Jones was alleged to have conspired with, e.g., Jones did

(2)

not testify that Mr. Ware (or anyone other than himself) was aware of any (if there was any) false information.

Nor did Jones testify that he was involved in any (18 USC §371) conspiracy to commit securities fraud (which was a legal impossibility lacking materiality, and an efficient market, cf. Dkt. 99:1115, S. Tr. 31 L 18-25, and 73-76) with Mr. Ware.

Jones' omissions are clearly Brady (exculpatory evidence, favorable to Mr. Ware to negate an element of the government's burden of proof, and Giglio (impeachment statements), clearly contained in the Rule 11 transcript which was suppressed for more than six (6) years until 11/30/2012.

A review of the docket does not reveal any required disclosures that you have made in regard to Jones' Rule 11 plea, nor does the docket reveal any disclosures you have made in regard to Brady and Gilio evidence of which you have personal knowledge. Cf. Fed. R. Crim. Proc. 43(a)(1) right to be present.

Judge Dolinger I will review the 09/22/2006 (Dkt. #24) transcript of Jones' statements (his allocution, Tr. 13-15) at the 09/22/2006 bogus secret Rule 11 proceedings.

Proceedings part of a deliberately plan and scheme to violate Mr. Ware's Sixth Amendment right to notice, and right to attend all proceedings in 1115; and (2) proceedings designed by the Executive Branch induced and cause Jones to commit perjury, and (3) induced by both Garcia and Southwell (fraud which voids the Rule 11 plea contract, see Supp. #1 (12/07/2012)).

.II.

A. Intentional Sixth Amendment Violations: Notice and Right to Attend Proceedings; Fed. R. Crim. Proc. 43(a)(1) violation.

All defendants in federal criminal cases have a Sixth Amendment right to notice, and (2) the indisputable constitutional right to attend all proceedings in the case. CF. Fed. R. Crim. Proc. 43(a)(1); e.g., Rogers v. U.S., 422 U.S. 35, 38-39 (1975) ("The general rule ... includes a right of both defendants and their counsel to be present at all stages of the trial from arraignment to verdict and discharge of the jury."); Shield v. U.S., 273 U.S. 583, 588-89 (1927) (same); Fillippon v. Albion Vein Slate Co, 250 U.S. 76, 81 (1919) (same); N.Y. Civ. Liberties Union v. N.Y. City Transit Auth., 652 F.3d 247, 257 n.7 (2d Cir. 2010) (" ... the presumptive First Amendment right of access precludes a judge or a defendant, or both together, from arbitrarily closing a criminal proceedings"); cf. U.S. v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988) (Rule 11 plea hearing and documents open to the public: Thus, why was Jones' bogus 09/22/2006 (Dkt. ##20,

(3)

23, 24) suppressed beginning on 09/22/2006 until disclosure on 11/30/2012, in clear violation of the law in the Second Circuit, and Rule 43(a)(1)?).

B.   Criminal Obstruction of Justice by U.S. Attorney and District Judge Pauley.

On or before 09/22/2006 District Judge Pauley was notified by the USAO that Jones and his lawyer (Kirton) had agreed to go along with the scam, and would plead guilty to a non-offense.

And then, as part of the plan and scheme to kidnap Mr. Ware, Judge Pauley (in violation of 18 USC §§2, 201, 241, 242, 371, 891-94, 1201-02, 1341, 1343, 1346, 1503, 1512, 1621-23, 1951, 1956-57, and 1961-64, (the "Pauley RICO Predicate Acts"), referred, (see Dkt. #20:1115), the matter to the magistrate court, (cf. Dkt. #24:1115, Tr. 2-3, 16).

Therefore, it is indisputable that both Judge Pauley and the U.S. Attorney Michael J. Garcia (who sat in the courtroom during the Rule 11 plea) had notice and were aware of the proceedings; and both were aware the Rule 11 proceeding was governed by Rule 43(a)(1) requiring notice and the opportunity to attend for Mr. Ware.

C.   Illegal 09/22/2006 Secret Rule 11 Proceeding to Obstruct Justice.

The 09/22/2006 Rule 11 proceeding was designed as a secret proceeding, and designed to (1) violate Mr. Ware's Fifth and Sixth Amendment rights, (2) Rule 43 right, and (3) designed to violate the Brady, Giglio, and Jencks Act requirements, i.e., a criminal fraud concocted by U.S. Attorney Michael J. Garcia, AUSA Alexander H. Southwell, and District Judge Pauley to **rig and fix** the 1115 proceedings, to which Mr. Ware was severely prejudiced at trial, (1) lacking Jones' Jencks Act statements (Jones' allocution), to cross-examine Jones; and (2) lacking the Brady and Giglio evidence to "place the case in a different light" since Jones was the government's "principle witness" whose credibility, bias, and veracity were key to the government's case-in-chief. (quoting the opinion in U.S. v. Ware, 577 F.3d 442, 444 (2d Cir. 2009) (Kearse, J.).

D.   A Rule 11 Proceeding is a Public Proceeding. Requiring Notice to the Public and to the Defendant; and the Defendant has a Fifth Amendment and the Public has a Qualified First Amendment right to Access the Rule 11 Pleas Documents. Cf. U.S. v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1998); In re Washington Post Co., 807 F.2d 383 F.2d 389 (4th Cir. 1986) (same).

The District Court, and the Magistrate Court both failed to give proper due process notice of Jones' Rule 11 proceedings -- placing on the public docket via

(4)

a Rule 55 order -- the date of the proposed Rule 11 plea proceeding, a public proceeding. Haller, 837 F.2d at 86 ("we conclude there is a right of access to plea hearings and to plea agreements.")

Thus, along with the right of access, the due process right to notice of the Rule 11 proceeding exist, for without notice of the proceeding the right to access would be frustrated, and a nullity.

In In re Herald Co., 734 F.2d 93 (2d Cir. 1984) the Court discussed the procedural protocol required of the court 'prior to' closing a judicial proceeding, Id. at 102.

There the Court noted that 'prior to' closing a proceeding the public has a right to attend (Jones' Rule 11 plea proceeding), the Clerk must first enter into the public docket files, a Rule 55 order must be entered giving notice of the particulars of the intent to close the proceeding.

Thus, enabling any interested party to file objections protesting the closure.

Accordingly, the courts were required to have given the public (First Amendment) and Mr. Ware (Fifth Amendment) notice of Jones' proposed Rule 11 plea proceeding 'prior to' the 09/22/2006 proceeding; and Mr. Ware -- a criminal defendant in the same case -- also had a Fifth Amendment right of presence, and a Rule 43(a)(1) right to be present at the proceeding. See Kentucky v. Stincer, 482 U.S. 730, 745 (1987)(a defendant in a criminal proceeding "has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge."). citing Snyder v. Mass., 291 U.S. 97, 105-06 (1934).

The Stincer Court, Id. at 740, commented that in regard to the competency hearing at the subject of the issue there, "questions regarding the guilt ... of the defendant usually are not asked at the competency hearing, [however,] the hearing retains a direct relationship with the trial because it determines whether a key witness will testify" at trial; either the defendant or his counsel has a right of presence, and access to the record of the proceeding.

Thus, in the Rule 11 proceeding, the guilt of the defendant is conclusively determined, based on the allocution of the defendant, which constitutes Jencks Act statements required to be disclosed to the defense. Cf. 18 USC §3500(b).

Therefore, the criminal defendant has a Fifth Amendment right to notice, and the right to attend the Rule 11 proceeding; and a Jencks Act right to the defendant's statements after testifying on direct examination.

(5)

12/16/2012

Notwithstanding the right to all Brady and Giglio evidence produced at the Rule 11 proceeding.

In Jones' Rule 11 proceeding, notice was not docketed or given to Mr. Ware of Jones' intent to plead guilty, nor was the date and time of the hearing provided to Mr. Ware; nor was a copy of the transcript (the allocution of Jones, Jencks Act evidence) docketed until 11/07/2012 -- more than six (6) years after the Rule 11 proceeding.

By which Mr. Ware was prejudiced at trial by the intentional suppression of Jones' Jenck Act, Brady and Giglio evidence.

Due to the obstruction of justice of the District Court, Magistrate Court, and the USAO, in suppression trial evidence -- a deliberate deception on the jury (a Mooney and Napue violation) -- Mr. Ware was denied a full and complete cross-examination of Jones and the other government witnesses (Epps, Williams, Jackson, and Sadler, (the Gov't Stooges")), i.e., a Sixth Amendment confrontation violation.

The Jones Rule 11 proceedings were unconstitutionally "closed" to the public and to Mr. Ware, which prevented Mr. Ware immediate access to Jones' Jenck Act statement, his allocution.

### III.

A. Intentionally and Deliberately Suppressed Statements (Jencks Act evidence) of Jones, and Brady, and Giglio Evidence Contained in 09/22/2006 (Dkt. #24:1115) Transcript.

1. The Government intentionally suppressed the Brady content of Jones' statements at the Rule 11 allocuation, where Jones did not testify that Mr. Ware knew of or was aware of any false information in any press release.

2. Jones did not testify that he had agreed to become involved in any conspiracy with Mr. Ware regarding any issuance of press release to inflate INZS' stock price.

3. Jones did not testify to having any agreement with Mr. Ware to issue false press release to "inflate" INZS stock price.

4. Jones did not testify truthfully that the contents of INZS' press release was material: as a matter of law materiality was a legal impossibility, cf. Dkt. #1 at ¶33 in 03-0831 (D. NV) complaint, confirming the guilt of Jones and Mr. Ware was a legal impossibility.

5. Jones did not testify to what was not true in any press release; nor did the government proffer what was not true, and why the allegation was not true.

6. Jones did not testify to exactly what he did to "help[] prepare press

releases that allegedly contained false information to "inflate" INZS' stock price. Tr. 13-14.

7. Jones testified that he alone, and not Mr. Ware, issued the INZS press releases, (Tr. 14 L 5 - 8).

8. Jones did not testify that "at the time the press releases" were issued no one other than himself knew the press releases contained false information. (Id.)

9. Jones did not testify that Mr. Ware, or anyone one else, helped him prepare press releases. (Id., L 12 - 13).

10. Jones lied and intentionally committed perjury, which was induced and suborned by U.S. Attorney Michael J. Garcia, and AUSA Alexander H. Southwell which violated: 18 USC §§ 2, 201, 241, 242, 371, 1201-02, 1341, 1343, 1346, 1503, 1512, 1621-23, 1951, 1956-57, and 1961-64, (the "Garcia and Southwell RICO Predicate Acts"), when Jones testified (Tr. 12 L 15 - 19) that "those press releases ha[d] some discernible effect on the price of the stock." (emphasis added).

11. AUSA Southwell lied and committed perjury (Tr. 14-15) when he stated INZS "prices" were "inflated." Cf. 03-0831 (D. NV) complt. (Dkt. #1 at ¶¶33, SEC pled that press releases had no "effect" on the stock's "price.").

12 AUSA Southwell did not state that Mr. Ware caused the INZS stock to be "inflated"; and Southwell also did not state the "Manhattan" investor purchased INZS' stock after reading [FBI analyst Maria Font testified at trial she had no proof anyone read an INZS press release] that Jones issued.

13. Southwell did not state that Mr. Ware was involved in the alleged "scheme to put out false press releases." (Tr. 15).

14. Jones did not testify that Mr. Ware was one of the individuals he was involved with in "putting out false information in press releases[.]"

15. Southwell, Garcia, nor Jones stated what was false and why it was false in any press release "issued" by Jones, i.e., there was no factual basis to confirm the INZS press releases contained false information.

16. Southwell, Garcia, nor Jones ever stated that Mr. Ware issued a press release containing false information, or knew any press rel. issued contained false information, i.e., there was no factual basis to prove an INZS press release contained false information; nor was there a factual basis of any agreement between Mr. Ware and Jones to issue press releases containing false information.

(7)

12/16/2012

The magistrate judge, (Dolinger, J.) merely rubber-stamped the lies and perjury of Jones, and Southwell; and furthermore, failed (miserably) to have placed on the record any evidence of any agreement between Mr. Ware and Jones; and further failed to have Southwell proffer why any information contained in any PR was false.; and finally failed to have the government make any proffer on how the shares of INZS were "inflated."

In other words a complete sham Rule 11 plea, where collusion, and conspiracy between the magistrate judge, the defendant, and the United States Attorney (Michael J. Garcia, and Alexander H. Southwell) all committed a fraud on a federal court.

The magistrate judge, the District Judge, the U.S. Attorney, Jones, and Marlon Kirton (Jones' incompetent lawyer), (the "Rule 11 Plea Conspirators") all colluded, conspired, and racketeered to violate 18 USC §§2, 201, 241, 242, 371, 891-94, 1201-02, 1341, 1343, 1346, 1503, 1512, 1621-23, 1951, 1956-57, and 1961-64, in regard to the fraudulent 09/22/2006 Rule 11 proceeding.

District Judge Pauley on 10/11/2006 (Dkt. #23) entered an order accepting the fraudulent Rule 11 plea, thus as of that date, Judge Pauley had knowledge of Jones' fraudulent allocution, i.e., Brady, Giglio, and Jencks Act evidence.

Thus, when Mr. Ware filed the motion on 10/05/2009 (Dkt. #123), 11/16/2009 (Dkt. #121, 122); 12/29/2009 (Dkt. #126), 03/25/2011 (Dkt. #161: Rule 6(e) disclosure of grand jury transcripts), 04/12/2011 (Dkt. #163: Rule 801(d)(2)(E) fraud), 08/17/2011 (Dkt. #178), and minute entry on 09/10/2012, for disclosure of Jencks Act, and Brady and Giglio evidence, Judge Pauley knew that the USAO had not disclosed the Rule 11 plea transcript, nor the Norris emails between AUSA Southwell and former SEC lawyer Jeffrey B. Norris (a lunatic suffering from AD/HD a disease of the mind or a mental defect); and thus knew there was a material Brady, Giglio, and Jencks Act violation, requiring the 1115 conviction to be reversed.

Why did Judge Pauley know? Because according to the Dkt. #23, "a transcript of the allocition (sic) was made .... this Court has determined that the dft entered the guilty plea knowingly and voluntarily ... " that is why. (emphasis added).

Judge Pauley admitted that he had in his possession the Jencks Act evidence required to be disclosed to Mr. Ware as of 10/11/2006; yet never disclosed the Jencks Act, Brady, and Giglio evidence; and knowingly committed a fraud on a federal court, and violated 18 USC §§241, 242, the Due Process Clause violations.

(8)

12/16/2012

Therefore, there is no dispute that the District Court was aware while Jones committed perjury, at trial 1 and trial 2, that Jones was in fact committing perjury; and the USAO knowingly suborned Jones' perjury at trial, while having in its possession Jones' 09/22/2006 (Dkt. #20, 23, and 24) Rule 11 allocution statements (Jencks Act evidence, Brady and Giglio evidence).

Without any doubt the USAO and the District Court colluded, conspired, and racketeered to obstruct justice (18 USC §1503, 1512, 1621-23, and 1961-64) by deliberately deceiving the trial jury (Mooney and Napue violations), the Second Circuit Court of Appeals in 07-5222- Cr, 07-5670-Cr (XAP), and Ware v. USA, 10-6449 (U.S. Supr. Ct, petition for cert.).

The District Court and the Government entered into a criminal conspiracy and conducted a racial and racist prosecution of Mr. Ware, because Mr. Ware refused to issue fraudulent Rule 144(k) (2003) legal opinions to the 02-Cv-2219 (SDNY), ("2219"), plaintiffs: admitted 15 USC §77b(a)(11, 12) statutory underwriters, dealers, respectively; and §16 statutory insiders, and fiduciaries of 2219 defendant (GPMT), statutorily ineligible for Rule 144(k), i.e., a legal impossibility. CF. 2219 complt. Dkt. #1 at ¶¶10-21.

The Racketeers intentionally and deliberately violated Mr. Ware's civil rights (18 USC §§241, 242) by conducting 1115 in such a manner (by RICO predicate acts, i.e., perjury, fraud, bribery, obstruction of justice, conspiracy, racketeering, etc.) as to deliberately deceive the grand jury, the trial jury, the appeals court, and the U.S. Supreme Court, by deliberately suppressing and covering up materially favorable evidence.

## VI.

### DOCKET SHEET FRAUD IN 05-CR-1115 (SDNY).

A. Fraudulent Docket Sheets in 05-Cr-1115 (Mail and Wire Fraud, and Obstruction of Justice).

The Office of the District Clerk intentionally and deliberately committed mail and wire fraud, as well as obstruction of justice by colluding and conspiring with District Judge Pauley, Michael J. Garcia, Preet Bharara, and others to indisputably continuously suppress the existence of Dkt. #20 (Jones' Rule 11 consent), Dkt. #23 (District Judge Pauley's 10/11/2006 order accepting Jones' Rule 11 plea), and Dkt. #24 (09/22/2006 Rule 11 transcript (Jencks Act evidence)), collectively, (the "Suppressed Pleadings").

A review of the Exhibit #2, infra, clearly confirms that the Office of the District Clerk **switched** and **altered** the 01/10/2009, and 06/08/2010 docket sheets

(9)

to exclude material "evidence which would have placed the [1115] proceedings in a different light", requiring a reversal of the bogus conviction and sentence in 1115, i.e., Brady, Giglio, and Jencks Act evidence, cf. Exhibit #3, (Dkt. #122, 10/16/2009 Discovery Motion; also see Dkt. #17, 05/19/2006 discovery order, (the "Discovery Order"), transcript, Tr. at 5-6, requiring the Government (and its privies) to disclose all Brady, Giglio, and Jencks Act evidence "the Thursday before trial" on 01/16/2007. (emphasis added).

B.   Intentionally and Deliberately Altered Docket Sheet Entries. Cf. Dkt. ##200, 203 Requesting A Certified Copy of 1115 Docket Sheet, Never Produced by the Office of the District Clerk Even After Payment; 11/07/2012 Docket Sheet Not Certified -- 10/07/2010 Rule 33 Motion Suppressed by District Judge Pauley Colluding and Conspiring with U.S. Attorney Preet Bharara.

Exhibit #2 at 1-2 is the 01/10/2009 docket sheet in 1115. Note Id. at 2, the docket sheet is missing entries for Dkt. ##20, 23, and 24, i.e, the Jones Rule 11 proceedings.

Exhibit #2 at 3-4 is the 06/08/2010 docket sheet in 1115. Note, Id. at 4, the absence of Dkt. ## 20, 23, and 24, the Jones Rule 11 plea proceeding.

Exhibit #2 at 5-6 is the 11/07/2012 docket sheet in 1115. Note, Id. at 6, how miraculously Dkt. ##20, 23, and 24 have now suddenly appeared after Mr. Ware on 10/18/2012 (Id. at 7-8) contacted magistrate judge Andrew J. Peck: whom on 09/20/2005 issued the fraudulent arrest warrants in U.S. v. Ware, 05-MAG-1630 (SDNY), based on the perjury committed by FBI SA David Makol with respect to ¶33 in the 03-0831 (D. NV) complt.

The Office of the District Clerk materially altered the 11/07/2012 docket sheet to finally disclose the Suppressed Pleadings, more than **six (6)** years after required to be entered on the docket, i.e., clearly obstruction of justice (18 USC §§2, 201, 241, 242, 371, 1201-02, 1341, 1343, 1346, 1503, 1512, 1621-23, 1951, 1956-57, and 1961-64, a "pattern of racketeering activities" as defined at 18 USC §1961(5). Cf. Ex. #2 at 8 for District Clerk's 11/07/2012 letter finally acknowleding Dkt. #24 after six (6) years of suppression.

C.   Discovery Motion, Dkt. #122, 10/16/2009, ¶¶5, 7, Fraudulently Denied.

Exhibit #3, Dkt. #122 Brady, Giglio, and Jencks Act discovery motion filed on 10/19/2009 specifically requested that the District Court enter an order for the USAO to comply with the 05/19/2006 Discovery Order, Dkt. #17.

The District Court colluding and conspiring with the USAO to suppress Dkt. ##20, 23, and 24, denied the motion on 08/13/2010 entry, while knowing that Dkt.

(10)

#24 was <u>Brady</u>, <u>Giglio</u>, and Jencks Act evidence (Jones' allocution) required to be disclosed pursuant to the Discovery Order.

## CONCLUSION

The Petitioner has made a showing beyond any doubt that the District Court, the District Clerk, and Preet Bharara have all suppressed an evidence, and insidiously violated the 05/19/2006 Discovery Order (Dkt. #17).

The intentional and deliberate suppression of <u>Brady</u>, <u>Giglio</u>, and Jencks Act evidence clearly violated the Due Process Clause, and violated the substantial rights of Mr. Ware, requiring the 1115 conviction and sentence to be **immediately** reversed and vacated.


Submitted by Counsel:

Ulysses Thomas Ware
12/10/2012 05:22:22 A.M. printed

### Certificate of Service

I Ulysses Thomas Ware have this _10th_ day of December, 2012 deposited into the legal mail box at the Atlanta Prison Camp, with correct first class postage one (1) copy of this pleading and exhibits addressed to: Preet Bharara
U.S. Attorney
One St. Andrews Plaza
New York, NY 10007


\*\*\*\*\*

End of Document


Mene, Mene, Thiekel, Upharsin


(11)

12/16/2012

Exhibit #1: 09/22/2006, Dkt. #24 (05-Cr-1115), Rule 11 Plea Transcript

Of Jeremy Jones

**1**

69MHJONP

1   UNITED STATES DISTRICT COURT
2   SOUTHERN DISTRICT OF NEW YORK
    ------------------------------x
3   UNITED STATES OF AMERICA,
4                v.                      05 Cr. 1115 (WHP)
5   JEREMY JONES,
6             Defendant.        DOC # 24
7   ------------------------------x
8                       New York, N.Y.
9                       September 22, 2006
                        12.30 p.m.
10
    Before:
11
                HON. MICHAEL H. DOLINGER
12
                                    Magistrate Judge
13
                    APPEARANCES
14  MICHAEL J. GARCIA
15       United States Attorney for the
         Southern District of New York
    ALEXANDER SOUTHWELL
16       Assistant United States Attorney
17  MARLON G. KIRTON
18       Attorney for Defendant
19
20
21
22
23
24
25

---

**2**

69MHJONP

1               (In open court)
2       THE DEPUTY CLERK:  United States of America v  Jeremy
3   Jones.
4       Counsel, state your name for the record.
5       MR. SOUTHWELL:  Alexander Southwell for the
6   government.  Good afternoon, your Honor.
7       MR. KIRTON:  Marlon Kirton for Jeremy Jones.  Good
8   afternoon, your Honor.
9       THE COURT·  Good afternoon.
10      Before we start I wanted to confirm my understanding
11  of the penalties that the defendant faces on these two counts.
12      Based on the plea agreement, am I correct in
13  understanding that on Count One he faces up to five years in
14  prison, three years of supervised release, a fine of $250,000
15  or twice the total gain or loss caused by the crime, $100
16  special assessment, and an order of restitution?
17      MR. SOUTHWELL:  Yes, your Honor.
18      THE COURT:  With respect to Count Two, is it correct
19  that he faces up to 20 years in prison, three years of
20  supervised release, a fine of as much as $5 million or twice
21  the total gain or loss, a $100 special assessment, and an order
22  of restitution?
23      MR. SOUTHWELL:  Yes, your Honor.
24      THE COURT:  OK.
25      MR. SOUTHWELL:  For your Honor's information, this was

---

**3**

69MHJONP

1   referred by Judge Pauley both for an arraignment, as this is a
2   new superseder, and for the defendant's plea.
3       THE COURT.  OK.
4       Mr. Kirton, you have received a copy of the indictment
5   in this case?
6       MR. KIRTON:  Yes, I have.
7       THE COURT:  Specifically, the first superseding
8   indictment.
9       MR. KIRTON:  Yes, your Honor.
10      THE COURT:  You have had an opportunity to review it
11  with your client?
12      MR. KIRTON:  Yes, I have.
13      THE COURT:  He is ready to enter a plea?
14      MR. KIRTON:  Yes, your Honor.
15      THE COURT·  Mr. Jones, the indictment in this case
16  charges you with a violation of the federal securities laws.
17  Ordinarily when a defendant enters a plea to charges such as
18  these, he will do so before a United States district judge, who
19  will also conduct the required allocution that accompanies the
20  plea.  However, with the consent of the defendant, United
21  States magistrate judges also have the authority to take a plea
22  in a case such as this.
23      If you were to consent to proceed before a magistrate
24  judge for this purpose, you would receive all of the same
25  protections as you would have before a district judge

12/16/2012

---

**4**

69MHJONP

1       Do you understand that?
2       THE DEFENDANT:  Yes, sir.
3       THE COURT:  Is it your wish to proceed before a
4   magistrate judge for the purpose of entering a plea?
5       THE DEFENDANT:  Yes.
6       THE COURT:  Is this your signature on the consent
7   form?
8       THE DEFENDANT:  Yes, sir.
9       THE COURT:  Before I take your plea I have to ask you
10  some questions, and I therefore need to put you under oath.
11      Would you please raise your right hand.
12      (Defendant sworn)
13      THE COURT:  Would you please state your full name.
14      THE DEFENDANT:  Jeremy Jones.
15      THE COURT.  What is your age?
16      THE DEFENDANT:  30.
17      THE COURT·  What is the extent of your formal
18  education?
19      THE DEFENDANT·  Two years of college.
20      THE COURT·  Are you now or have you recently been
21  under the care of a doctor or psychiatrist for any reason?
22      THE DEFENDANT:  Doctor.
23      THE COURT:  Is the underlying condition or conditions
24  for which you are being treated have any effect on your ability
25  to hear, listen, concentrate, reason or make decisions?

## Page 5

1    THE DEFENDANT: No, sir
2    THE COURT: Are you currently under any medication?
3    THE DEFENDANT: For blood pressure.
4    THE COURT: Does that medication affect in any way
5    your ability to hear, think, listen, reason or make decisions?
6    THE DEFENDANT: No, sir.
7    THE COURT: Have you received a copy of the indictment
8    in this case?
9    THE DEFENDANT: Yes.
10    THE COURT: Have you had an opportunity to read it or
11    do you want me to read it to you?
12    THE DEFENDANT: I've read it.
13    THE COURT: Do you understand what it says you did?
14    THE DEFENDANT: Yes.
15    THE COURT  Have you had a chance to review both the
16    charges and how you wish to plead today with your attorney?
17    THE DEFENDANT: Yes.
18    THE COURT. Are you satisfied with your attorney?
19    THE DEFENDANT: Yes, your Honor.  .
20    THE COURT: Are you ready at this time to enter a plea
21    to the two counts of the indictment?
22    THE DEFENDANT: Yes, your Honor.
23    THE COURT. Bearing in mind that Count One charges you
24    with having participated in a conspiracy with at least one
25    other individual to commit securities and wire fraud, how do

## Page 7

1    charge you could face as a maximum penalty a prison term of as
2    long as 20 years, a supervised release term of as long as three
3    years, a fine of as much as $5 million or twice the total gain
4    or twice the total loss resulting from the crime, whichever of
5    those is larger, a $100 mandatory special assessment, and an
6    order of restitution.
7        Do you understand that?
8        THE DEFENDANT: Yes, your Honor.
9        THE COURT: Do you also understand that if as part of
10    your sentence you are placed on supervised release and you
11    violate any of the conditions of that release, your supervised
12    release term could be revoked and you could face an additional
13    term of imprisonment?
14        Do you understand that?
15        THE DEFENDANT: Yes, your Honor.
16        THE COURT. Do you understand that you have a right to
17    plead not guilty to these charges and a right to a trial and,
18    indeed, a jury trial if you wish?
19        THE DEFENDANT: Yes, your Honor.
20        THE COURT: Do you understand that if you pled not
21    guilty and went to trial, the burden would be on the government
22    to prove your guilt beyond a reasonable doubt?
23        THE DEFENDANT: Yes, your Honor.
24        THE COURT. Do you understand that if you went to
25    trial, you would be presumed innocent unless and until the

## Page 8

1    government proved your guilt beyond a reasonable doubt?
2        THE DEFENDANT: Yes, your Honor.
3        THE COURT. Do you understand that at such a trial you
4    would be entitled to be represented by an attorney at all
5    stages, and if you could not afford to hire one, the services
6    of your attorney would be provided free of charge?
7        THE DEFENDANT: Yes, your Honor.
8        THE COURT. Do you understand that at such a trial you
9    would be entitled through your lawyer to cross-examine any
10    witnesses called by the government to testify against you?
11        THE DEFENDANT: Yes, your Honor.
12        THE COURT: Do you understand that at such a trial you
13    would be entitled to call witnesses to testify on your behalf?
14        THE DEFENDANT: Yes, your Honor.
15        THE COURT. Do you understand also that at such a
16    trial you would be entitled to use the authority of the court
17    through the issuance of subpoenas to compel witnesses to come
18    to court to testify for you?
19        THE DEFENDANT. Yes.
20        THE COURT. Do you understand that at such a trial you
21    would be entitled, if you wished, to testify on your own
22    behalf?
23        THE DEFENDANT: Yes, your Honor.
24        THE COURT. Do you understand that at such a trial you
25    would not be required to incriminate yourself, that is, you

## Page 9

1    would not be required to testify against yourself?
2        THE DEFENDANT: Yes, your Honor.
3        THE COURT: Do you understand that by entering a
4    guilty plea you are giving up all of these protections,
5    including your right to a trial, and the only remaining step
6    will be the imposition of sentence?
7        THE DEFENDANT: Yes, your Honor.
8        THE COURT: Do you understand the nature of the
9    charges to which you are pleading guilty?
10        THE DEFENDANT: Yes, your Honor.
11        THE COURT: Do you understand the range of penalties
12    to which you are potentially subjecting yourself by your plea?
13        THE DEFENDANT: Yes, your Honor.
14        THE COURT. Do you also understand that if any of the
15    answers that you give to me today prove to have been
16    untruthful, you could face a separate prosecution for perjury?
17        THE DEFENDANT: Yes, your Honor.
18        THE COURT. Do you still wish to plead guilty?
19        THE DEFENDANT  Yes, your Honor.
20        THE COURT: Have any threats of any kind been made to
21    influence how you plead today?
22        THE DEFENDANT. No, your Honor
23        THE COURT: Have any promises been made to you as to
24    the sentence that you will receive in this case?
25        THE DEFENDANT. No.

## 10

69MHJONP

1    THE COURT: Do you understand that the decision as to
2    the appropriate sentence will be entirely up to the trial
3    judge, Judge Pauley, who will be guided only by what the law
4    requires, including the so-called sentencing guidelines?
5    THE DEFENDANT: Yes, your Honor.
6    THE COURT: Do you understand that even if you are
7    shocked and appalled at the sentence that you receive from
8    Judge Pauley, you will still be bound by your guilty plea?
9    THE DEFENDANT: Yes, your Honor
10    THE COURT: Before you decided to plead guilty, did
11    you have an opportunity to discuss with your attorney how the
12    sentencing guidelines work?
13    THE DEFENDANT: Yes, your Honor
14    THE COURT: Do you understand that when it comes time
15    for sentencing Judge Pauley will be required to take the
16    guidelines into consideration but will not necessarily be
17    required to apply them directly to your case?
18    Do you understand that?
19    THE DEFENDANT: Yes, your Honor.
20    , THE COURT: Do you also understand that even if he
21    does apply them, when he determines what the sentencing
22    guideline range is, he may choose in appropriate circumstances
23    to impose a prison term that is even more than the maximum of
24    the guideline range or less than the minimum?
25    Do you understand that?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

## 11

69MHJONP

1    THE DEFENDANT: Yes, your Honor.
2    THE COURT: Did you sign this plea agreement? I am
3    referring to the letter dated September 15, 2006 --
4    THE DEFENDANT: Yes, your Honor.
5    THE COURT: -- from the United States Attorney to your
6    attorney.
7    THE DEFENDANT: Yes, your Honor
8    THE COURT: Before you signed it, did you discuss it
9    with your attorney?
10    THE DEFENDANT: Yes, your Honor.
11    THE COURT: Did he explain to you all of its terms and
12    conditions?
13    THE DEFENDANT: Yes, your Honor.
14    THE COURT: Do you understand in particular the
15    material contained on pages 2 and 3 refers to matters that will
16    be the discretion of the government as to whether to proceed
17    with them?
18    THE DEFENDANT: Yes, your Honor.
19    THE COURT: Do you also understand that as part of
20    this agreement, even if it turns out that the government has
21    improperly withheld from your attorney information that would
22    have been helpful to him in defending you at trial, you are
23    giving up your right to complain about that form of government
24    misconduct?
25    THE DEFENDANT: Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

## 12

69MHJONP

1    THE COURT: Do you also understand that as part of
2    this agreement, even though if the case had gone to trial you
3    would have been entitled to demand that any physical evidence
4    used by the government at trial be subjected to DNA testing, as
5    part of this agreement you are giving up your right to demand
6    DNA testing?
7    THE DEFENDANT: Yes, your Honor.
8    THE COURT: Is your plea voluntary and made of your
9    own free will?
10    THE DEFENDANT: It is.
11    THE COURT: Did you in fact commit the offenses that
12    are charged in the indictment?
13    THE DEFENDANT: I did.
14    THE COURT: Before I ask Mr. Jones to specify what it
15    is that he did, I will ask the government to summarize the
16    elements that it would have to establish at trial to sustain
17    these two charges.
18    MR. SOUTHWELL: Certainly, your Honor
19    As to Count One, the conspiracy count, the three
20    elements are that a conspiracy existed to violate the laws of
21    the United States, specifically, securities fraud and wire
22    fraud laws; second, that the defendant knowingly and willfully
23    became a member of that conspiracy; and third, that one of the
24    conspirators knowingly committed at least an overt act in
25    furtherance of the conspiracy during the life of the

12/16/2012SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

## 13

69MHJONP

1    conspiracy.
2    The second count, securities fraud, requires that in
3    connection with the purchase or sale of securities -- here,
4    securities in Investment Technologies -- the defendant either
5    employed a device or artifice or scheme to defraud, made an
6    untrue statement of material fact or omitted certain facts that
7    would be misleading, or engaged in an act or practice or course
8    of business that operated as a fraud or deceit upon a purchaser
9    or seller; second, that the defendant acted willfully,
10    knowingly, and with the intent to defraud; and third, that the
11    defendant used or caused to be used a means or instrument of
12    transportation or communication in interstate commerce or the
13    mails in furtherance of the scheme.
14    THE COURT: Thank you.
15    Now, Mr. Jones, can you tell us in your own words what
16    it is that you did that forms the basis for the charges to
17    which you are now pleading guilty.
18    MR. KIRTON: Judge, can I have a moment?
19    THE COURT: Yes.
20    (Defendant and defense counsel confer)
21    MR. KIRTON: Thank you, your Honor.
22    THE COURT: Mr Jones.
23    THE DEFENDANT: I was employed for Thomas Ware from
24    2001 to 2002, and through that employment I helped prepare
25    press releases that had false information to inflate stock

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

69MHJONP

1  prices.

2  THE COURT: Did any of these press releases involve an

3  entity known as Investment Technologies?

4  THE DEFENDANT: Yes.

5  THE COURT: At the time that you issued the press

6  release, did you know at the time that the press releases

7  contained false information?

8  THE DEFENDANT: Yes, I did.

9  THE COURT: Was Investment Technologies a

10  publicly-traded company?

11  THE DEFENDANT: Yes, it was.

12  THE COURT: Did you help to prepare the press

13  releases?

14  THE DEFENDANT: Yes, I did, your Honor.

15  THE COURT: And to your knowledge, did those press

16  releases have some discernible effect on the price of the

17  stock?

18  THE DEFENDANT: Yes, your Honor.

19  THE COURT: Did this take place in Manhattan?

20  THE DEFENDANT: Atlanta, Georgia, your Honor

21  THE COURT: Is there a waiver of venue or some other

22  basis for venue?

23  MR. SOUTHWELL: Yes, your Honor I will proffer for

24  the record that, among other pieces of evidence, there was an

25  investor in Manhattan who purchased the securities of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

---

69MHJONP

1  Investment Technologies at an inflated price and inflated

2  volume as a result of the scheme to put out fraudulent press

3  releases.

4  THE COURT  OK.

5  One other question. In engaging in this conduct of

6  putting false information in press releases, were you doing

7  that with at least one or more other individuals?

8  THE DEFENDANT: Yes, your Honor.

9  THE COURT: Are there any other questions I should ask

10  the defendant at this time?

11  MR. SOUTHWELL: If your Honor could just inquire of

12  the defendant as to the issuance of the press release. In

13  other words, that the press releases were issued over a wire

14  service and therefore affected interstate commerce.

15  THE COURT: How were the press releases disseminated?

16  THE DEFENDANT: Through business wire.

17  THE COURT: Are there any other questions that I

18  should ask the defendant?

19  MR. SOUTHWELL: No. Thank you, your Honor.

20  THE COURT: Do either of you know of any reason why

21  the plea should not be accepted?

22  MR. KIRTON: No, your Honor.

23  MR. SOUTHWELL: No, your Honor.

24  THE COURT. I am satisfied that Mr. Jones understands

25  the nature of the charges to which he is pleading guilty and

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

---

69MHJONP

1  the consequences of his plea. I am also satisfied that his

2  plea as to each charge is voluntary and that there is a factual

3  basis for both pleas. Accordingly, I am recommending at this

4  time that Judge Pauley accept the proffered plea to the two

5  counts.

6  I assume the government will order a transcript of

7  today's proceeding and submit it together with any other

8  necessary paperwork to Judge Pauley so that he may act on this

9  recommendation.

10  MR. SOUTHWELL:  I will, your Honor.

11  THE COURT: Is there anything else that we should deal

12  with at this time?

13  MR. SOUTHWELL: No. I don't yet have a sentencing

14  date, but I will advise Mr. Kirton of that to ensure that the

15  defendant is aware of the next proceeding date.

16  THE COURT: Very well. Thank you.

17  MR. KIRTON: Nothing further, Judge. Thank you.

18  MR. SOUTHWELL: Thank you.

19  (Adjourned)

20

21

22

23

24

25

12/16/2012 SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Exhibit #2: 05-Cr-1115 Docket Sheets Materially Altered and Modified
By the Office of the District Clerk (SDNY) to Suppress Dkt. ##20, 23, and 24.

**APPEAL, ECF, PRIOR**

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:05-cr-01115-WHP-1
### Internal Use Only

Case title: USA v. Ware et al
Magistrate judge case number: 1:05-mj-01630-UA

Date Filed: 10/26/2005
Date Terminated: 10/30/2007

Assigned to: Judge William H. Pauley, III

Appeals court case number: '07-1520-cr' U.S.C.A. 2nd Circuit'

**Defendant (1)**

Ulysses Thomas Ware
*TERMINATED: 10/30/2007*
*also known as*
*"Thomas Ware,"*
*TERMINATED: 10/30/2007*

represented by **Isabelle A. Kirshner**
Clayman & Rosenberg
305 Madison Avenue, Ste. 1301
New York, NY 10165
(212)-922-1080
(212)-922-1080
Fax: (212)-949-8255
Email: ikirshner@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Fred Bachner**
Bachner & Associates, P.C.
26 Broadway
Suite 2310
New York , NY 10004
(212) 344-7778
Fax: (212) 344-7774
Email: mb@bhlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Ware**
6050 Peachtree Parkway
Suite 240-234
Norcross , GA 30092
678-362-0226



P. 27

---

**Pending Counts**

18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES
(1s)

**Disposition**

Imprisonment for a total term of 60 Months on Count 1 and 97 months on count 2 to run concurrently. Supervised release for a term of 3 Years on both counts.

15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES
(2s)

Imprisonment for a total term of 60 Months on Count 1 and 97 months on count 2 to run concurrently. Supervised release for a term of 3 Years on both counts.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

CONSPIRACY TO DEFRAUD THE UNITED STATES (CONSPIRACY TO COMMIT SECURITIES AND WIRE FRAUD))
(1)

**Disposition**

MANIPULATIVE AND DECEPTIVE DEVICES(15USC78(b) AND 78ff: SECURITIES FRAUD)
(2)

Underlying indictments and counts are dismissed on the motion of the US

**Highest Offense Level (Terminated)**

Felony

**Complaints**

18:371:CONSPIRACY TO COMMIT SECURITIES AND WIRE FRAUD;, 15:77q(a) & 77x: SECURITIES FRAUD.

**Disposition**

Underlying indictments and counts are dismissed on the motion of the US

**Plaintiff**

USA

represented by **Alexander H. Southwell**
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

P. 1

| Date | # | Docket Text |
|------|---|-------------|
| 08/29/2006 | | SPT excluded from 8/29/06 to 9/18/06 under 18 U.S.C. 3161(h)(8)(A). Bail continued. (tw_) (Entered: 09/12/2006) |
| 08/29/2006 | | ORAL ORDER as to Ulysses Thomas Ware, Jeremy Jones. Time excluded from 8/29/06 until 9/18/06. Brief (404b motions) due by 9/20/2006. Motions in limine due by 9/29/2006. Responses due by 10/11/2006. Replies due by 10/18/2006. Jury Selection set for 11/6/2006 09:45AM before Judge William H. Pauley III. Pretrial Conference set for 11/3/2006 02:00 PM before Judge William H. Pauley III.(tw_) (Entered: 09/12/2006) |
| 09/08/2006 | 18 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware, Jeremy Jones held on 8/29/06 before Judge William H. Pauley III. (ja_) (Entered: 09/08/2006) |
| 09/14/2006 | 19 | (S1) SUPERSEDING INDICTMENT FILED as to Ulysses Thomas Ware (1) count(s) 1s, 2s, Jeremy Jones (2) count(s) 1s, 2s. (jar_) (Entered: 09/18/2006) |
| 10/04/2006 | 21 | NOTICE OF ATTORNEY APPEARANCE: Defendant Ulysses Thomas Ware appearing Pro Se. The deft is an attorney in good standing in the state of Georgia bar #737758. (bw_) (Entered: 10/06/2006) |
| 10/04/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Arraignment as to Ulysses Thomas Ware (1) Count 1s,2s held on 10/4/2006. Deft present with atty Michael Bachner, Esq; AUSA present Alexander Southwell and Nicholas Goldin, Court Reporter present Denise Richards. Deft Ware arraigned on Superseding indictment and pleads not guilty. FPTC 11/3/2006 at 2:00pm. Jury Selection for 11/6/2006 at 9:45am. Bail continued. (jar_) (Entered: 10/16/2006) |
| 10/04/2006 | | ORAL ORDER as to Ulysses Thomas Ware, as to Ulysses Thomas Ware Jury Selection set for 11/6/2006 09:45 AM before Judge William H. Pauley III. Final Pretrial Conference set for 11/3/2006 02:00 PM before Judge William H. Pauley III (Signed by Judge William H. Pauley III on 10/4/2006)(jar_) Modified on 10/16/2006 (jar_). (Entered: 10/16/2006) |
| 10/10/2006 | 22 | ORDER as to Ulysses Thomas Ware. The parties are directed to appear for a status conference on 10/16/06 @ 3:00 PM. So Ordered. (Signed by Judge William H. Pauley III on 10/10/06)(pr_) (Entered: 10/11/2006) |
| 10/10/2006 | | Set/Reset Hearings as to Ulysses Thomas Ware: Status Conference set for 10/16/2006 03:00 PM before Judge William H. Pauley III.(pr_) (Entered: 10/11/2006) |
| 10/16/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 10/16/2006. Dft Ulysses Thomas Ware pres w/atty Danielle Atlas on behalf of Michael Bachner, Esq., AUSA Nicholas Goldin pres, C/A on duty Gary Becker pres, and C/t rptr pres. Jury Selection set for 11/6/2006 09:45AM before Judge William H. Pauley III. Next Pretrial Conference set for 11/17/2006 02:00 PM before Judge William H. Pauley III. 7/T from 10/16/06 to 1/16/07 in the I.O.I. Bail cont'd.(Court Reporter Steven Greenblabb) (ja_) (Entered: 10/26/2006) |

| Date | # | Docket Text |
|------|---|-------------|
| 11/06/2006 | 25 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/2006 before Judge William H. Pauley III. (jar_) (Entered: 11/06/2006) |
| 11/06/2006 | 26 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/06 before Judge William H. Pauley III. (tro_) (Entered: 11/07/2006) |
| 11/17/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 11/17/2006. Deft Ware present w/atty Danielle Atlas on behalf of Michael Bachner, Esq; AUSA present Alexander Southwell and Nicholas Goldin. C/A Gary Becker present. Court Reporter present Steven Greenblum. Motions to dismiss due by 12/1/06, Gov't response due 12/15/06, any reply due 12/27/06. FPTC conference 1/12/07 at 2:00 p.m. Jury selection now set for 1/16/07 at 9:45 a.m. SPT excluded from 1/17/06 to 1/16/07 under 18 U.S.C. 3161(h)(8)(A). Bail continued. (tw_) (Entered: 12/27/2006) |
| 11/17/2006 | | ORAL ORDER as to Ulysses Thomas Ware. Time excluded from 11/17/06 until 1/16/07. Jury Trial set for 1/16/2007 09:45 AM before Judge William H. Pauley III. Pretrial Conference set for 1/12/2007 02:00 PM before Judge William H. Pauley III.(tw_) (Entered: 12/27/2006) |
| 11/22/2006 | 27 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/16/06 before Judge William H. Pauley III. (tw_) (Entered: 11/22/2006) |
| 11/28/2006 | 28 | MOTION in Limine. Document filed by USA as to Ulysses Thomas Ware. (Attachments: # 1 # 2 Exhibit to memorandum of law)(Southwell, Alexander) (Entered: 11/28/2006) |
| 12/12/2006 | 29 | ORDER as to Ulysses Thomas Ware,, as to Ulysses Thomas Ware;Government Responses due by 12/4/2006. On December 1, 2006 this Court received a letter application from the Deft requesting an adjournment of the January 16, 2007 trial date. Deft alleges the Government failed to produce requested discovery. The Government responded on December 4, 2006, submitting that such requests were answered in a timely manner and objecting to any adjournment of the trial date. This Court has reviewed the submission by the parties and the Deft's application for an adjournment of the January 16, 2007 trial date is denied at this time. (Signed by Judge William H. Pauley III on 12/11/06)(jw_) (Entered: 12/13/2006) |
| 12/22/2006 | 30 | ORDER as to Ulysses Thomas Ware. The Defendant's application for an adjournment of the 1/16/2007 trial date is again denied. The parties are directed to appear for a pre-trial conference on 1/3/2007 at 12:30pm in courtroom 11D. SO ORDERED. (Signed by Judge William H. Pauley III on 12/22/2006)(jar_) (Entered: 12/26/2006) |
| 12/22/2006 | | Set/Reset Deadlines/Hearings as to Ulysses Thomas Ware: Ready for Trial by 1/16/2007. Pretrial Conference set for 1/3/2007 12:30 PM before Judge William H. Pauley III.(jar_) (Entered: 12/26/2006) |
| 01/03/2007 | 31 | MOTION to Suppress all Evidence. Document filed by Ulysses Thomas Ware. (tw_) (Entered: 01/09/2007) |
| 01/03/2007 | 32 | MEMORANDUM in Support by Ulysses Thomas Ware re 31 MOTION to |

P. 28

P. 2

12/06/2012

# United States District Court for the Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:05-cr-01115-WHP-1
### Internal Use Only

U.S. District Court

Case title: USA v. Ware et al

Magistrate judge case number: 1:05-mj-01630-UA

Date Filed: 10/26/2005
Date Terminated: 10/30/2007

ECF, PRIOR



Assigned to: Judge William H. Pauley, III

Appeals court case number: '07-1520-cr'
'U.S.C.A. 2nd Circuit'

## Defendant (1)

**Ulysses Thomas Ware**
*TERMINATED: 10/30/2007*
*also known as*
*"Thomas Ware,"*
*TERMINATED: 10/30/2007*

represented by **Isabelle A. Kirshner**
Clayman & Rosenberg
305 Madison Avenue, Suite 1301
New York, NY 10165
(212)-922-1080
Fax: (212)-949-8255
Email: ikirshner@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Fred Bachner**
Bachner & Associates, P.C.
26 Broadway
Suite 2310
New York, NY 10004
(212) 344-7778
Fax: (212) 344-7774
Email: mfb@bhlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Ware**
6050 Peachtree Parkway
Suite 240-234
Norcross , GA 30092

678-362-0226
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

18:371.F CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1s)

**Highest Offense Level (Opening)**
Felony

15:78J.F MANIPULATIVE AND
DECEPTIVE DEVICES
(2s)

### Disposition

Imprisonment for a total term of 60
Months on Count 1 and 97 months on
count 2 to run concurrently. Supervised
release for a term of 3 Years on both
counts.

Imprisonment for a total term of 60
Months on Count 1 and 97 months on
count 2 to run concurrently. Supervised
release for a term of 3 Years on both
counts.

### Terminated Counts

CONSPIRACY TO DEFRAUD THE
UNITED STATES (CONSPIRACY TO
COMMIT SECURITIES AND WIRE
FRAUD)
(1)

MANIPULATIVE AND DECEPTIVE
DEVICES (15:78(78(b) AND 78ff:
SECURITIES FRAUD)
(2)

**Highest Offense Level (Terminated)**
Felony

### Complaints

18:371:CONSPIRACY TO COMMIT
SECURITIES AND WIRE FRAUD,,
15:77q(a) & 7x: SECURITIES FRAUD.

### Disposition

Underlying indictments and counts are
dismissed on the motion of the US

Underlying indictments and counts are
dismissed on the motion of the US

### Disposition

## Plaintiff
**USA**

represented by **Alexander H. Southwell**
U.S. Attorney's Office, SDNY (St



| Date | No. | Entry |
|---|---|---|
| 08/29/2006 | | Reporter present Patricia Nielsen, 404b motions due 9/20/06, opposition due 10/11/06, replies due 10/18/06. Proposed voir dire and joint request to charge due 10/3/06, FPTC conference 11/3/06 at 2:00 p.m. Jury selection set for 11/6/06 at 9:45 a.m. SPT excluded from 8/29/06 to 9/18/06 under 18 U.S.C. 3161(h)(8)(A). Bail continued. (bw.) (Entered: 09/12/2006) |
| 09/14/2006 | 21 | ORAL ORDER as to Ulysses Thomas Ware, Jeremy Jones. Time excluded from 8/29/06 until 9/18/06, Brief (404b motions) due by 9/20/2006. Motions in limine due by 9/29/2006. Responses due by 10/11/2006. Replies due by 10/18/2006. Jury Selection set for 11/6/2006 09:45AM before Judge William H. Pauley III. Pretrial Conference set for 11/3/2006 02:00 PM before Judge William H. Pauley III. (bw.) (Entered: 09/12/2006) |
| 09/08/2006 | 19 | (SI) SUPERSEDING INDICTMENT FILED as to Ulysses Thomas Ware (1) count(s) 1s, 2s, Jeremy Jones (2) count(s) 1s, 2s. (jar.) (Entered: 09/18/2006) |
| 09/08/2006 | 18 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 8/29/06 before Judge William H. Pauley III. (bw.) (Entered: 09/12/2006) |
| 09/04/2006 | 20 | NOTICE OF ATTORNEY APPEARANCE: Defendant Ulysses Thomas Ware appearing Pro Se. The deft is an attorney in good standing in the state of Georgia bar #737738. (bw.) (Entered: 10/06/2006) |
| 10/04/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Arraignment as to Ulysses Thomas Ware (1) Count 1s,2s held on 10/4/2006. Deft present with atty Michael Bachner, Esq; AUSA present Alexander Southwell and Nicholas Goldin, Court Reporter present Denise Richards. Deft Ware arraigned on Superseding indictment and pleads not guilty. FPTC 11/3/2006 at 2:00pm. Jury Selection for 11/6/2006 at 9:45am. Bail continued. (jar.) (Entered: 10/16/2006) |
| 10/04/2006 | | ORAL ORDER as to Ulysses Thomas Ware. The parties are directed to appear for a status conference on 10/16/06 @ 3:00 PM. So Ordered (Signed by Judge William H. Pauley III on 10/10/06)(pc.) (Entered: 10/11/2006) |
| 10/10/2006 | 22 | ORDER as to Ulysses Thomas Ware: Status Conference set for 10/16/2006 03:00 PM before Judge William H. Pauley III.(pr.) (Entered: 10/11/2006) |
| 10/10/2006 | | Set/Reset Hearings as to Ulysses Thomas Ware held on 10/16/2006. (jar.) (Entered: 10/16/2006) |
| 10/16/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 10/16/2006. Deft Ware pres w/atty Danielle Attias on behalf of Michael Bachner, Esq, AUSA Nicholas Goldin pres, CJA on duty Gary Becker pres, |

| Date | No. | Entry |
|---|---|---|
| 11/06/2006 | | and Crt rptr pres, Jury Selection set for 1/16/2007 09:45AM before Judge William H. Pauley III. Next Pretrial Conference set for 1/17/2006 02:00 PM before Judge William H. Pauley III. TJE from 10/16/06 to 1/16/07 in inh [O]. Bail cont'd.(Court Reporter Steven Greenblum)(ja.) (Entered: 10/26/2006) |
| 11/06/2006 | 25 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/2006 before Judge William H. Pauley III. (jar.) (Entered: 11/06/2006) |
| 11/07/2006 | 26 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/06 before Judge William H. Pauley III. (tro.) (Entered: 11/07/2006) |
| 11/17/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 10/16/2006. Deft Ware present w/atty Danielle Attias on behalf of Michael Bachner, Esq. AUSA present Alexander Southwell and Nicholas Goldin. CJA Gary Becker present, Court Reporter present Steven Greenblum. Motions to dismiss due by 12/1/06, Govt response due 12/15/06, any reply due 12/27/06. FPTC conference 1/12/07 at 2:00 p.m. Jury selection now set for 1/16/07 at 9:45 a.m. SPT excluded from 11/17/06 to 1/16/07 under 18 U.S.C. 3161(h)(8)(A). Bail continued. (bw.) (Entered: 11/27/2006) |
| 11/17/2006 | 27 | ORAL ORDER as to Ulysses Thomas Ware. Time excluded from 11/17/06 until 1/16/07, Jury Trial set for 1/16/2007 09:45 AM before Judge William H. Pauley III. Pretrial Conference set for 1/12/2007 02:00 PM before Judge William H. Pauley III.(bw.) (Entered: 11/27/2006) |
| 11/22/2006 | | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 1/16/06 before Judge William H. Pauley III. (jw.) (Entered: 11/27/2006) |
| 11/22/2006 | 28 | MOTION in Limine. Document filed by USA as to Ulysses Thomas Ware. (Attachments: # 1 # 2 Exhibit to memorandum of law)(Southwell, Alexander) (Entered: 11/28/2006) |
| 12/12/2006 | 29 | ORDER as to Ulysses Thomas Ware, as to Ulysses Thomas Ware,(Government Responses due by 12/4/2006. On December 1, 2006 this Court received a letter application from the Deft requesting an adjournment of the January 16, 2007 trial date. The Deft alleges the Government failed to produce requested discovery. The Government responded on December 4, 2006 submitting that such requests were answered in a timely manner and objecting to any adjournment of the trial date. This Court has reviewed the submission by the parties and the Deft's application for an adjournment of the January 16, 2007 trial date is denied at this time. (Signed by Judge William H. Pauley III on 12/11/06)(jw.) (Entered: 12/13/2006) |
| 12/22/2006 | 30 | ORDER as to Ulysses Thomas Ware. The Defendant's application for an adjournment of the 1/16/2007 trial date is again denied. The parties are directed to appear for a pre-trial conference on 1/5/2007 at 12:30pm in courtroom 11D. SO ORDERED. (Signed by Judge William H. Pauley III on 12/22/2006)(jw.) (Entered: 12/26/2006) |

CLOSED, ECF, PRIOR

## U.S. District Court
### Southern District of New York (Foley Square)
### CRIMINAL DOCKET FOR CASE #: 1:05-cr-01115-WHP All Defendants
### Internal Use Only

Case title: USA v. Ware et al
Magistrate judge case number: 1:05-mj-01630-UA

Date Filed: 10/26/2005
Date Terminated: 09/15/2008

Assigned to: Judge William H. Pauley, III

Appeals court case number: '07-1520-cr'
'U.S.C.A. 2nd Circuit'

### Defendant (1)

**Ulysses Thomas Ware**
*TERMINATED: 10/30/2007*
*also known as*
*"Thomas Ware,"*
*TERMINATED: 10/30/2007*

represented by **Isabelle A. Kirshner**
Clayman & Rosenberg
305 Madison Avenue, Suite 1301
New York, NY 10165
(212) 922-1080
Fax: (212) 949-8255
Email: kirshner@clayro.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Fred Bachner**
Bachner & Associates, P.C.
26 Broadway
Suite 2310
New York, NY 10004
(212) 344-7778
Fax: (212) 344-7774
Email: mb@bhlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Ware**
6050 Peachtree Parkway
Suite 240-234
Norcross, GA 30092
678-362-0226
*LEAD ATTORNEY*

Assigned to: Judge William H. Pauley, III

### Defendant (2)

---

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1s)

15:78J.F MANIPULATIVE AND
DECEPTIVE DEVICES
(2s)

#### Highest Offense Level (Opening)

Felony

#### Terminated Counts

CONSPIRACY TO DEFRAUD THE
UNITED STATES (CONSPIRACY TO
COMMIT SECURITIES AND WIRE
FRAUD)
(1)

MANIPULATIVE AND DECEPTIVE
DEVICES(15USC78(b) AND 78f:
SECURITIES FRAUD)
(2)

#### Highest Offense Level (Terminated)

Felony

#### Complaints

18:371-CONSPIRACY TO COMMIT
SECURITIES AND WIRE FRAUD;,
15:77q(a) & 77x: SECURITIES
FRAUD.

### Disposition

Imprisonment for a total term of 60
Months on Count 1 and 97 months on
count 2 to run concurrently. Supervised
release for a term of 3 Years on both
counts

### Disposition

Imprisonment for a total term of 60
Months on Count 1 and 97 months on
count 2 to run concurrently. Supervised
release for a term of 3 Years on both
counts

### Disposition

Underlying indictments and counts are
dismissed on the motion of the US

### Disposition

Underlying indictments and counts are
dismissed on the motion of the US

| Date | # | Description |
|---|---|---|
| 09/22/2006 | 20 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE ON A FELONY PLEA ALLOCUTION by Jeremy Jones (pr, ) Additional attachment(s) added on 9/29/2006 (pr, ). (Entered: 09/29/2006) |
| 09/22/2006 | | Minute Entry for proceedings held before Judge Michael H. Dolinger :Arraignment as to Jeremy Jones (2) Count 1,2s held on 9/22/2006, Deft. pres. w/atty Marion Kirton, AUSA Alex Southwell Deft pleads GUILTY to counts 1 & 2, of superceding indictment. Bail cont'd. (Court Reporter Joanne) (pr, ) (Entered: 09/29/2006) |
| 09/22/2006 | | Minute Entry for proceedings held before Judge Michael H. Dolinger : Plea entered by Jeremy Jones (2) Guilty as to Count 14,2s. (pr, ) (Entered: 09/29/2006) |
| 10/04/2006 | 21 | NOTICE OF ATTORNEY APPEARANCE: Defendant Ulysses Thomas Ware appearing Pro. Se.. The deft is an attorney in good standing in the state of Georgia bar #737758. (bw, ) (Entered: 10/06/2006) |
| 10/04/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Arraignment as to Ulysses Thomas Ware (1) Count 1s,2s held on 10/4/2006. Deft present with atty Michael Bachner, Esq; AUSA present Alexander Southwell and Nicholas Goldin, Court Reporter present Denise Richards. Deft Ware arraigned on Superseding indictment and pleads not guilty. FPTC 11/3/2006 at 2:00pm. Jury Selection for 11/6/2006 at 9:45am. Bail continued. (jw, ) (Entered: 10/16/2006) |
| 10/04/2006 | | ORAL ORDER as to Ulysses Thomas Ware. Jury Selection set for 11/6/2006 09:45AM before Judge William H. Pauley III. Final Pretrial Conference set for 11/3/2006 02:00 PM before Judge William H. Pauley III. (Signed by Judge William H. Pauley III on 10/4/2006)(jar, ) Modified on 10/16/2006 (jar, ). (Entered: 10/16/2006) |
| 10/10/2006 | 22 | ORDER as to Ulysses Thomas Ware. The parties are directed to appear for a status conference on 10/16/06 @ 3:00 PM. So Ordered. (Signed by Judge William H. Pauley III on 10/10/06)(jar, ). (Entered: 10/11/2006) |
| 10/11/2006 | | Set/Reset Hearings as to Ulysses Thomas Ware; Status Conference set for 10/16/2006 03:00 PM before Judge William H. Pauley III. (pr, ) (Entered: 10/11/2006) |
| 10/11/2006 | 23 | ORDER as to Jeremy Jones. With the dft's consent, his guilty plea allocution was taken before a US Magistrate Judge on 9/22/06, a transcript of the allocution was made.... this Court has determined that the dft entered the guilty plea knowingly and voluntarily.... IT IS HEREBY ORDERED that the dft's guilty plea is accepted. SO ORDERED. (Signed by Judge William H. Pauley III on 10/11/06)(jia, ) (Entered: 10/12/2006) |
| 10/16/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 10/16/2006. Dft Ulysses Thomas Ware pres w/atty Danielle Attias on behalf of Michael Bachner, Esq., AUSA Nicholas Goldin pres, CJA on Jury Becker pres, and Crt rptr pres. Jury Selection set for 1/16/2007 09:45AM before Judge William H. Pauley III. Next Pretrial Conference set for 11/17/2006 02:00 PM before Judge William H. Pauley III. T/f from 10/16/06 to 11/16/07 in the IOJ. Bail cont'd.(Court Reporter Steven Greenblum)(jw, ). (Entered: 10/26/2006) |
| 10/16/2006 | | (Court only) ***Excludable XT started on 10/16/06, Excludable started on 10/16/06. Excludable stopped on 11/16/07.(jw, ) (Entered: 10/26/2006) |
| 10/17/2006 | 24 | TRANSCRIPT of Proceedings as to Jeremy Jones held on 9/22/2006 before Judge Michael H. Dolinger. (sha, ) (Entered: 10/17/2006) |
| 11/06/2006 | 25 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/2006 before Judge William H. Pauley III. (jar, ) (Entered: 11/06/2006) |
| 11/07/2006 | 26 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/4/06 before Judge William H. Pauley III. (tro, ) (Entered: 11/07/2006) |
| 11/17/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Pretrial Conference as to Ulysses Thomas Ware held on 11/17/2006. Deft present w/atty Danielle Attias on behalf of Michael Bachner, Esq, AUSA present Alexander Southwell and Nicholas Goldin. CJA Gary Becker present, Court Reporter present Steven Greenblum. Motions to dismiss due by 12/1/06, Govt response due 12/15/06, any reply due 12/27/06. FPTC conference 1/12/07 at 2:00 p.m. Jury selection now set for 1/16/07 at 9:45 a.m. SPT excluded from 11/17/06 to 1/16/07 under 18 U.S.C. 3161(h)(8)(A). Bail continued. (bw, ) (Entered: 12/27/2006) |
| 11/17/2006 | 27 | TRANSCRIPT of Proceedings as to Ulysses Thomas Ware held on 10/16/06 before Judge William H. Pauley III. (jw, ) (Entered: 12/27/2006) |
| 11/28/2006 | 28 | MOTION in Limine. Document filed by USA as to Ulysses Thomas Ware. (Attachments: # 1 # 2 Exhibit to memorandum of law)(Southwell, Alexander) (Entered: 11/28/2006) |
| 11/17/2006 | | ORAL ORDER as to Ulysses Thomas Ware. Time excluded from 11/17/06 until 1/16/07. Jury Trial set for 1/16/2007 09:45 AM before Judge William H. Pauley III. Pretrial Conference set for 1/12/2007 02:00 PM before Judge William H. Pauley III.(jw, ) (Entered: 12/27/2006) |
| 12/12/2006 | 29 | ORDER as to Ulysses Thomas Ware,(Government Responses due by 12/24/2006. On December 1, 2006 this Court received a letter application from the Deft requesting an adjournment of the January 16, 2007 trial date. Deft alleges the Government failed to produce requested discovery. The Government responded on December 4, 2006 submitting that such requests were answered in a timely manner and objecting to any adjournment of the trial date. This Court has reviewed the submission by the parties and the Deft's application for an adjournment of the January 16, 2007 trial date is denied at this time. (Signed by Judge William H. Pauley III on 12/11/06)(jw, ) (Entered: 12/12/2006) |
| 12/22/2006 | 30 | ORDER as to Ulysses Thomas Ware. The Defendant's application for an adjournment of the 1/16/07 trial date is again denied. The parties are |

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315



**4TH REQUEST**

October 18, 2012

The Honorable Andrew J. Peck
U.S. Magistrate Judge (SDNY)
500 Pearl St.
New York, NY 10007

via certified mail#: 7001 2510 0003 7682 2552

RE: <u>U.S. v. Ware, et al.</u>, 05-Cr-1115 (WHP)(SDNY), ("1115"): Rule 11 guilty of Jeremy
Jones.

Dear Judge Peck:

This letter of inquiry is in regard to obtaining access to judicial public records
regarding the purported Rule 11 guilty plea of Jeremy Jones, allegedly entered before
yourself in 2006.

According to statements of former AUSA Alexander H. Southwell, Jones allegedly pled
guilty to the charges in the bogus and fraudulent 1115 indictment concocted by yourself,
FBI S.A. David Makol, Southwell, David Kelly, Michael J. Garcia, and Jones' lawyer to
deceive the public and the jury in 1115, clearly criminal fraud on the court, and a
Hobbs Act (18 USC §1951), and Omnibus Clause (18 USC §1503) violation.

Judge Peck, given that Jones allegedly pled guilty before yourself, then you are
required to have records of the plea, which are public records which I have the First
and Sixth Amendment rights to assess.

Therefore accordingly, I am demanding that any and all records related to and part
of the Jones' fabricated Rule 11 guilty plea be provided for access to copying, and
certification by your office; else I will seek a writ of mandamus in the U.S. Supreme
Court naming you as a respondent to produce and certify the records which according to
Jones do not exist. Cf. <u>United States v. Aguilar</u>, 515 U.S. 593 (1995) (District Judge
prosecuted and convicted for violation of 18 USC §1503 Omnibus Clause for obstruction of
justice).

For your information, Jones <u>has since made sworn statements</u> implicating yourself,
Southwell, Pauley, and Kirton, in the plan and scheme <u>to fabricate the Rule 11 plea.</u>

According to Jones, he was told that you would enter a fabricated Rule 11 plea
knowing that the indictment against Jones would be dismissed as soon as Mr. Ware was
found guilty and sentenced -- which is exactly what occurred on 10/26/2007, cf. Dkt.
#99: S. Tr. at 77, 79: Gov't Rule 48(a) motion to dismiss the indictment, <u>after</u> jeopardy
had attached to both Jones and Mr. Ware; clearly a Hobbs Act violation, and a "corrupt
endeavor" to impede a pending judicial proceedings. <u>Augilar</u>, supra.

Judge Peck, furthermore, you are clearly implicated in the 09/20/2005 fraudulent
affidavit of FBI S.A. David Makol's false and fraudulently submitted in <u>U.S. v. Ware</u>,
05-MAG-1630 (SDNY), where <u>you</u> issued false and fraudulent arrest warrants in violation
of the Hobbs Act, and 18 USC §§241, 242, 371, 1201-02, 1341, 1343, 1503, 1621-23, 1956-



57, and 1961-64, (the "RICO Predicate Acts").

Judge Peck, your criminal culpability and liability in regard to your conduct and actions in obstructing justice and violations of federal criminal statutes, has placed you in an untenable position: You will certainly be indicted, prosecuted, and convicted -- regardless of what Judges Jacobs, Kearse, Sack, Hall and Pauley tell you, whom all will also be indicted, convicted, and receive a life sentence for racketeering to obstruct justice.

Thus, you have a Hobson choice to make: On the one hand, you might think I can ride this out, because we have a strong infrastructure able to obstruct any charges which might be brought; but on the other hand, you do not know who is currently cooperating with the Government in negotiations to cut a deal and implicate you.

Thus, if you apply Nash game theory equilibrium point strategy, your best choice is the choice which minimizes your personal liability given that the other members of the CCE will seek to do the same.

A copy of this letter has been made available to the House of Representatives Judiciary Committee, and the DOJ's Division of Public Integrity, and the New York Times, Wall St. Journal, and USA Today.

Please provide the requested access to the judicial public records on or before close of business on 10/25/2012, else I will seek relief in the appropriate court.

Judge Peck, additionally, please provide the reference on the 1115 docket showing where Jones pled guilty, because a recent docket sheet has no record of any Rule 11 guilty plea entered in 1115 by any person.
Sincerely,

Ulysses Thomas Ware

P.S. Judge Peck notice is being made to appropriate criminal authorities to open a criminal investigation of your and FBI S.A. David Makol's conduct with respect to the 09/20/2005 affidavit filed in 05-MAG-1630 (SDNY), which I am requesting that you immediately provide me with a certified copy at the above address; and also forward a certified copy to Chairman of the House Judiciary Committee, 2347 Rayburn House Office Bldg., Washington, D.C. 20510.

Judge Peck compare Makol's 09/20/2005 affidavit with with the SEC's 07/14/2003 complaint filed in 03-0831 (D. NV) at ¶¶30, 31, and 33 (the SEC pled that the alleged press release had no "effect" on "the stock's price" of INZS, thus how did Makol conclude the stock price of INZS was "artificially inflated?"

Clearly the SEC's judicial admission at ¶33 of the 0831 complaint, pled on behalf of the real party in interest on 07/14/2003 (the United States, and its privies, i.e., FBI S.A. David Makol, was binding on Makol), "no effect" prohibited any assertions by Makol of "artificial inflation" of INZS' "stock's price." (emphasis added).

cc: U.S. Dept. of Justice Criminal Division, Chairman House Judiciary Committee, Chairman Senate Judiciary Committee, Chief Judge Loretta A. Preska (SDNY). Chief Judge Dennis G. Jacobs (2d Cir. Court of Appeals).

10/18/2012 12:00:22 P.M. printed
12/08/2012                    (2)                              P. 8

  p. 35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

RUBY J. KRAJICK
CLERK

November 7, 2012

Ulysses Thomas Ware # 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

Dear Sir/Madam:

With reference to your letter of   October 18, 2012    please be advised that copy/copies of the
document(s) requested will be furnished to you upon receipt of the statutory fee of    $20.50
   CERTIFIED CHECK or MONEY ORDER payable to the Clerk of the Court.

Sincerely,
Records Management

RE: CASE NAME: U.S.A. vs. Ulysses Thomas Ware and Jeremy Jones

CASE NUMBER,           OPEN or CLOSED,           JUDGES NAME
   05 cr 1115                    Closed                  William H. Pauley

XEROX COPIES OF:


Superseding Indictment           24 pages at .50 per page = $12.00
Guilty Plea Transcript (Jones)   17 pages at .50 per pages = $8.50

**Enclosed is a copy of the docket sheet for your reference.

**PLEASE RETURN A COPY OF THIS LETTER WITH YOUR REMITTANCE.**
**Thank You.**

Exhibit 36 #3

Dkt. #122:1115 Discovery Motion filed on 11/16/2009

In 05-Cr-1115 (SDNY).

inspection before Judge Pauley or any other judicial officer or appointed person to inspect any Kordel evidence submitted for ex parte inspection to be used before, during and after trial in 1115(WHP); the identity of any person who inspected any evidence submitted for in camera inspection and any transcript or text of any ruling made on the admissibility of any evidence submitted for ex parte in camera inspection in 1115(WHP); and the same to be immediately filed as exhibits in 1115(WHP).

¶7

The complete details, i.e., all memorandums, emails, faxes, briefs, letters, pleadings, internal or external communications of any and all former or current DOJ personnel regarding or relating to the Jeremy Jones plea agreement, including but not limited to all conferences, transcripts, notes, telephone calls, court proceedings or any and all other proceedings judicial or nonjudicial where the decision was made for Jeremy Jones indictment to be dismissed after Ware was convicted and sentenced; any and all cummunications submitted to the Court ex parte, regarding Jones, Epps, Williams, and Sadler's plea deals.

¶8

A copy of the January 5, 2007 (#44) conference containing statements of AUSA Southwell lying to the court and to Ware regarding Kordel evidence obtained from the SEC directly relating to Ware's Kordel pleadings (##31, 32, 40).

¶9

A copy of the G6vernment's obstruction of justice November 28, 2006 and December 28, 2006 motions in limine 'suppressing' the material Brady and Giglio evidence contained in the Kordel evidence obtained from the SEC.

¶10

The name of the FBI personnel who contacted the SEC before S.A. Makol did as AUSA Southwell stated on January 5, 2007 regarding any issue or matter or person associated with 1115(WHP); any notes of memorandum, emails, briefs, or communications of any type generated from the contact with Norris or any other personnel of the SEC by any personnel of the DOJ concerning any issue or matter concerning, involving, relating to 1115(WHP).

The exact date of the contact with the SEC by any personnel of the DOJ
relating to or regarding any issues in 1115(WHP); the exact name and title of
the FBI personnel who contacted Norris or any other personnel of the SEC and a
log of any and all communications between the SEC and DOJ personnel, particularly
the emails of AUSAs Southwell and Goldin between Norris and Barasch; as well as
the communications of AUSA Southwell and District Jugde Sand relating to or
concerning Ware's arrest on September 1, 2004 in Atlanta, GA where Ware
refused to issue Rule 144(k) opinion letters to §2(11) statutory underwriters—
the four plaintiffs in 02-CV-2219(LBS) and AUSA Southwell and District Judge
Sand had Ware illegally arrested on September 1, 2004 as a direct result of
Ware seeking to take the deposition of Steven Webster, Esq. in August 2004
which would have exposed the illegal collusion between the DOJ and SEC.

¶12

Jones travel itinerary    during trial one to and from New York, NY to
and from Atlanta, GA.

¶13

Any and all communications with Jones, Epps, Williams, Norris, Barasch,
Webster by any personnel of the DOJ or SEC after April 30, 2002 containing any
reference to any Kordel, Brady, or Giglio evidence which is or implicitly
material to any potential defense Ware raised in his moving papers or to
any issue Ware raised at trial or was precluded from raising at trial due
to the order of Janaury 8, 2007, (#35).

¶14

Any and all communications with District Judge Kent J. Dawson by any
personnel of the DOJ relating to any issue Ware was precluding from raising
due to the erroneous Kordel ruling of January 5, 2007, (#35); or any
communications between the SEC and D. Judge Kent J. Dawson, ex parte, during
the SEC civil investigation of Ware; or the DOJ and District Judge Dawson
during the SEC's civil investigation of Ware.

¶15

A copy of the show cause contempt hearing held on or about April 2005
in the civil litigation arranged by the USAO-SDNY where Ware was in custody
and questioned in violation of his Fifth Amendment rights to remain silent

by agents of the USAO-SDNY: Jeffrey B. Norris, Esq., and District Judge Kent
J. Dawson, to gather evidence to be used against Ware in the imminent criminal
prosecutions in 05-CR-1115(WHP); all communiations Norris forwarded to DOJ
personnel regarding the contempt hearing; the transcript of the contempt
hearing; and any communications between personnel of the DOJ and SEC regarding
the contempt hearing arranged to violate Ware's Fifth Amendment rights to
remain silent.

## Memorandum of Law

Ware hereby incorporates by reference as if fully set forth herein
the text of his Memorandum of Law attached to his Petition for Rehearing
in U.S. v. Ware, 07-5222-CR, Second Circuit Court of Appeals.

## Affirmation of Service

I Ulysses Thomas Ware hereby under oath certify that I have this $\frac{19th}{}$ day of
October, 2009 served a copy of this Motion on the persons listed below by
depositing a copy of this Motion into the legal mailing system at the Atlanta
Prison Camp with correct first class postage affixed addressed as follows:

District Clerk's Office
U.S. District Court
For the Southern District of New York
500 Pearl St.
New York, NY 10007

The Honorable William H. Pauley, III
District Court Judge
For the Southern District of New York
500 Pearl St. .
New York, NY 10007

AUSA Nicholas S. Goldin
U.S. Attorney's Office
One St. Andrews Plaza
New York, NY 10007

The Honorable Eric H. Holder, Jr.
The attorney General of the United States of America
U.S. Department of Justice
10th Street and Constitution Ave.
Washington, DC 20530

/s/
Ulysses Thomas Ware